FILED
DEC 1 4 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC., ) | |
| ) | |
| Plaintiff, ) | A04-11 CV (JWS) |
| ) | |
| vs. ) | ORDER FROM CHAMBERS |
| ) | |
| A.B. DICK COMPANY and ) | [Re:   Motion at Docket 62] |
| OFC CAPITAL, a division of ) | |
| ALFA FINANCIAL CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## I. MOTION PRESENTED

At docket 62 plaintiff AT Publishing, Inc. ("ATP") moves pursuant to Rule 37 for an order compelling defendant OFC Capital, a division of Alfa Financial Corporation, ("OFC") to respond to certain discovery requests propounded by ATP and for an award of reasonable expenses and attorney's fees. The motion is opposed. Oral argument has not been requested, and it would not assist the court.

## II. STANDARD OF REVIEW

The scope of discovery permitted by the Federal Rules of Civil Procedure is quite broad. Discovery of any non-privileged matter relevant to any claim or defense asserted by any party may be obtained.[1] Relevance is also broadly defined: "'Relevant

---

[1] FED. R. CIV. P. 26(b)(1).

68

evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable . . . ."[2] Moreover, the information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[3]

A party believing that an interrogatory response or response to a request for production of documents has been improperly withheld or provided in a manner which is evasive or incomplete may, after first attempting to resolve the matter by conferring in good faith with the non-responsive party, move for an order compelling an adequate response.[4] If successful, the party seeking the order is entitled to recover "the reasonable expenses incurred in making the motion, including attorney's fees . . . ."[5]

### III. DISCUSSION

The discovery responses which are at issue are OFC's answers to interrogatory numbers 1 thru 7 and 11, and associated requests for production.[6] The court will evaluate the disputed discovery requests and responses in turn.

Interrogatory No. 1 asked for a detailed description of financial arrangements between OFC and A.B. Dick Company ("ABD"). After a lengthy boilerplate objection, OFC responded that prior to ABD's filing for bankruptcy, OFC "frequently acted as a finance lessor option for customers of [ABD]. The answer is adequate. ATP is entitled to no relief.

With respect to Request for Production No. 1, the court agrees with OFC that the request is overly broad. It contains no durational limit, and seeks information related to documents to which OFC itself is not a party. The court notes that OFC did supply all

---

[2] FED. R. EVID. 401.

[3] FED. R. CIV. P. 26(b)(1).

[4] FED. R. CIV. P. 37(a).

[5] FED. R. CIV. P. 37(a)(4)(A).

[6] Doc. 62 at p. 3.

documents relating to the transaction which is involved in the lawsuit. ATP is not entitled to relief.

Interrogatory No. 2 asked for a description of the arrangements between OFC and ABD for the repurchase of equipment financed by OFC. Given the broad scope of discovery, the information ATP seeks is discoverable. OFC's objections lack merit. OFC shall respond to Interrogatory No. 2 within 30 days from the date of this order.

Request for Production No. 2 seeks all documents that relate to any financial transactions between OFC and ABD. The request is not limited in time, nor by type of transaction. The court agrees with OFC that the request is overly broad, so no relief will be awarded.

For the same reason that the response to Interrogatory No. 1 is considered adequate, the court finds that the response to Interrogatory No. 3 is adequate. The only relationship is that of finance lessor. No relief is appropriate.

The court agrees with OFC that Interrogatory No. 4 seeks information which is outside the scope of discovery. No relief will be awarded.

Although a close question, the court agrees with ATP that a response to Interrogatory No. 5 is within the broad scope of discovery. OFC shall answer Interrogatory No. 5 within 30 days from the date of this order.

Interrogatory No. 6 and the associated Request for Production No. 3 are within the scope of discovery, and the other objections are without merit. OFC shall respond to these requests within 30 days from the date of this order.

Interrogatory No. 7 is overly broad by virtue of the failure to set forth a time period. This renders the associated Request for Production No. 4 inappropriate. No relief will be afforded.

The court considers the response to Interrogatory No. 11 inadequate. The response should have named the individuals on the OFC Senior Credit Committee. OFC shall further respond to Interrogatory No. 11 within 30 days from the date of this order.

The final issue for consideration is the request for an award of reasonable expenses including attorney's fees. The court has granted ATP's motion in part, but

denied it in part. After considering the relief afforded, and the relief denied, the court concludes that an award to ATP under Rule 37(a)(4)(A) would be offset by an award to OFC under Rule 37(a)(4)(B). The court will make no award to either party.

### IV. CONCLUSION

For the reasons set out above, the motion at docket 62 is **GRANTED in part and DENIED in part** as follows: Within 30 days from the date of this order, defendant OFC shall provide responses to plaintiff ATP's Interrogatory Nos. 2, 5, 6, and 11, and Request for Production No. 3.

DATED at Anchorage, Alaska this 14th day of December 2005.

/JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

A04-0011--CV (JWS)    12-14-05

R. WEDDLE (HOLMES)
P. GILMORE (ATKINSON)
M. MILLS (DORSEY)

-4-