Marion F. Walker
FORD & HARRISON LLP
2100 Third Avenue North, Suite 400
Birmingham, Alabama 35203
Phone: (205) 244-5916
Fax: (205) 244-5901
Attorney for Defendant OFC Capital, a division of ALFA Financial
Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. A04-0011 CV (JWS) |
| | ) |
| A.B. DICK COMPANY and OFC | ) |
| CAPITAL, a division of ALFA | ) |
| FINANCIAL CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**CONSENT PROTECTIVE ORDER**

The parties have consented through their respective counsel for the entry of this Protective Order, pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, to protect the confidentiality of certain confidential third-party financial information that this Court has ordered produced for use only in this case. Accordingly,

IT IS HEREBY ORDERED THAT:

1. This Order shall govern all documents produced by the parties and in good faith marked "Confidential" in this action. Furthermore, this Order shall govern all information derived from such documents and all copies, excerpts, or summaries thereof.

2. With respect to any confidential documents covered by this Order, a party may at any time serve upon counsel for the producing party a written notice of objection to the designation of specific materials as "Confidential." If the parties are unable to resolve a disputed designation of materials as "Confidential" within seven (7) days, the producing party will file a motion with the Court to resolve the dispute. If such a motion is filed, the materials designated as "Confidential" will be treated as such until the Court rules on the motion. The producing party bears the burden of proof as to any designation of confidentiality.

3. Such confidential documents shall be used solely for the purpose of this action, shall not be used for any other business, competitive, or other purpose, and shall not be disclosed to any other person or third party other than:

    a. Counsel for the parties in the above-styled action, including employees of such counsel, to the extent necessary to render professional services in the above entitled action;

    b. The parties in the above-styled action;

    c. The Court and persons employed by the Court working on this litigation;

    d. Court reporters at the proceedings in this action;

    e. Experts or consultants retained or consulted by the parties, but only as set out in the fourth paragraph hereinbelow; and

    f. Deponents, trial witnesses, and potential deposition witnesses, but only as set out in the fourth paragraph hereinbelow.

4. Prior to making such disclosure of any confidential documents or information pursuant to the third paragraph hereinabove, counsel making such disclosure

shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, may be used only for the purposes contemplated by this Protective Order. Additionally, a copy of this Order shall be shown to each person to whom disclosure of confidential documents and information is permitted, and shall be specifically advised by counsel that this Order applies to and is binding upon such individual.

5. Upon request by the producing party, within (ninety) 90 days of the conclusion of this matter as to all parties, each confidential document, and all excerpts or summaries thereof produced by that party, shall be returned to the producing party except that no attorney is required to give the opposing party any work product derived from any confidential document. Such work product shall be retained by the attorney creating it and maintained in a confidential manner until appropriately destroyed.

6. Nothing in this Order shall prevent a party from any use of its own confidential documents.

7. This Order may apply to documents regarding Plaintiff that are produced by third parties if marked "Confidential" in good faith hereunder.

8. The inadvertent or unintentional disclosure of any confidential information shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific confidential information disclosed or as to other related information.

9. Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

10. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to in writing by either party, or by order of the Court.

SO ORDERED, this 25th day of January 2006.

/s/
John W. Sedwick
U.S. District Court Judge