Michael R. Mills, Esq.
Brian J. Stibitz, Esq.
Bankston, Gronning, O'Hara,
Sedor, Mills, Givens & Heaphey, P.C.
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Phone (907) 276-1711
Fax  (907) 279-5358

Attorneys for Plaintiff,
AT Publishing, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. A04-0011 CV [JWS] |
| ) | |
| A.B. DICK COMPANY and ) | |
| OFC CAPITAL, a division of ) | |
| ALFA FINANCIAL CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## AT PUBLISHING'S FIRST AMENDED COMPLAINT

Plaintiff AT Publishing, in support of its First Amended Complaint, hereby alleges

as follows:

AT PUBLISHING'S FIRST AMENDED COMPLAINT
*AT Publishing, Inc. v. A.B. Dick Company, Case No. 3AN-03-08291 CI*
A3889\01\1STamendedCOMPLAINTred

Page 1 of 15

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

1.      Plaintiff, AT Publishing, Inc. ("AT Publishing" or "plaintiff"), is an Alaska corporation with its principal place of business in Alaska. AT Publishing is in the printing business in Alaska and has been so for over 43 years.

2.      Defendant A.B. Dick Company ("A.B. Dick") is a Delaware corporation doing business in Alaska. A.B. Dick is a supplier of printing presses, machines and copiers.

3.      Defendant OFC Capital, is a division of ALFA Financial Corporation ("OFC Capital"), which is an Alabama corporation doing business in Alaska.

4.      In December, 2001, A.B. Dick issued a sales order to AT Publishing for an A.B. Dick color press for $169,500. A.B. Dick's marketing brochure represented that the "total cost per impression" was $.099. It was not revealed to AT Publishing that this "total cost per impression" was for each color rather than for a complete four color impression, which is the standard way of determining the cost per impression in the printing industry. Further, the supply costs as represented in the marketing brochure were grossly understated compared to actual cost.

5.      On or about December 27, 2001 A.B. Dick entered into a lease arrangement with City Capital to finance the color digital press at no interest over a 60 month period with monthly rental payments of $2,825.

6.      The digital color press never properly worked and was dramatically more costly to operate than had been represented by A.B. Dick. After working with the machine

AT PUBLISHING'S FIRST AMENDED COMPLAINT
*AT Publishing, Inc. v. A.B. Dick Company, Case No. 3AN-03-08291 CI*
A3889\01\1STamendedCOMPLAINTred

Page 2 of 15

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

for approximately 11 months, and after confronting A.B. Dick with the operational and costing problems, A.B. Dick and AT Publishing agreed to replace the color digital press with a different machine.

7.    A.B. Dick's representatives visited AT Publishing's printing shop in Anchorage to assess the capabilities of the machines possessed by AT Publishing in order to determine the proper replacement machine for the color digital press. AT Publishing specifically told A.B. Dick representatives that it needed a machine that could perform "short-run" jobs in a cost-effective manner. Fully aware of AT Publishing's needs, and also aware of the presses possessed by AT Publishing, A.B. Dick representatives recommended that AT Publishing purchase a much more expensive four color press (Model 4995) with a ScanMaster system. The four color press cost $255,846 and the ScanMaster system cost $56,100. AT Publishing was not familiar with this type of press and ScanMaster system, and had no reason to believe that the machines would not meet the express needs for short-run copy projects at a cost-effective rate.

8.    On November 7, 2002 A.B. Dick issued a sales order (attached as **Exhibit A**) that indicates that the ScanMaster system and four color press is to be shipped to AT Publishing and also references OFC Capital/ALFA Financial as the party to which the sales order should be billed. The sales order not only included the $56,100 for the ScanMaster system and the $255,846 for the four color press but also included a charge of $63,054 for "additional buyout for color unit." This final amount constituted a buyout

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

charge to AT Publishing to fully satisfy its obligation to City Capital related to the color digital press that had first been purchased from A.B. Dick.[1] The sales order indicated that the order included attachments, freight, and training.

9.     In order to finance the $375,000 charge included in the sales order for the ScanMaster system and press, A.B. Dick directed AT Publishing to use OFC Capital to finance the purchase price and a rollover of a portion of the price of the Indigo press through a lease arrangement. A.B. Dick's prior financing branch, A..B..Dick Capital, having closed, A.B. Dick routinely recommends OFC Capital as a financing source for companies interested in A.B. Dick products, provides OFC Capital financing forms to its customers, and represents on its website that a dedicated team of OFC Capital employees with knowledge of A.B. Dick's products provide a variety of financing arrangements for A.B. Dick customers. A.B. Dick acted as an agent for OFC Capital. By financing the equipment, OFC Capital acted in a way that showed it intended to assume responsibility for what A.B. Dick did once OFC Capital learned of all A.B. Dick's acts on its behalf.

10.     On November 18, 2002 AT Publishing entered into a "master lease agreement" with OFC Capital which included two lease schedules, the first covering the

---

[1] It is important to note that the color digital press costs $169,500 with no interest charges. AT Publishing paid $28,250 to City Capital (ten monthly payments), and A.B. Dick took back the color digital press and resold it thereby recouping additional monies to repay City Capital. It is unknown to AT Publishing whether A.B. Dick came out ahead or behind related to the color digital press given that it was required to pay off City Capital which would have been owed $78,196 after application of the $28,250 in monthly payments paid by AT Publishing and the $63,054 paid by AT Publishing pursuant to the sales order for the second machines.

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

press required 84 monthly payments of $4,687.83; the second lease schedule covered the ScanMaster system and required 36 monthly payments at $1,757.69 per month.

11.    It is presumed that OFC Capital paid the $375,000 related to the sales order directly to A.B. Dick. The master lease references that each lease schedule "shall constitute a 'Finance Lease' as defined by Section 2A-103(g) of the Uniform Commercial Code (the "UCC").

12.    The ScanMaster system and press was delivered to AT Publishing in March 2003 and remained "unopened" and inoperative pending a team of individuals from A.B. Dick traveling to Anchorage to oversee the installation of the machines.

13.    A.B. Dick representatives did not arrange to come to Anchorage to install the ScanMaster system and press until mid-March, 2003. During this first visit, A.B. Dick sent a group of technicians to oversee installation and training for the machines. However, in spite of spending several days in Anchorage with the machines, installation could not be completed due to problems with the machines.

14.    A.B. Dick sent another group of service technicians to attempt installation of the machine on at least two other occasions following the delivery of the equipment in March, but none of the attempts at installing the machines was successful and the machines continue to be inoperable. Problems with the machines that have been unsuccessfully addressed by A.B. Dick include scuming, registration, and tremendous amount of make-ready time. A print job, which should take one hour, ran into days to

accomplish. The poly plates did not register. The trainers sent by A.B. Dick all had the same problems in regards to the press' output. No one could ever make the equipment run as advertised by A.B. Dick.

15.    In the course of working with A.B. Dick representatives during the unsuccessful installation process, AT Publishing became aware that the ScanMaster system and color press were not capable of performing short-run jobs at a cost-effective price. A.B. Dick's technicians attempted print jobs during the installation, but could not use the press to produce a quality product. Likewise, AT Publishing attempted to print with the press. AT Publishing could not produce a quality print. It took several days to attempt to complete a small job that would not generate significant revenue. Obviously, this type of turnaround is not cost-effective and does not meet the specific needs described by AT Publishing to A.B. Dick during the sale of the machines. A.B. Dick's recommendation to utilize the ScanMaster system and four color press was made after AT Publishing explicitly told A.B. Dick of its needs and after A.B. Dick had toured the AT Publishing print shop.

16. During the installation process, A.B. Dick communicated with OFC Capital regarding the progress of installation (and problems encountered) and thereby assumed a duty to accurately state the status of the installation process. A.B. Dick failed to provide accurate information to OFC Capital regarding the status of installation of the press.

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

AT PUBLISHING'S FIRST AMENDED COMPLAINT
*AT Publishing, Inc. v. A.B. Dick Company, Case No. 3AN-03-08291 CI*
A3889\01\1STamendedCOMPLAINTred

Page 6 of 15

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

17.    On May 15, 2003, May 18, 2003, and again on May 21, 2003, AT Publishing informed A.B. Dick as well as OFC Capital that it had not accepted, did not accept, and rejected the ScanMaster system and four color press.

18.    AT Publishing has made no payments to OFC Capital.

19.    OFC Capital released funds to A.B. Dick before AT Publishing had a reasonable opportunity to inspect the four color press and ScanMaster System in a working condition, since the press could never be fully installed in a working condition by A.B. Dick.

## FIRST CAUSE OF ACTION
### (Declaratory Relief -- Rejection of Machines)

20.    AT Publishing hereby reincorporates paragraphs 1 through 19 as though fully set forth herein.

21.    AT Publishing has not "accepted" the ScanMaster system and four color press delivered by A.B. Dick as the term is used in Uniform Commercial Code Article 2A, Section 515 and applicable state statutes modeled thereon. The ScanMaster and four color press were never properly installed in an operable condition by A.B. Dick after several attempts. AT Publishing was not provided a reasonable opportunity to inspect the equipment in a fully installed condition.

22.    By its communications with A.B. Dick and OFC Capital, and its conduct, AT Publishing has explicitly rejected the Scan Master system and four color press. AT Publishing seasonably notified OFC Capital of this rejection.

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5ᵗʰ Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

23.    Based on AT Publishing's non-acceptance and rejection of the Scan Master system and four color press, it has the right to return the machines to A.B. Dick and cancel the obligations under the master lease agreement with OFC Capital pursuant to Uniform Commercial Code Article 2A, Section 508(a)(1) and applicable state statutes modeled thereon.

### SECOND CAUSE OF ACTION
(Misrepresentation -- ScanMaster system/four color press)

24.    AT Publishing hereby reincorporates paragraphs 1 through 23 as though fully set forth herein.

25.    AT Publishing specifically communicated to A.B. Dick its printing needs during the sale of the ScanMaster system and four color press. A.B. Dick misrepresented the capabilities of the ScanMaster system and four color press to AT Publishing. AT Publishing relied on A.B. Dick's representations in choosing the ScanMaster system and four color press.

26.    Even if the ScanMaster system and four color press could be made operational, which has not been the case, the machines would not function to perform short-run jobs on a cost-effective basis. The machines do not fit the needs of AT Publishing that A.B. Dick was specifically aware of when it recommended and sold the machines to AT Publishing.

27.    A.B. Dick failed to exercise reasonable care in representing the capabilities of the ScanMaster system and four color press.

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

28.    A.B. Dick communicated directly with OFC Capital regarding the status of the press during the time when installation was in progress but failed to accurately communicate to OFC that the press was never fully installed in a working condition.

29.    AT Publishing has been damaged the misrepresentations made by A.B. Dick in an amount to be proven at trial, but in excess of the jurisdictional limits of this court, specifically in excess of $50,000.

## THIRD CAUSE OF ACTION
### (Misrepresentation -- Color Digital Press)

30.    AT Publishing hereby reincorporates paragraphs 1 through 29 as though fully set forth herein.

31.    A.B. Dick misrepresented the cost factors related to the color digital press it sold to AT Publishing in December 2001 including the cost per impression and supply costs for operating the machine. The cost of operating the color digital press was dramatically higher by several factors than the cost represented in A.B. Dick marketing materials and orally represented by A.B. Dick to AT Publishing. Moreover, the color digital press never functioned properly for AT Publishing during the 11 months that it was at its printing shop.

32.    AT Publishing relied on A.B. Dick's representations in purchasing the color digital press.

33.    A.B. Dick failed to exercise reasonable care in representing the capabilities of the color press.

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

34.     AT Publishing has been damaged the misrepresentations made by A.B. Dick in an amount to be proven at trial, but in excess of the jurisdictional limits of this court, specifically in excess of $50,000.

### FOURTH CAUSE OF ACTION
(Breach of Warranty - ScanMaster system/four color press)

35.     AT Publishing hereby reincorporates paragraphs 1 through 34 as though fully set forth herein.

36.     In selling the ScanMaster and four color press, A.B. Dick made several express and implied warranties to AT Publishing, including but not limited to warranties as to the equipment's quality, fitness, condition, design, and fitness for a particular purpose.

37.     A.B. Dick breached its warranties because the ScanMaster system and four color press did not operate as warranted.

38.     AT Publishing has been damaged by A.B. Dick's breach of warranty in an amount to be proven at trial, but in excess of the jurisdictional limits of this court, specifically in excess of $50,000.

### FIFTH CAUSE OF ACTION
(Breach of Warranty - Color Digital Press)

39.     AT Publishing hereby reincorporates paragraphs 1 through 38 as though fully set forth herein.

AT PUBLISHING'S FIRST AMENDED COMPLAINT
*AT Publishing, Inc. v. A.B. Dick Company, Case No. 3AN-03-08291 CI*
A3889\01\1STamendedCOMPLAINTred

Page 10 of 15

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

40.    In selling the color digital press, A.B. Dick made several express and implied warranties to AT Publishing, including but not limited to warranties as to the equipment's quality, fitness, condition, design, and fitness for a particular purpose.

41.    A.B. Dick breached its warranties because the color digital press did not operate as warranted.

42.    AT Publishing has been damaged by A.B. Dick's breach of warranty in an amount to be proven at trial, but in excess of the jurisdictional limits of this court, specifically in excess of $50,000.

## SIXTH CAUSE OF ACTION
### (Rescission based on unconscionability, mistake, and misrepresentation)

43.    AT Publishing hereby reincorporates paragraphs 1 through 42 as though fully set forth herein.

44.    AT Publishing and A.B. Dick made a mutual mistake of fact in contracting for the ScanMaster system and four color press, which is not fit for the purposes needed by AT Publishing. The contract cannot be reformed to cure the mutual mistake.

45.    A.B. Dick misrepresented the capabilities of the ScanMaster system and four color press to AT Publishing.

46.    The contract between A.B. Dick and AT Publishing is unconscionable in that there is a gross disparity in the values exchanged. AT Publishing paid over $300,000 for machines that would not suit its needs and whose capabilities were misrepresented.

AT PUBLISHING'S FIRST AMENDED COMPLAINT                                        Page 11 of 15
*AT Publishing, Inc. v. A.B. Dick Company, Case No. 3AN-03-08291 CI*
A3889\01\1STamendedCOMPLAINTred

47.    AT Publishing is entitled to rescind its contract with A.B. Dick based on mutual mistake, misrepresentation, and/or unconscionability of the contract.

## SEVENTH CAUSE OF ACTION
### (Rescission of Financing Contract)

48.    AT Publishing hereby reincorporates paragraphs 1 through 47 as though fully set forth herein.

49.    In addition to being entitled to rescission of the contract because AT Publishing did not accept and seasonably rejected nonconforming equipment, AT Publishing is entitled to rescission of the financing agreement on grounds of fraud and misrepresentation by OFC Capital's agent, A.B. Dick. AT Publishing is entitled to rescission of the financing agreement under Uniform Commercial Code Article 2A, Section 108 and applicable state statutes modeled thereon, on grounds that the agreement is unconscionable. The unconscionable aspects of the agreement include, but are not necessarily limited to: (1) a one-sided attorney's fee provision; (2) a requirement that acceptance or rejection be made within 10 days of delivery of the equipment; regardless of whether the equipment had been appropriately installed or not, (3) an attempt to require waiver of the protections provided by Uniform Commercial Code Article 2A, Sections 508 through 522, and applicable state statutes modeled thereon; and (4) a liquidated damages provision providing for damages in an amount not reasonable in light of anticipated harm.

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

AT PUBLISHING'S FIRST AMENDED COMPLAINT
*AT Publishing, Inc. v. A.B. Dick Company, Case No. 3AN-03-08291 CI*
A3889\01\1STamendedCOMPLAINTred

Page 12 of 15

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5ᵗʰ Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

## EIGHTH CAUSE OF ACTION
### (Breach of Contract – OFC Capital)

50.    AT Publishing hereby reincorporates paragraphs 1 through 49 as though fully set forth herein.

51.    OFC Capital defaulted in its obligations under the financing agreement by failing to provide conforming equipment.

52.    OFC Capital breached the covenant of good faith and fair dealing by requiring execution of acceptance certificates before the equipment was delivered, by requiring verbal confirmation of "installation" of the equipment before the equipment was fully installed such that AT Publishing had a reasonable opportunity to inspect, and by requesting that AT Publishing exercise a purchase option early.

## NINTH CAUSE OF ACTION
### (Injunctive Relief)

53.    AT Publishing hereby reincorporates paragraphs 1 through 52 as though fully set forth herein.

54.    Given that AT Publishing has not accepted and has rejected the ScanMaster system and four color press, the master lease agreement between AT Publishing and OFC Capital is not enforceable pursuant to Uniform Commercial Code Article 2A Section 508 and applicable state statutes modeled thereon. On this basis, OFC Capital must be enjoined from pursuing any alleged rights under the master lease

AT PUBLISHING'S FIRST AMENDED COMPLAINT
*AT Publishing, Inc. v. A.B. Dick Company, Case No. 3AN-03-08291 CI*
A3889\01\1STamendedCOMPLAINTred

Page 13 of 15

agreement until this court renders its decision on the issue of whether or not AT Publishing has properly rejected and has not accepted the machines.

<div style="text-align:center">PRAYER FOR RELIEF</div>

WHEREFORE, AT Publishing prays as follows:

1.    A declaratory judgment that AT Publishing has not accepted and has rejected the ScanMaster system and four color press sold by A.B. Dick and financed by OFC Capital. A declaratory judgment that AT Publishing has seasonably notified OFC Capital of this rejection.

2.    A declaratory judgment that, based upon AT Publishing not accepting and rejecting the ScanMaster system and four color press, the OFC master lease agreement is cancelled and AT Publishing has no obligations to OFC Capital.

3.    A declaratory judgment that, based upon AT Publishing not accepting and rejecting the Scan Master system and four color press, A.B. Dick must accept return of the Scan Master system and four color press.

4.    For rescission of the transaction with A.B. Dick and the master lease agreement with OFC Capital related to the Scan Master system and four color press.

5.    For damages in an amount to be proven at trial.

6.    For an award of costs, attorney's fees and interest to the extent allowed by law.

<div style="transform: rotate(-90deg)">Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.<br/>Attorneys at Law<br/>601 W. 5th Avenue, Suite 900<br/>Anchorage, Alaska 99501<br/>Tel. (907) 276-1711 - Fax (907) 279-5358<br/>www.bankston.to</div>

7.     For other relief that is just and equitable under the circumstances.

DATED at Anchorage, Alaska, this 7ᵗʰ day of May, 2004.

BANKSTON, GRONNING, O'HARA,
SEDOR, MILLS, GIVENS & HEAPHEY, P.C.
Attorney for Plaintiff, AT Publishing, Inc.

By: _Lea E Filippi_ ABA # 0011074 for

Michael R. Mills
ABA # 8911074

I HEREBY CERTIFY that the foregoing document is
in typeface Times Roman 13 point font, and further
certify that a true and correct copy of the foregoing
was (X) mailed (__) hand delivered (__) faxed to the
following attorneys of record on the 7ᵗʰ day of
May, 2004.

Randall J. Weddle
Holmes Weddle & Barcott
701 W. 8ᵗʰ Avenue, Suite 700
Anchorage, Alaska 99501

Garry S. Marks
Marion Walker
Baker, Donelson, Bearman, Caldwell & Berkowitz
420 N. 20ᵗʰ Street, 1600 South Trust Tower
Birmingham, Alabama 34203-5202

<div style="transform: rotate(-90deg)">
Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5ᵗʰ Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to
</div>

AT PUBLISHING'S FIRST AMENDED COMPLAINT
*AT Publishing, Inc. v. A.B. Dick Company, Case No. 3AN-03-08291 CI*
A3889\01\1STamendedCOMPLAINTred

AT0134

# AB DICK.

7400 Caldwell Avenue
Niles, Illinois 60714
(00) 752-5139

## SALES ORDER

| | |
|---|---|
| X | New |
| | Used- "As Is" (serial #) _____ |
| | Demo (serial #) _____ |

Date: November 7, 2002

Order # _____
Purchase Order # _____

| Customer # | | Customer # | |
|---|---|---|---|
| Bill To: OFC CAPITOL/ALFA FINANCIAL | | Ship To: AT PUBLISHING & PRINTING INC. | |
| 576 Colonial Park Drive, Suite 200 | | 1720 Abbott Road | |
| City Roswell State GA Zip 30075 | | City Anchorage State AK Zip 99507 | |
| Phone (800)336-4949 Contact Al Mickley | | Phone (907) 349-7506 Attn: Frank Martone | |
| Drop Ship To Rigger | Yes | No | Rigger Name |

### Equipment Status

| | Purchase | | Lease | | Cost Per Copy | | Warranty Included (see attached) |
|---|---|---|---|---|---|---|---|

| Qty | Model | Description | Unit Price | Extended Price |
|---|---|---|---|---|
| ONE | 2340 PAC | DPM 2340 w/SCANMASTER SYSTEM | | $ 56,100.00 |
| | | & SECOND COMPUTER | | |
| | | + ATTACHMENTS, FREIGHT & TRAINING | | |
| | | | | |
| ONE | 4995 A-ICS | 4995 A-ICS  4 COLOR PRESS | | $255,846.00 |
| | | COMPLETE WITH FREIGHT, TRAINING | | |
| | | & ATTACHMENTS | | |
| | | | | |
| | | ADDITIONAL BUY-OUT FOR COLOUR UNIT | | $ 63,054.00 |

| 53806 | Benjamin F. Taylor | Tigard |
|---|---|---|
| Rep # | Sales Representative | Branch # |

| Net Total | $375,000.00 |
|---|---|
| Shipping | INCLUDED |

#### Installation Location

| | | |
|---|---|---|
| Rep # | Sales Representative | Branch # |

Sales Tax _____

| Trade-In Model | _____ | Trade-In Model | _____ | Less Trade | _____ |
|---|---|---|---|---|---|
| Serial # | _____ | Serial # | _____ | Balance | $375,000.00 |
| Special Instructions | TELEPHONE 24 HOURS IN ADVANCE OF DELIVERY | | | | |

### Order Acceptance

Customer's signature below indicates acceptance of the above Proposal and constitutes customer's order of the equipment specified above. Order subject to credit approval, acceptance by A.B. Dick Corporate Office, and attached terms and conditions.

**Approved By:**                                  **Approved By:**

A.B. Dick Company                               AT PUBLISHING & PRINTING, INC.
_____                         Company Name
                                                x _____ Maitin _____ x 11-8-02
Authorized Representative      Date             Customer Signature          Date
njamin F. Taylor              53806             x FRANK P. MARTONE  x CEO
ales Representative (Please Print)   Rep. #     Customer Name (Please Print)   Title

Original-Corporate   Yellow-Sales Representative   Pink-Customer Copy

AT 0134

Form 96-100
12/99

Exhibit _____ A
Page _____ 1 _____ of _____ 1

AT0134

# AB DICK.

7400 Caldwell Avenue
Niles, Illinois 60714
(00) 752-5139

## SALES ORDER

| | |
|---|---|
| X | New |
| | Used- "As Is" (serial #) _____ |
| | Demo (serial #) _____ |

Date: __November 7, 2002__

Order # _____
Purchase Order # _____

| Customer # | Customer # |
|---|---|
| Bill To: OFC CAPITOL/ALFA FINANCIAL | Ship To: AT PUBLISHING & PRINTING INC. |
| 576 Colonial Park Drive, Suite 200 | 1720 Abbott Road |
| City Roswell   State GA   Zip 30075 | City Anchorage   State AK   Zip 99507 |
| Phone (800) 336-4949   Contact Al Mickley | Phone (907) 349-7506   Attn: Frank Martone |
| Drop Ship To Rigger | Yes | No | Rigger Name |

### Equipment Status

| Purchase | Lease | Cost Per Copy | Warranty Included (see attached) |

| QTY | Item | Description | Unit Price | Extended |
|---|---|---|---|---|
| ONE | 2340 PAC | DPM 2340 w/SCANMASTER SYSTEM | | $ 56,100.00 |
| | | & SECOND COMPUTER | | |
| | | + ATTACHMENTS, FREIGHT & TRAINING | | |
| | | | | |
| ONE | 4995 A-ICS | 4995 A-ICS 4 COLOR PRESS | | $255,846.00 |
| | | COMPLETE WITH FREIGHT, TRAINING | | |
| | | & ATTACHMENTS | | |
| | | | | |
| | | ADDITIONAL BUY-OUT FOR COLOUR UNIT | | $ 63,054.00 |

| 53806 | Benjamin F. Taylor | Tigard | Net Total | $375,000.00 |
|---|---|---|---|---|
| Rep # | Sales Representative | Branch # | Shipping | INCLUDED |
| Installation Location | | | | |
| Rep # | Sales Representative | Branch # | Sales Tax | |

| Trade-In Model | _____ | Trade-In Model | _____ | Less Trade | |
| Serial # | _____ | Serial # | _____ | Balance | $375,000.00 |

Special Instructions __TELEPHONE 24 HOURS IN ADVANCE OF DELIVERY__

### Order Acceptance

Customer's signature below indicates acceptance of the above Proposal and constitutes customer's order of the equipment specified above. Order subject to credit approval, acceptance by A.B. Dick Corporate Office, and attached terms and conditions.

Approved By:

A.B. Dick Company

_____        _____
Authorized Representative              Date

njamin F. Taylor                      53806
.ales Representative (Please Print)    Rep. #

Approved By:

AT PUBLISHING & PRINTING, INC.
Company Name

X _Frank Martone_ X 11-8-02
Customer Signature              Date

X _FRANK P. MARTONE_ X _CEO_
Customer Name (Please Print)    Title

Original-Corporate   Yellow-Sales Representative   Pink-Customer Copy

AT 0134

Form 96-100
12/99

Exhibit ___2___
Page ___1___ of ___1___

**1-31-03**

## AB Dick 4995A-ICS 4-Color Offset Press and the 2340 PlateMaster

The press has shipped from Japan and should be in LA about now. Ben will have an actual ETA on Monday and will be calling me then with the install and training schedule.

I originally thought that the proofing printer was included with the package, it is not. The printer has a list price of 829.00 plus shipping.

**Decisions to make very soon.**

Decide when to order the proof printer and how it's going to be paid for.

Decide where the Digital PlateMaster is going to end up. I have attached the diagram of the space requirements and the electrical requirements. This does not need to be in a dark room but should be in a dust free area.

Decide where the Ripping station is going to go. The specs say that the rip should be placed within 5 feet of the lefthand side of the PlateMaster. We also need to realize that the proofer is a direct conect to the ripping station.

Then there is the location of the Scanmaster workstation. My understanding is that this could go any-where on the network but should probably be in the stripping area.

Power for the Press is single-phase, 208V, 50/60Hz, 30 amp

Power for the Platemaster is 180-250 volts AC 50/60Hz    20 Amps @ 60Hz  15 Amps @ 50Hz

AT 0268

Exhibit _____ 3 _____

Page _____ 1 _____ of _____ 1 _____

03/11/2003  14:39    1714      5        ABDICK MULTIGR                    PAGE  03
                                                                          P.01
Mar-10-03 03:52P                                                          P.2
Mar 10 03 01:08p      Lee Whitten         807-770-3161

## Installation Activation Certificate

Customer: HT PUBLISHING                    Account #: 91402

Address: 1720 ABBOTT RD
ANCHORAGE  AK

Installation Date: 3-6-03                  Meter Reading:

Transaction Type (check applicable box)  ☐ Cost Per Copy Rental  ☐ Lease  ☒ Purchase

For Cost Per Copy Rental, who will customer's contact person be for meter readings? _____

### Equipment & Accessories Installed

| (Quantity) | (Model) | (Serial Number) | (Description) |
|---|---|---|---|
| 1 | 4995A-1C5 | 1010 | 4 COLOR PRESS |
| 1 | ECC15RDFO2 | 1101-0671 | CHILLER |
| 1 | RY4CIR-2-24 | SG611 | IR DRYER |
| 1 | TY-100CV | | VIDEO PUNCH |
| 1 | SUPER PLKF | | |
| (Quantity) | (Model) | (Serial Number) | (Description) |

This will certify that the above-referenced equipment has been delivered to and installed at the above location, and is hereby accepted.

| A.B.Dick Company | Customer |
|---|---|
| | Name: MINT MATONE |
| | (Customer Name ( Please Print )) |
| By: _____ | By: _____ |
| A.B.Dick Representative | (Customer Signature) |
| Title: Tech Support | Title: PRESIDENT |
| Date: 3-6-03 | Date: 3-6-03 |

Form 36811
Rev 10/00

Exhibit C  Page 1 of 2

Exhibit 4
Page 1 of 2

 **ABDICK.**
MULTIGRAPHICS.

## Installation Activation Certificate

Customer: AT PUBLISHING   Account # EE 91402  000

Address: 1720 ABBOTT Rd.
ANCHORAGE, AK 99507

Installation Date: 03/07/03   Meter Reading: 15

Transaction Type (check applicable box) ☐ Cost Per Copy Rental  ☐ Lease  ☒ Purchase

For Cost Per Copy Rental, who will customer's contact person be for meter readings: _____

**Equipment & Accessories Installed**

| (Quantity) | (Model) | (Serial Number) | (Description) |
|---|---|---|---|
| 1 | DPM 2340 | 49-505 | DIGITAL PLATEMAKER |
| 1 | SCAN MASTER | 279205220 | SCAN MASTER |
| 1 | OPEN PROOF | NSN | PROOFING SOFTWARE |
| 1 | EZ TRAP | NSN | TRAPPING SOFTWARE |
|  |  | EZ TRAP | CODE # IS 3180535 |
|  |  |  |  |

This will certify that the above - referenced equipment has been delivered to and installed at the above location, and is hereby accepted.

| A.B.Dick Company | Customer |
|---|---|
| By: BURTON C. GREEN | Name: x FLAME MARTORE |
| A.B.Dick Representative | Customer Name ( Please Print ) |
|  | By: x _____ |
|  | Customer Signature |
| Title: REGIONAL SPECIALIST | Title: x CEO |
| Date: 03/07/03 | Date: x 3-8-03 |

Form 94-440
Rev. 10/00

Exhibit C Page 2 of 2
Exhibit _____ 4
Page 1 of 2

Michael R. Mills
Barbra Z. Nault
Bankston, Gronning, O'Hara,
Sedor, Mills, Givens & Heaphey, PC
601 W. 5th Ave., Suite 900
Anchorage, Alaska 99501
(907) 276-1711

Attorneys for Plaintiff

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| AT PUBLISHING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. A04-0011 CV [JWS] |
| | ) | |
| A.B. DICK COMPANY and | ) | **AFFIDAVIT OF** |
| OFC CAPITAL, a division of | ) | **ANDREW MARTONE** |
| ALFA FINANCIAL CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

STATE OF ALASKA     )
                  ) ss.
THIRD JUDICIAL DISTRICT  )

I, Andrew Martone, being first duly sworn, depose and state:

1.     I am the President of AT Publishing, Inc. ("AT Publishing") and am in all ways competent to testify to the facts set forth in this affidavit.

*Affidavit of Andrew Martone*
*AT Publishing, Inc. v. A.B. Dick Company, et al.,* Case No. A04-0011CV (JWS)
Q:\CLIENT\A3889\01\AFFandyMartone.doc

Page 1 of 3

Exhibit _____ 5
Page _____ 1 of 4

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

2.     In November 2002, AT Publishing, Inc. ("AT Publishing") agreed that A.B. Dick could replace an Indigo Press that AT Publishing had previously acquired from A.B. Dick with a different system consisting of two primary components: (1) a 4995 A-ICS 4 Color Press and (2) a Digital Plate Master 2340 with Scan Master system with a second computer.

3.     The new system ordered from A.B. Dick in November 2002 is a large and complex set of machinery, which was not delivered to AT Publishing in November 2002.

4.     Delivery and installation of the new system proceeded in phases. In early March 2003 components of the new system were delivered by representatives of A.B. Dick to AT Publishing's printing shop in Anchorage. The delivery personnel brought the equipment to AT Publishing's shop and I helped them to unload it. The delivery men hooked the equipment up, but did not bring the equipment to operating condition or provide training, which they said would be provided by other A.B. Dick representatives. At their request, I signed an "installation certificate" on March 6, 2003, a copy of which is attached as **Exhibit A**. Because I did not have the opportunity to inspect the equipment, I did not want to sign anything indicating that the equipment was complete or functional. I signed the certificate only after one of the AB Dick's representatives said that my signature meant only that the listed equipment had been delivered.

5.     Different representatives of A.B. Dick came to AT Publishing in mid-March 2003 to provide training. The trainers said that the delivery personnel should have, but did not finish setting up the machine to make it operational. The trainers tried to run a simple print job, but could not do so because the machine was not functioning properly. While the trainers there, we were in near daily contact with AB Dick regarding problems with the press. A local mechanic was repeatedly dispatched to our shop by A.B. Dick to make adjustments to try help the trainers make the equipment functional. The mechanic was at our shop almost daily that week. Despite spending several days at AT Publishing's shop in

*Affidavit of Andrew Martone*
*AT Publishing, Inc. v. A.B. Dick Company, et al.,* Case No. A04-0011CV (JWS)
Q:\CLIENT\A3889\01\AFFandyMartone.doc

Page 2 of 3



Exhibit_____5_____
Page_____2__of__4

Anchorage, A.B. Dick's representatives were unable to complete training due to problems with the press system and were unable to make the press functional.

6.    A.B. Dick trainer Ray Seward returned to AT Publishing in April 2003. AT Publishing employee Clint Seyer was assigned to receive training from Mr. Seaward. During the course of training, Mr. Seaward repeatedly made adjustments to the machine to attempt to make it function properly. Mr. Seaward and Mr. Seyer tried all week to produce a simple job, sometimes staying late. After spending a week at AT Publishing's printing shop trying to work with the 4995 Press, Mr. Seaward left without succeeding in making the press operate correctly.

Andrew Martone

SUBSCRIBED AND SWORN TO before me this ⎣4th⎦ day of May, 2004.

Lori M. Brownlee

Notary Public in and for Alaska
My commission expires: 11/30/2006

I HEREBY CERTIFY that the foregoing document is in typeface Times Roman 13 point font, and further certify that a true and correct copy of the foregoing was (_) mailed (_) hand delivered (_) faxed to the following attorneys of record on the _____ day of May, 2004.

Randall J. Weddle
Holmes Weddle & Barcott
701 W. 8th Avenue, Suite 700
Anchorage, Alaska 99501

Garry S. Marks
Marion Walker
Baker, Donelson, Bearman, Caldwell & Berkowitz
420 N. 20th Street, 1600 South Trust Tower
Birmingham, Alabama 34203-5202



Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

*Affidavit of Andrew Martone*
*AT Publishing, Inc. v. A.B. Dick Company, et al.,* Case No. A04-0011CV (JWS)          Page 3 of 3
Q:\CLIENT\A3889\01\AFFandyMartone.doc

Exhibit _____ 5
Page _____ 3 of 4

## Installation Activation Certificate

Customer: __UT PUBLISHING__    Account #: __91402__

Address: __1720 ABBOTT RO__
__ANCHORAGE AK__

Installation Date: __3-6-03__    Meter Reading: _____

Transaction Type (check applicable box):  ☐ Cost Per Copy Rental   ☐ Lease   ☒ Purchase

For Cost Per Copy Rental, who will customer's contact person be for meter readings: _____

**Equipment & Accessories Installed**

| (Quantity) | (Model) | (Serial Number) | (Description) |
|---|---|---|---|
| 1 | 4995A-1C9 | 1010 | 4 COLOR PRESS |
| 1 | ESC15RDF02 | 1101-V671 | CHILLER |
| 1 | RY4CIR-2-2G | 56611 | IR DRYER |
| 1 | TY-100CV | — | VIDEO PUNCH |
| 1 | SUPER BLKE | | |
| (Quantity) | (Model) | (Serial Number) | (Description) |

This will certify that the above - referenced equipment has been delivered to and installed at the above location, and is hereby accepted.

| A.B. Dick Company | Customer |
|---|---|
| | Name: __AMY MARTIN__ |
| | Customer Name ( Please Print ) |
| By: _____ | By: _____ |
| A.B Dick Representative | Customer Signature |
| Title: __Tech Support__ | Title: __PRESIDENT__ |
| Date: __3-6-03__ | Date: __3-6-03__ |

Form No. 640
Rev 10/01

Exhibit __5__
Page __4__ of __4__

Exhibit __C__ Page __1__ of __2__

Exhibit __A__
Page __1__ of __1__

Mar 21 03 12:37p    l    ayTor    541    j93    p.1



A.B.Dick Company

March 21, 2003

**AT PUBLISHING & PRINTING, INC.**
1720 Abbott Road
Anchorage, Alaska 99507

Attn:  Mr. Frank Martone

Dear Frank,

Thank you for our conversation early this morning working together to continue the installation progress for the Four Color Press Model 4995.

By now the benefits of the Digital Plate Making System and the ScanMaster System are becoming apparent to your company.

In accordance with our phone conversation the following agreements were resolved.

1.  The tape inserter system was shipped to you and should arrive next week.
2.  We are sending you a roll of film – no charge for your plate setter P/N 23813-RF.
3.  Additionally, Glen Ashcraft suggested you continue to use metal plates for your Diddie until we find a 20" x 25" plate setter option.
4.  Glen and I further suggest that we install the DPM 2000CPS with ScanMaster System and use the System and get familiar with the ScanMaster System at Service Printing.
5.  The ScanMaster System listed above can then be connected to the model 2508 at that time.

On Monday OFC Capital's Carolyn McLain will call you and request your sign-off on the Four Color System.

Additionally I will make arrangements to have the DPM2000CPS with ScanMaster System to be installed and training for Service Printing.

Both Glen and I look forward seeing you and having lunch together soon.

Sincerely,

Benjamin F. Taylor
*Senior Account Executive*

Cc: Glen Ashcraft

AT 0173

Exhibit _____ 6
Page _____ 1 of _____ 1