Michael R. Mills, ABA # 8911074
Michael A. Grisham, ABA # 9411104
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:    (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC.,<br><br>                              Plaintiff,<br>vs.<br><br>A.B. DICK COMPANY and OFC CAPITAL, a division of ALFA FINANCIAL CORPORATION,<br><br>                              Defendants. | Case No. A04-0011 CV (JWS)<br><br>**PLAINTIFF'S OPPOSITION TO OFC CAPITAL'S "MOTION TO CLARIFY NON-JURY STATUS" AND ALTERNATIVE RULE 39 MOTION FOR JURY TRIAL** |

Plaintiff AT Publishing, Inc., ("AT Publishing") hereby opposes the "Motion to Clarify Non-Jury Status" filed by Defendant OFC Capital ("OFC"), and alternatively requests this Court to order a jury trial in this matter pursuant to its discretionary authority under Civil Rule 39.

## INTRODUCTION

On February 24, 2004, counsel for OFC prepared and signed a pre-trial conference report indicating that this matter was to be tried to a jury.  (See Scheduling and Planning Conference Report, attached hereto as **Exhibit 1**)  On March 3, 2004, this Court incorporated the conference report prepared and signed by OFC into a pre-trial order indicating that the matter was to be tried to a jury.  (See Scheduling and Planning Order, attached hereto as **Exhibit** 2).  The "status" of this case is thus, as it has been since removal, as a matter to be tried to a jury.  OFC does not seek to "clarify" this status, but

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

to change it.  It seeks, in other words, to modify the pre-trial order so as to deny AT Publishing its constitutional right to a jury trial.

OFC's substantive basis for requesting such a momentous change at this late date, however, is clearly insufficient.  OFC makes no substantive showing that a jury trial would inure to its prejudice, or that its purported reliance on the supposed "non-jury status" of the case was at all reasonable – it falls far short of the applicable standard of "manifest injustice."  Indeed, beyond OFC's stipulation to a jury trial in the pre-trial conference report, OFC was actually aware of the jury demand timely filed by AT Publishing before it filed its Answer herein, and this matter was first docketed as a jury trial in this Court because, upon removal, counsel for OFC certified that a jury demand had been made.

AT Publishing's constitutional right to a jury trial cannot be set aside so lightly.  AT Publishing asserts several grounds for denying OFC's motion.  OFC can make no showing of any substantive prejudice and cannot show the "manifest injustice" necessary to modify that order.  Furthermore, by agreeing to a pre-trial order in which it asserted that the case was to be tried by jury, in addition to other affirmative acts, OFC bound itself to the terms of the pre-trial order under principles of estoppel and waiver.  Moreover, there has been substantial compliance with the provisions of Civil Rule 38 with respect to its jury demand, as the filing and notice requirements of the rule have been met.  Finally, in the alternative, AT Publishing submits that even if it deems the jury demand ineffective in this case, the Court should exercise its discretion under Civil Rule 39(b) or 6(b) to order the matter to be tried to a jury.  On any of these bases, OFC's Motion should be denied.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

OPPOSITION TO OFC'S MOTION TO CLARIFY
NON-JURY STATUS
Page 2 of 24

AT Publishing, Inc. v. A.B. Dick Company, et al

Case No. A04-0011 Civil

# **BACKGROUND**

AT Publishing filed its Complaint in this matter on June 6, 2003, and contemporaneously filed a jury demand.  (See OFC's Motion to Clarify Non-Jury Status "OFC's Motion"), Exh. B)  AT Publishing filed the Complaint to preserve its rights in this matter, but as it was engaged in settlement discussions with AB Dick and OFC it held off on serving the Complaint.  (See Affidavit of Michael R. Mills ("Mills Aff.") filed herewith).  The record indicates that service of the summons and complaint was effectuated on both AB Dick and OFC in December of 2004.  Counsel for AT Publishing also requested that the jury demand be served at the same time.  (Mills Aff.)  However, the jury demand, although prepared and filed contemporaneously with the summons and complaint, does not contain a certificate of service.  (See Exh. B to OFC's Motion.)  Interviews with the staff members involved determined only that they had no specific recollection of the service issue.  (See Affidavit of Michael A. Grisham ("Grisham Aff.") filed herewith.)

Upon service of AB Dick and OFC, attorney Randall J. Weddle timely filed a notice of removal to federal court on diversity grounds.  (See Notice of Filing, attached hereto as **Exhibit 4**).  Although the Notice was purportedly filed on behalf of AB Dick, Weddle signed the document as "Attorney for defendants."  (Exh. 4.)  Weddle has represented OFC since it appeared and answered in this action.  (Exh. 3).  As required by 28 U.S.C. §§1332 and 1441, and by this Court's standard order following removal, OFC forwarded a complete copy of the record in the state trial court to this Court, accompanied by a certification of counsel that the documents were the complete and accurate trial court record, on January 15, 2004 – less than a month after the Complaint was served, and prior to submission of an Answer.  (Exh. 4.)  Document #7 on the Notice

OPPOSITION TO OFC'S MOTION TO CLARIFY
NON-JURY STATUS
Page 3 of 24

AT Publishing, Inc. v. A.B. Dick Company, et al

Case No. A04-0011 Civil

signed by Mr. Weddle was the "Plaintiff's Demand for Jury Trial." (Exh. 4.)  Again, although purportedly filed on behalf of AB Dick, Weddle signed the document as "attorney for defendants," and represented both OFC and AB Dick. (Exh. 4.)

The case was then docketed by this Court as a jury trial.  (See Docket Sheet, attached hereto as **Exhibit 5**).  OFC raised no affirmative defense in its answer dealing with the jury trial demand that it had recently certified was part of the record. (Exh. 3.)

On February 24, 2004, Mr. Weddle, as attorney for OFC, signed a scheduling and planning conference report stipulating that a jury trial had been demanded. (Exh. 1). This report was prepared and submitted by Mr. Weddle. (Exh. 1.)  Subsequent to this Report, on March 3, 2004, this Court entered a Scheduling and Planning Order stating that the "case will require **eight** (8) days for trial by **jury**." (Exh. 2 (emphasis in original)) Again, OFC raised no objection.

In its later Order dealing with the parties' cross-motions for summary judgment, this Court explicitly treated this case as a jury trial by this Court, denying the cross-motions based on the existence of "quintessential jury questions." See Order from Chambers [Re: Motions at Docket Nos. 18 and 24], attached hereto as **Exhibit 6**.  Again, OFC raised no objections.

In April of 2006, during a discussion with counsel for AT Publishing regarding procedural matters, counsel for OFC raised for the first time a question as to whether a jury demand had been made. (Grisham Aff).  Counsel for AT Publishing, at OFC's request, forwarded a copy of the jury demand to counsel for OFC at that time. (Grisham Aff.).  AT Publishing heard nothing further regarding this matter until Ms. Walker, in a phone conversation with Mr. Mills, asserted that no jury demand had been made. (Mills Aff.).  In response, Mr. Mills informed OFC of both the jury demand and the certification

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO OFC'S MOTION TO CLARIFY
NON-JURY STATUS
Page 4 of 24

AT Publishing, Inc. v. A.B. Dick Company, et al

Case No. A04-0011 Civil

signed by Mr. Weddle. (Mills Aff. & letter). Ms. Walker nonetheless indicated that she

would seek relief on this issue, and this Motion followed. (Mills Aff & letter).

## **ARGUMENT**

I.     AT PUBLISHING'S CONSTITUTIONAL JURY TRIAL RIGHT IS A MATTER
       OF GREAT SIGNIFICANCE, AND SHOULD BE ACCORDED
       SUBSTANTIAL WEIGHT.

The backdrop of this motion is the fact that OFC is requesting this Court to deny

AT Publishing its constitutional right to a jury trial. The right to jury trial is a matter of

great significance, and must be accorded substantial weight. The Ninth Circuit and the

Supreme Court have:

> … emphasized, in no uncertain terms, the importance of the right to a civil
> jury trial and the need for the courts to be vigilant in guarding against the
> erosion of that right:
>
> > The right of jury trial in civil cases at common law is a basic
> > and fundamental feature of our system of federal
> > jurisprudence which is protected by the Seventh Amendment.
> > A right so fundamental and sacred to the citizen ... should be
> > jealously guarded by the courts.

Armster v. U.S. Dist. Ct. For Cent. Dist. California, 792 F. 2d 1423, 1428 (9th Cir. 1986),

quoting Jacob v. New York City, 315 U.S. 752, 752-53, 62 S.Ct. 854, 86 L.Ed.2d 1166

(1942). The Ninth Circuit has explicitly recognized a "presumption against unintended

waivers of the right to jury trial." Mondor v. U.S. Dist. Court for Cent. Dist. of

California, 910 P.2d 585, 587 (9th Cir. 1990).

Alaska courts have also recognized the fundamental significance of the

constitutional right to jury trial in the legal system. The Alaska Supreme Court has noted

that "Alaska law is clear regarding the importance of the right to a jury trial." Chilton-

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

<u>Wren v. Olds,</u> 1 P.3d 693, 696 (Alaska 2000) (overturning finding of waiver by conduct). Further, "[t]he Alaska Constitution's right to trial by jury extends well beyond the corresponding Federal right."  <u>Wood v. Superior Court,</u> 690 P.2d 1225, 1233, n.12 (Alaska 1984).

In short, AT Publishing's constitutional jury trial right is a matter of great significance.  OFC's attempt to deny AT Publishing such a "basic and fundamental" right must be approached cautiously, and this Court must make every effort to guard and protect AT Publishing's jury trial right.

II.  <u>OFC'S MOTION SHOULD BE DENIED BECAUSE OFC HAS STIPULATED TO TRIAL BY JURY, THE PRETRIAL ORDER CALLS FOR TRIAL BY JURY, AND OFC CANNOT DEMONSTRATE THE "MANIFEST INJUSTICE" NECESSARY TO MODIFY THE PRETRIAL ORDER.</u>

As noted above, on February 24, 2004, OFC signed a Scheduling and Planning Conference Report stipulating that a jury trial had been demanded and that the case was to be tried to a jury.  (Exh. 1).  This report was prepared by counsel for OFC (Exh. 1) (on stationary from OFC's attorney).  This Court then adopted the Conference Report OFC had prepared and signed into its pretrial order in this case, which held that the "case will require **eight** (8) days for trial by **jury**."  (emphasis in original) (Exh. 2).  OFC had the obligation to raise its service issues at that point in the litigation, before the Court issued a pretrial order calling for a jury trial.  As the pretrial order mandates a jury trial, OFC's request to modify that order must meet the "manifest injustice" standard of Civil Rule 16(e).  Its averments of prejudice, however, are vague, insubstantial, and less than credible, and do not meet the applicable standard.

OFC's affirmative acts of preparing and signing a pre-trial conference report calling for a jury trial were acts of particular significance.  Local Rule 16.1(b) required

the parties to set forth specifically the matters on which they could not come to agreement, and the Court's prescribed form specifically queried whether a jury trial had been demanded.  <u>See</u> D.Ak.L.R. 16.1(b)(1)[C]; AK LCF 26(f); (Exh. 1).  OFC had the obligation at that point to inform the court of the matters regarding which there was disagreement.  <u>See</u> <u>Payne v. S.S. Nabob</u>, 302 F.2d 803 (3[d] Cir. 1962) (attorneys required to make "full and fair" disclosure as to contested issues, and issues not raised were waived); <u>Koch v. Koch Indus., Inc.</u>, 179 F.R.D. 591, 596 (D.Kan. 1998) (Exh. 1).  Further, this Court *specifically required* statements of the parties' positions on whether there was to be a jury or non-jury trial.  <u>See</u> D.Ak.L.R. 16.1(b)(1)[C]; AK LCF 26(f); (Exh. 1)  In response to these clear and commonplace requirements, OFC stipulated, on a report prepared by its own attorney, that the trial was to be by jury in this case.  (Exh. 1).

"Courts generally hold stipulations, agreements, or statements of counsel made at the pretrial conference binding for the purposes of the trial."  Wright, Miller & Kane, <u>Federal Practice & Procedure</u>: Civil 2d §1527.  As such, matters "stipulated in a pretrial order are binding upon the parties …."  <u>Funding Sys. Leasing Corp. v. Pugh</u>, 530 F.2d 91 (5th Cir. 1976); <u>see also</u> <u>Roberto v. Roberto</u>, 452 F.2d 635 (9th Cir. 1971) (plaintiff bound to agreements in pretrial order).  In <u>Hollembaek v. Alaska Rural Rehabilitation Corp.</u>, 447 P.2d 67 (Alaska 1968) the Alaska Supreme Court, interpreting the identical state rule, determined that the plaintiff had waived a jury trial by signing a pre-trial conference report calling for a non-jury trial.  "The effect of appellant's counsel's signing of the pre-trial order, which was also signed by the judge, was to officially establish, as a rule governing the trial of the case, that trial was to be without a jury.  Appellant was bound by the act of his counsel in signing the order."  <u>Id</u>. at 69.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Here, too, OFC should be deemed bound by its signature and approval of the pre-trial report. OFC was required to raise any issues it had as to the matters covered by the pre-trial conference report, which specifically included the issue of trial by jury. OFC specifically represented and stipulated that trial was to be before a jury. (Exh. 1). As in Hollembaek, by its signature OFC bound itself to that procedure.

This Court, in reasonable reliance on OFC's stipulation (in a pleading OFC itself prepared) that a jury trial was demanded, issued a Scheduling and Planning Order holding that "this case will take **eight** (8) days for trial by **jury**." (Exh. 2 (emphasis in original)). The Federal Rules mandate that the pretrial order "shall control the subsequent course of the action" and can be "modified only to prevent manifest injustice." Fed. R. Civ. Proc. 16(e). The pretrial order in this case, in place since March of 2003, mandates a jury trial. (Exh. 2). OFC has not shown and cannot show the "manifest injustice" necessary to modify the pretrial order at this late date, and so its request to change the matter to a non-jury trial must be denied.

While it did not cite the "manifest injustice" standard, OFC's allegations of harm in its Motion are found in its averments that "OFC Capital has defended this case since December, 2003 [sic] as a non-jury case…," that "earlier in the year … plaintiffs counsel provided by mail for the first time a Jury Demand," and that OFC "would be severely and irreparably harmed if plaintiff is allowed to invoke a jury demand three years after the filing of the case and after defendant has spent considerable time and resources planning a defense strategy that definitively excludes a trial by jury." (OFC Motion at ¶¶ 1, 2, 7).

OFC's allegations fail to meet its burden on several counts. First, it is clear that the merely having a jury trial, as opposed to a trial by the court, is not considered "prejudicial." National Union Fire Ins. Co. of Pittsburgh, PA. v. LE Meyers Co. Group,

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

AT Publishing, Inc. v. A.B. Dick Company, et al

Case No. A04-0011 Civil

928 F.Supp. 394, 398 (S.D.N.Y. 1996). Moreover, none of OFC's averments of prejudice are sworn, and none are supported by affidavit testimony. Beyond these failings, OFC has made no specific showing of harm, in that it does not identify any specific thing that it did or failed to do based on its purported reliance on there being no jury demand.[1] OFC had the burden of demonstrating the "manifest injustice" necessary to modify the pretrial order, and has utterly failed to do so – its motion should be denied for this reason alone.

More fundamentally and more significantly, however, OFC's averments of harm are simply not credible. How could OFC have "defended this case since December, 2003 as a non-jury case" when OFC's attorney certified in January of 2004 that a jury demand had been made? How could counsel for OFC credibly infer that it had never seen the jury demand when counsel for OFC provided this Court with a physical copy of that pleading in January of 2004? How could OFC have "relied" on the notion that this was a non-jury case when OFC's counsel certified that a jury demand had been made, OFC stipulated in the pretrial conference report (which it prepared) that there was a jury demand, when this Court (in reliance on pleadings prepared by OFC) docketed the case as a jury trial, and, most importantly, when the pre-trial order, under which the parties have been operating for over two years, specifically calls for an eight-day **jury trial**?

The simple answer to all of these questions is that it could not be so. The unsworn averments of harm made by OFC's counsel are not credible, and indeed are deeply

---

[1] If OFC did act in such "reliance," given the state of the record described above and OFC's own filings, such "reliance" was not just unreasonable but grossly negligent. The fact still remains, however, that OFC has not demonstrated any substantive prejudice. Indeed, the notion of such prejudice under these circumstances does not make sense. An attorney may *present* a case differently to a jury than to a judge, but s/he does not *prepare* a case differently – the same standards need to be met and the same facts need to be proved. E.g. National Union, supra, 928 F.Supp. at 398.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

troubling.  As the record makes abundantly clear, through pleadings OFC prepared and filed itself, and through the clear terms of this Court's orders governing the procedure of the case, OFC was fully aware that a jury demand had been made.  By its stipulation in the pretrial conference report, OFC made a binding judicial admission that it was aware of the jury demand, and OFC did not contest a jury trial.  OFC has necessarily been aware of this Court's pretrial order mandating a jury trial since March of 2004.  Either OFC's "reliance" existed in obtuse defiance of this clear record, or it has been manufactured for the purposes of this motion.[2]  In either event, OFC's averments of "reliance" are not credible, and are not entitled to any consideration.

On the other side of this equation is the fact that granting OFC's motion would clearly result in "manifest injustice" to AT Publishing.  AT Publishing has reasonably relied on OFC's statements and pleadings and, more importantly, the specific terms of this Court's pretrial order in maintaining its belief that this case is to be tried to a jury. As described in §§III and IV, infra, the service issue raised by OFC, (its unsupported averments of harm notwithstanding) has had no substantive effect on OFC's rights herein, as OFC received actual notice of the jury demand prior to submitting its Answer, and within the period called for by the civil rules.  To deprive AT Publishing of its constitutional right to a jury trial – a "fundamental and sacred" right, to "be jealously guarded by the courts" [Jacob, supra, 315 U.S. at 752-53] – based solely on a

---

[2] AT Publishing asserts that the more credible view is that OFC noted, quite late in the game, a technical glitch in the jury demand that it had previously glossed over.  It now seeks – as the parties are gearing up for trial setting and potential mediation – to leverage some advantage out of this technical, formal defect.  It has unfortunately chosen to do so by manufacturing disingenuous and incredible averments of harm that are clearly contrary to the record and its own previous admissions and statements.  This course of conduct is, again, deeply troubling.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

AT Publishing, Inc. v. A.B. Dick Company, et al

Case No. A04-0011 Civil

disingenuously asserted technical deficiency that had no substantive effect would be to work a grave injustice.

OFC's motion plainly lacks merit. OFC drafted and stipulated to a pre-trial report calling for a jury trial, and it is bound to that agreement. OFC failed to challenge the Pre-trial Order calling for a jury trial, even though it was necessarily aware at that time of the service objections it now asserts. Its averments of harm are insubstantial and less than credible. OFC cannot meet the applicable standard of "manifest injustice" necessary to change the extant pretrial order. Indeed, it is modifying the order to deny AT Publishing its constitutional jury trial right on the flimsy basis asserted by OFC that would cause "manifest injustice" to AT Publishing. OFC's motion should be denied.

III.   OFC'S MOTION SHOULD BE DENIED BECAUSE AT PUBLISHING WAS IN SUBSTANTIAL COMPLIANCE WITH CIVIL RULE 38

AT Publishing filed its complaint and jury demand in state court, after which the matter was removed to this court on diversity grounds. In cases removed on the basis of diversity, a jury demand is deemed effective if it is proper under either state or federal law. Mondor v. U.S. Dist. Court for Cent. Dist. of California, 910 P.2d 585, 587 (9th Cir. 1990).

AT Publishing's Jury Demand does suffer a formal defect, in that it does not contain a certificate of service. (See Demand for Jury Trial, attached hereto as **Exhibit 7**) This leaves AT Publishing unable to prove whether service of the jury demand was effectuated along with service of the complaint. Nonetheless, OFC had actual notice of the demand prior to filing an answer, and so the purpose of the service requirement was met in this case. Given that the demand was timely filed and that OFC received actual,

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

AT Publishing, Inc. v. A.B. Dick Company, et al

Case No. A04-0011 Civil

timely notice of the demand, AT Publishing avers it was in substantial compliance with the requirements of the rule.

The record is clear that OFC had <u>actual notice and a physical copy</u> of the jury demand within the time period prescribed by both the federal and state rules.  As noted above, counsel for OFC certified that a jury demand had been filed, and provided a copy of such demand to the Court upon removal of the case, on January 14, 2004, less than a month after OFC was served with the Complaint, and <u>before</u> it filed its Answer herein.[3] (Exhs. 3 and 4).  This pre-answer actual notice clearly fell within the service period of both the federal and state versions of Civil Rule 38.  <u>See</u> Ak. R. Civ. Proc. 38; Fed. R. Civ. Proc. 38 (requiring service within ten days of "last pleading directed to the issue").[4]

"[T]he purpose of the federal jury demand requirements … is to notify counsel and the court as early as possible that a jury is sought."  <u>Mondor v. U.S. Dist. Court for Cent. Dist. of California</u>, 910 P.2d 585, 587 (9th Cir. 1990).  It is clear that this purpose was fulfilled in this case, as OFC had actual notice and a physical copy of the demand before it filed its answer.  (Exhs. 3 and 4).  OFC had the ability to timely raise any defenses or objections occasioned by the jury demand, and so the purpose of the service requirement of Civil Rule 38 was fulfilled.  <u>See</u> <u>Mondor</u>, <u>supra</u>, 910 P.2d at 587.

---

[3] OFC may attempt to undermine the clarity of the record through an averment that attorney Weddle was acting on behalf of AB Dick in submitting the removal papers. (Exh. 4).  First, Weddle signed the document as "attorney for defendants," not as "attorney for AB Dick," and represented OFC.  More importantly, though, the issue is a red herring.  Weddle unquestionably represented OFC when it filed its Answer.  (Exh. 3) At that time, he unquestionably was aware of the jury demand.  (Exh. 4).  Weddle's knowledge is imputed to OFC.

[4] As noted in §II, <u>supra</u>, given this timely actual notice, OFC cannot credibly assert any substantive harm based on the purported lack of service.  OFC's request to deny AT Publishing its constitutional jury trial right is based entirely on averments of non-compliance with the formal, technical requirements of the rule, and not on any substantive effect on OFC's rights herein.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Because it was actually aware of the jury demand, and had a physical copy of that document in its possession prior to filing its answer, OFC was in the same position it would have been in had it been served with the document.

Under these circumstances, AT Publishing asserts that substantial compliance with the purposes of Civil Rule 38 has been achieved in this matter, and that, given the great weight afforded AT Publishing's constitutional jury trial right and the lack of substantive effect on OFC's rights, OFC's motion should be denied on that basis. Again, a jury demand is proper herein if it satisfied the requirements of either the federal or the state rule. <u>Mondor</u>, <u>supra</u>, 910 F.2d at 587. AT Publishing asserts that the substantial compliance with the purposes of the rule in this matter satisfies both the federal and state requirements.

Alaska authorities, while recognizing the need for compliance with the requirements of the civil rules, have also focused on the substance of a party's averments of non-compliance. Alaska authorities have waived strict compliance where the substantive objectives of the rules have been achieved. For example, in <u>Hall v. Morozewych</u>, 686 P.2d 708 (Alaska 1984), the Alaska Supreme Court found the trial court's determination that the defendant had waived a jury trial through failure to strictly comply with the technical requirements of the rules to be reversible error. The trial court found a waiver where the defendant had originally filed his jury demand well more than ten days after his initial answering pleading, and had failed to show up for the trial. <u>Id</u>. at 709. In reversing, the Alaska Supreme Court relied on the fact that substantial compliance with the letter of the rules and full compliance with the substantive purposes of the rules had been achieved. Most significant to the Court's decision were the actual knowledge of the plaintiff that a jury trial had been requested and the fact that the Court

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

had issued pre-trial orders specifically acknowledging the jury demand. Id. at 710-11, n.5. In a situation where a jury had actually been demanded and everyone knew it, the Alaska Supreme Court indicated that the right to jury trial could not be waived without specific consent. Id.

In contrast to this are Alaska cases finding that the right to a jury trial had been waived. All of these cases involved situations where there was a lack of *any* timely demand (not just service), *no* notice to the other party, and where the Court and the parties had proceeded on a *reasonable* assumption that the trial would be by the Court. See Patrick v. Sedwick, 391 P.2d 453, 460 (Alaska 1964) (jury trial waived where no written demand ever filed, and where unclear oral demand was made on the day of trial); Pankratz v. State, 652 P.2d 68, 71 (Alaska 1982) (jury trial waived where pre-trial order specifically set non-jury trial and first jury demand was filed 2 ½ years after complaint, 6 months after pretrial order, and 18 days before trial); Keltner v. Curtis, 695 P.2d 1076, 1080 (Alaska 1985) (jury demand never made); Howard S. Lease Const. Co. & Assoc. v. Holly, 725 P.2d 712, 720 (Alaska 1986) (jury trial affirmatively waived by statements in case setting memorandum and at pre-trial conference that no jury was requested); Hollembaek, supra, 447 P.2d at 69.

In all of these cases, the Court focused on the parties' actual knowledge of the status of the trial and on the statements in the pretrial orders and related memoranda regarding whether a jury had been demanded. This emphasis strongly suggests that the requirements of the Alaska rule should be deemed satisfied here. A demand was actually made in a timely fashion, notice was actually received in a timely fashion, all of the substantive purposes of the rule were fulfilled, the parties (including OFC) have represented to the Court multiple times that the trial was to be by jury, and the Court has

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO OFC'S MOTION TO CLARIFY
NON-JURY STATUS
Page 14 of 24

AT Publishing, Inc. v. A.B. Dick Company, et al

Case No. A04-0011 Civil

relied on this in its pre-trial scheduling order.  Under these circumstances, the substantial

compliance with the substantive purposes of Alaska Civil Rule 38 indicates that OFC's

motion should be denied.

The same result can be reached under federal case law.  Again, the purpose of the

service requirement in the federal rules "is to notify counsel and the court as early as

possible that a jury is sought."  <u>Mondor</u>, <u>supra</u>, 910 P.2d at 587.  As that purpose was

unquestionably achieved in this case, and OFC had timely obtained actual possession of

the jury demand, the rule's requirements have been met, and OFC's motion should be

denied.

In <u>Palmer v. Angelica Healthcare Services Group, Inc.</u>, 170 F.R.D. 88 (N.D.N.Y.

1997), the defendant moved to strike the plaintiff's jury demand on the grounds that it

had not been timely served.  In denying the motion, the district court noted that "[w]hat

Rule 38(b) mandates is timely notice of the jury demand to the court and other parties."

<u>Id</u>. at 90.  Although the jury demand itself had not been served, the defendant had timely

received notice of the jury demand through service of a Civil Case Management Plan

required by local rule.  <u>Id</u>.  Further, the defendant adopted the Management Plan

proposed by the plaintiff (including the statement regarding the jury trial), and the

demand was incorporated into the pretrial order.  <u>Id</u>. at 89.  The defendant first raised the

issue 9 months later, as the parties were preparing to set the case for trial.  <u>Id</u>.  Based on

the timely actual notice, the court determined that "the filing and notice requirements of

Rule 38(b) were met here," and the defendant's motion was denied.  <u>Id</u>. at 90.

So it is here.  It is not the purpose of Rule 38 to "make procedure the master of

substantive rights."  <u>Campbell v. American Fabrics Co.</u>, 1 F.R.D. 502 (S.D.N.Y. 1940).

As such, the Ninth Circuit will "not read the procedural service requirement in a manner

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

that would deny the substantive rights of the petitioner …." <u>Mondor</u>, <u>supra</u> 910 P.2d at 586, n.1, <u>citing</u> <u>Campbell</u>, <u>supra</u>.  Here, the jury demand was timely filed and notice was timely received through the certification process on removal.  OFC prepared and signed a pre-trial memorandum that indicated a jury trial had been requested, which was transformed by this Court into the extant pretrial order.  The case has since been docketed and treated as a jury matter.  As in <u>Palmer</u>, the filing and notice requirements of Rule 38(b) have been met here, and OFC's motion should be denied.

IV.    <u>OFC'S TARDY OBJECTIONS MUST BE REJECTED UNDER PRINCIPLES OF ESTOPPEL AND WAIVER.</u>

AT Publishing alternatively asserts that OFC's tardy objections to a jury trial in this matter must be rejected under principles of estoppel and waiver.  In this case, OFC has: certified that a jury demand had been filed; prepared, signed, and filed the pretrial conference report indicating that the matter was to be tried to a jury; failed to raise the service issue in a reasonable time after the numerous instances of actual and constructive notice of the jury trial demand; and allowed this matter to proceed for 2 ½ years under the expectation – created by OFC's own pleadings – that it would be tried to a jury.

In this circuit, a party's may be estopped by its course of conduct it from relying on the procedural requirements of Civil Rules 38 and 39.  <u>Reid Bros. Logging Co. v. Ketchikan Pulp Co.</u>, 699 F.2d 1292 (9th Cir.), <u>cert. den.</u>, 464 U.S. 916, 104 S.Ct. 279, 78 L.Ed.2d 259 (1983).  In <u>Reid</u>, the court did not allow a defendant to object to the withdrawal of plaintiff's jury demand, holding that where the defendant "unambiguously and determinedly acted to defeat [plaintiff's initial] jury request, the only reasonable conclusion is that [the defendant] was not relying on the request and thus was not entitled to invoke the protection of Rule 38(d)." <u>Id</u>. at 1305.  In <u>Reid</u>, the court looked past the

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

letter of Civil Rule 38(d), which required consent from all parties to withdrawal of a jury demand, to the substance of the parties' actions and the purpose of the rule.  The Court noted that the purpose of Rule 38(d) was to ensure that no party who was appropriately relying on the jury demand of another was wrongfully denied a jury trial.  Id.  As that purpose had clearly been fulfilled with respect to the defendant, the court would not allow the defendant to abuse the letter of Rule 38(d) as a strategic litigation tool, and determined that its earlier conduct estopped it from objecting to the withdrawal.  Id.

In this case, a similar analysis should lead to the similar result that OFC is estopped from contesting the jury demand.  "[T]he purpose of the federal jury demand requirements … is to notify counsel and the court as early as possible that a jury is sought."  Mondor v. U.S. Dist. Court for Cent. Dist. of California, 910 P.2d 585, 587 (9th Cir. 1990).  As discussed in detail in §III, supra, that purpose has unquestionably been met in this case, as OFC clearly had actual notice and a physical copy of the jury demand before its Answer was filed.  (Exhs. 3, 4).  As in Reid, this is not a case in which the Court is required to enforce the letter of the rule in order to meet the substantive purpose of the rule.

Also as in Reid, OFC has taken unambiguous actions indicating that it has not in fact relied on the service issue it now asserts.  Soon after it received the actual notice described above, OFC was faced with the requirement of preparing the pretrial conference report.  OFC was necessarily aware of the service issues it now raises at that point in time.  As discussed above, OFC was obligated at that point under Local Rule 16.1(b) to set forth specifically its contested issues, and the Court's prescribed form specifically queried whether a jury trial had been demanded.  See D.Ak.L.R. 16.1(b)(1)[C]; AK LCF 26(f); (Exh. 1); See also Payne, supra, 302 F.2d at 806

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

("Appellant was not clubbed into admissions he did not willingly make"); <u>Koch</u>, <u>supra</u>, 179 F.R.D. at 596.  However, OFC stipulated, on a report prepared by its own attorney, that the trial was to be by jury in this case.  (Exh. 1).

OFC should be bound to that stipulation, and to its failure to raise the issue at that time.  <u>Reid</u>, <u>supra</u>, 699 F.2d at 1305; <u>Pugh</u>, <u>supra</u>, 530 F.2d at 96; <u>Roberto</u>, 452 F.2d at 636; <u>Hollembaek</u>, <u>supra</u>, 447 P.2d at 69.  OFC unambiguously asserted that a jury trial had been demanded, and failed to raise the service issue, even though it was necessarily aware of that issue and was obligated to raise it at that time.  It led the Court to issue a pretrial order stating that this matter was to be tried to a jury, and allowed the Court and AT Publishing to act under that reasonable understanding for over two years.  Now it seeks to use the letter of Civil Rule 38 as a strategic litigation tool, despite its own contrary conduct and the fact that the purposes of the rule have been fulfilled.  The Court should reject OFC's cavilous objections, and hold, as in <u>Reid</u>, that OFC is estopped by its previous conduct from raising the service issue at this late date.

The same result can be reached here under principles of waiver.  OFC chose not to raise the service issue in a timely fashion, instead choosing to let the matter slide for 2½ years, waiting until after the close of discovery and motion practice to bring this issue forward.  Yet, OFC had actual notice and a physical copy of the jury demand before it filed its Answer.  OFC was necessarily aware of the service issues it now raises at that point, but raised no such objections or affirmative defenses.  (Exhs. 3, 4).  OFC prepared and signed the pretrial report in which it stipulated that a jury demand had been made in February of 2004.  This Court issued the pretrial order specifically mandating a jury trial in March of 2004, and the parties have been acting under the aegis of that order for over two years, but OFC raised no service issues at that time.  This Court has explicitly

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

OPPOSITION TO OFC'S MOTION TO CLARIFY
NON-JURY STATUS
Page 18 of 24

AT Publishing, Inc. v. A.B. Dick Company, et al

Case No. A04-0011 Civil

referred to the "classic jury questions" presented in this case, but that did not lead to OFC checking the files or raising objections.  (Exh. 6)  AT Publishing has, on numerous occasions though the course of this proceeding, specifically discussed trying this matter to a jury with counsel for OFC, but OFC did not raise its objection during any of these discussions.  (Mills Aff.).  AT Publishing informed OFC of the jury demand again in April of this year, but OFC again did not raise its objections.  (Grisham Aff.)

It is only now, 2½ years into the case, after the close of discovery, when the case is being certified for trial and mediation is being discussed, that OFC's objections are raised.  The jury demand was timely filed, OFC timely received notice of it, and the purposes of Civil Rule 38 were substantially fulfilled.  However, despite its actual and constructive notice of the demand, despite having every incentive and obligation to raise its objections and clarify this issue in a timely fashion, and despite the issue having arisen at numerous points in this litigation, OFC unreasonably withheld its objections for 2 ½ years.  A matter as significant as AT Publishing's constitutional jury trial right is not an appropriate place for such gamesmanship.  OFC had the obligation to raise its formal, procedural objections regarding this important right in a timely fashion.  Having certified and stipulated to this Court that a jury demand was filed, having allowed the proceeding to move forward on that basis for 2 ½ years, and having failed to timely raise its formal, procedural objections through the course of this proceeding, in the face of multiple opportunities for doing so, OFC should be deemed to have waived such objections. OFC's motion should be denied on that basis.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

AT Publishing, Inc. v. A.B. Dick Company, et al

Case No. A04-0011 Civil

V.    **IN THE ALTERNATIVE, THIS COURT SHOULD ORDER A JURY TRIAL UNDER CIVIL RULE 39(b) AND CIVIL RULE 6(b).**

In the alternative, AT Publishing respectfully requests this Court to exercise its discretion to order that this matter be tried to a jury pursuant to Civil Rules 39(b) and 6(b).  Under the facts and circumstances of this case, described in detail above, exercise of the Court's discretion to order the matter tried to a jury, even if it determines that the previous demand was improper, is appropriate and justified.

Civil Rule 39(b) grants the court, "notwithstanding the failure of a party to demand a jury," the "discretion upon motion [to] order a trial by jury of any or all issues."  Fed. R. Civ. Proc. 39(b).  The Circuit Courts of Appeal have adopted divergent views of how the courts' discretion under Civil Rule 39 should be implemented.  The Ninth Circuit, along with the Second Circuit, are in a distinct minority, holding that a trial court's discretion under Civil Rule 39(b) "is narrow and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence."  <u>Kletzelman v. Capistrano Unified School Dist.</u>, 91 F.3d 68, 71 (9th Cir. 1995) (internal citations omitted).  This "highly restrictive" view of the district courts' authority under Civil Rule 39(b) has been roundly criticized as both out of step with the spirit and intent of the civil rules and inappropriate in dealing with a fundamental constitutional right.  <u>See</u>, Wright Miller & Kane, <u>Federal Practice & Procedure</u>, Civil 2d §2334 at n.12-15 and surrounding text (citing cases).  Nonetheless, case law from both the Second and Ninth Circuits makes clear that exercise of this discretionary authority even under this "highly restrictive" test is justified and appropriate in the present case.

Although recognizing a narrow view of the court's discretion under Rule 39(b), a California district court granted a jury trial to a plaintiff under Rule 39(b), despite a failure of service under similar circumstances to those presented here.  <u>Ruiz v. Rodriguez,</u>

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

206 F.R.D. 501 (C.D. Cal. 2002). In <u>Ruiz</u>, the plaintiff complied with the requirements of Rule 38(b), but the process server failed to serve the demand. Noting that actual notice was quickly received, that the defendants would not be prejudiced by a jury trial, and that there was clearly a right to jury trial, the court granted the Rule 39(b) motion. <u>Id</u>. at 503.

In <u>Palmer</u>, <u>supra</u>, 170 F.R.D. at 91, the trial court, acting under Second Circuit authority, alternatively determined that a jury trial would be appropriate and justified under Civil Rule 39(b). The record was clear that the plaintiff's intention to have a jury trial had been known and stated since the inception of the case, and that the defendant received timely and actual notice of the demand. The court noted that "inadvertence includes cases in which courts have frequently rejected late jury demands that seem to be based merely on a change in the litigation strategy." <u>Id</u>. (citing cases). On this record, however, (where the plaintiff indicated a demand for jury trial in the docket sheet, when the plaintiff gave notice to the defendant of the demand within ten days of the filing of the answer, and when jury trial was contemplated by both parties in the civil case management plan, the completion of discovery, and two conferences with the court), the court determined that the plaintiff had "demonstrated more than mere inadvertence" and granted the Civil Rule 39(b) motion. <u>Id</u>.

This authority recommends granting a motion under Civil Rule 39 here. As set forth in the affidavit of counsel attached hereto, this is not a matter of inadvertence of counsel, who instructed that the demand be served, but rather of a staff member who failed to follow these instructions. (Mills Aff.) Further, as discussed in detail above, there has been no substantive prejudice to OFC, which received timely notice through the removal and certification process, and which prepared a stipulation recognizing the jury demand very early in the case. Nor is this a matter of a change of strategy on AT

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Publishing's part, which has always maintained and expected that this matter would be tried to a jury. (Mills Aff.) Additionally, this is precisely the type of case that should be tried to a jury, raising as it does issues of the reasonableness of the parties' behavior and expectations in a particular set of circumstances. These are, as this Court has noted, "quintessential jury questions." (Exh. 6).[5] Finally, after OFC's counsel certified the jury demand and prepared a stipulated pretrial conference report indicating that jury demand had not been waived, AT Publishing had no reason to suspect that service had not been achieved, and no reason to deal with the matter further. As discussed in detail above, OFC's motion represents an invitation to elevate form over substance to a degree that is, in the context of a fundamental constitutional right, deeply inappropriate.[6] AT Publishing's alternative motion under Civil Rule 39(b) should be granted.[7]

Finally, AT Publishing asserts that this Court can authorize tardy service of the jury trial demand at this point pursuant to Civil Rule 6(b). See Raymond v. International Bus. Machs., 148 F.3d 63, 66 (2d Cir. 1998). Rule 6(b) generally authorizes the courts,

---

[5] A number of cases have recognized this as an appropriate consideration in determining a motion under Civil Rule 39(b). See Wright, Miller & Kane Federal Practice & Procedure, Civil 2d §2334 at n. 20.

[6] Even the most harsh Rule 39 jurisdictions hesitate to focus on insubstantial procedural niceties to the detriment of the constitutional jury trial right. DeGioia v. U.S. Lines Co., 304 F.2d 421, 425 (2d Cir. 1962) (jury demand sufficient despite lack of service as against late appearing co-defendant since it had adequate notice of the demand and acquiesced therein); Pradier v. Elespuru, 641 F.2d 808 (9th Cir. 1981) (once demand for jury trial was made properly, failure to fulfill the additional requirement of a local rule by placing a notation to that effect in the title of the pleading did not constitute a waiver).

[7] OFC can cite numerous instances in which a Rule 39(b) motion has been denied in this Circuit, but nearly all of these involve failure to even file a jury demand. E.g. Russ v. Standard Ins. Co., 120 F.3d 988 (9th Cir. 1997); Craig v. Atlantic Richfield Co., 19 F.3d 472 (9th Cir. 1994); Blau v. Del Monte Corp., 748 F.2d 1348 (9th Cir. 1985); Chandler Supply Co. v. GAF Corp., 650 F.2d 983 (9th Cir. 1980); Mardesich v. Marciel, 538 F.2d 848 (9th Cir. 1976).

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO OFC'S MOTION TO CLARIFY
NON-JURY STATUS
Page 22 of 24

AT Publishing, Inc. v. A.B. Dick Company, et al

Case No. A04-0011 Civil

upon request or *sua sponte*, to enlarge the time periods provided by the civil rules to perform any act, even after the time period has passed.  Fed. R. Civ. Proc. 6(b).  Rule 6(b) is "generally applicable to *any* time requirement found elsewhere in the rules unless *expressly* excepted."  Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 389, n.4, 112 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (emphasis added).   The rule specifically excepts its application to certain provisions of the Federal Rules of Civil Procedure, but these exceptions do *not* include Rule 38(b).

While recognizing the insufficiency of "mere inadvertence" with respect to a motion under Civil Rule 39(b), the Second Circuit found that a claim of inadvertence can satisfy Rule 6(b)'s provision for "excusable neglect," and so authorize a tardy jury demand.  Raymond, supra, 148 F.3d at 66.  To make a showing of excusable neglect, a party must show good faith and a reasonable basis for non-compliance.  Wright, Miller & Kane, Federal Practice & Procedure, Civil 2d §1165 at n.22 and surrounding text.  Here, as discussed above, AT Publishing is not seeking to change strategy midstream – it timely filed a jury demand, and, in reliance on the pre-trial order, has always treated this matter in good faith as a matter to be tried to a jury.  (Mills Aff.).  As to the basis for its non-compliance, as discussed above, at first it involved a staff member's failure to follow directives unbeknownst to the attorney in charge of the case.  (Mills Aff).  Subsequently, OFC's specific statements and pleadings indicating that the demand had been properly made, and this Court's orders indicating that the matter was to be tried to a jury, gave AT Publishing no reason to suspect that service had not been effectuated.  This provides an appropriate basis for granting an extension under Civil Rule 6(b).  Raymond, supra, 148 F.3d at 66.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

## CONCLUSION

For the reasons stated above, OFC's Motion should be denied, or, in the alternative, AT Publishing's cross-motion should be granted.


DATED this 30th day of June, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP


By: _____/s/Michael R. Mills_____
        Michael R. Mills, ABA # 8911074
        Michael A. Grisham, ABA # 9411104
        DORSEY & WHITNEY LLP
        1031 West Fourth Avenue, Suite 600
        Anchorage, AK 99501-5907


CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2006, a copy of foregoing was served by electronic notice as indicated below.

Randall J. Weddle, Esq.
Marion Walker, Esq

/s/Michael R. Mills _____
Certificate Signature

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO OFC'S MOTION TO CLARIFY
NON-JURY STATUS
Page 24 of 24

4831-2818-3809\1\476800\00001

AT Publishing, Inc. v. A.B. Dick Company, et al

Case No. A04-0011 Civil