Randall J. Weddle, Esq.
HOLMES WEDDLE & BARCOTT, PC
701 W. 8th Avenue, Suite 700
Anchorage, AK  99501
Phone:    (907)274-0666
Fax: (907)277-4657

RECEIVED

FEB - 1 2004
A-3889-01

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | USDC No. A04-011 CV (JWS) |
| ) | |
| A.B. DICK COMPANY and ) | |
| OFC CAPITAL, a division of ) | |
| ALFA FINANCIAL CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| OFC CAPITAL, a division of ) | |
| ALFA FINANCIAL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| A. T. PUBLISHING, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### OFC CAPITAL'S ANSWER AND COUNTERCLAIM

Defendant OFC Capital, a division of ALFA Financial Corporation ("OFC"), herein answers the Complaint and submits its counterclaim against Plaintiff.

AT Publishing v. AB Dick Company                                     Page 1
OFC Capital's Answer and Counterclaim                     Case No. A04-0011 CV

EXHIBIT 3
Page 1 of 8

## ANSWER

OFC admits the allegations contained in paragraphs 2, 8 (but denies the allegations contained in the footnote to paragraph 8), 10, 11, and 16 of the Complaint. OFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 4, 5, 6, 7, 9, 12, 13, 14, 15, 22, 23, 24, 25, 27, 28, 29, 30, 32, 33, 34, 36, 37, 38, 40, 42, 43, and 44 and therefore denies the same. OFC denies each and every remaining allegation of the Complaint, including all allegations contained in any unnumbered paragraph or Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

1.  The complaint fails to state a claim upon which relief can be granted.

2.  Plaintiff is estopped from denying the validity of or obligations imposed by the Master Lease Agreement between itself and OFC.

3.  The contracts relied upon by Plaintiff preclude the recovery of consequential and incidental damages.

4.  The relief Plaintiff seeks is barred by the parole evidence rule.

AT Publishing v. AB Dick Company  
OFC Capital's Answer and Counterclaim

Page 2  
Case No. A04-0011 CV



EXHIBIT 3  
Page 2 of 8

5. The relief Plaintiff seeks is barred by the applicable provisions of Article 2A of the Uniform Commercial Code, as enacted by the State of Georgia, GA. CODE ANN. §§ 11-2A-101 *et seq.*, including but not limited to GA. CODE ANN. § 11-2A-407.

6. The relief Plaintiff seeks is barred by the applicable provisions of Article 2A of the Uniform Commercial Code, as enacted by the State of Alaska, AS 45.12.101 *et seq.*, including but not limited to AS 45.12.407.

7. Plaintiff's claims against OFC are barred by the unclean hands doctrine.

8. Plaintiff's claims against OFC are barred due to Plaintiff's own wrongful conduct.

9. Plaintiff's claims against OFC are barred by its prior, material breach of its contractual obligations to OFC.

## COUNTERCLAIM

1. OFC is a division of ALFA Financial Corporation, an Alabama corporation; OFC's principal place of business is in Roswell, Georgia.

2. Plaintiff is an Alaska corporation with its principal place of business in Anchorage, Alaska.


EXHIBIT 3
Page 3 of 8

3.   This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1332 and 1367. The amount in controversy exceeds $75,000.00.

4.   On November 18, 2002, OFC, as Lessor, and Plaintiff, as Lessee, entered into a "Master Lease Agreement" whereby Plaintiff leased from OFC a color printing press manufactured by the A.B. Dick Company ("A.B. Dick") and A.B. Dick's "ScanMaster System." A true and correct copy of the Master Lease Agreement and schedules thereto is attached hereto as **Exhibit A**.

5.   The Master Lease Agreement is a "finance lease"; OFC purchased the printing press and ScanMaster System from A.B. Dick in reliance upon Plaintiff's promise to lease these items from OFC. The purchase price of the printing press totaled $318,900 (this price included the buyout of an earlier equipment lease that did not involve OFC) and the purchase price of the ScanMaster totaled $56,100. A copy of the Sales Order signed by Plaintiff is attached hereto as **Exhibit B**.

6.   Paragraph 5 of the Master Lease provides as follows:

\*\*\*



EXHIBIT 3
Page 4 of 8

Lessee shall inspect the Equipment promptly upon delivery. Within ten (10) days following the delivery of substantially all of the Equipment to Lessee, Lessee shall furnish to Lessor an executed Delivery and Acceptance certificate (on Lessor's standard form), or shall deliver to Lessor written notice of any proper objection to the Equipment. If Lessee fails to deliver either an executed Delivery and Acceptance certificate or written notice of objections within such ten (10) day period, Lessor may conclusively presume that (i) Lessee has inspected and accepted the Equipment, (ii) the Equipment constitutes all of the Equipment referred to in the Schedule or in the Supplier's [A. B. Dick] invoice for the Equipment, (iii) the Equipment is in good condition and repair and (iv) Lessee has authorized Lessor to pay the Supplier's invoice for the Equipment. Lessor shall also be entitled to conclusively rely on any and all verbal representations issued by Lessee with respect to the foregoing matters. In the event that Lessee rejects, objects to or fails to accept delivery of any item of the Equipment, Lessee shall indemnify Lessor and hold Lessor harmless from and against any and all claims of the Supplier asserted in connection therewith.

7. Pursuant to the terms of the schedules to the Master Lease Agreement, Plaintiff agreed to pay OFC eighty-four (84) monthly lease payments of $4,687.83 for the printing press and thirty-six (36) monthly lease payments of $1,757.69 for the ScanMaster System. The payments were scheduled to begin no later than April 24, 2003 following a written verification of acceptance of the Equipment dated November 19, 2002 and verbal verification on March 24, 2003 to OFC from Plaintiff

*HOLMES WEDDLE & BARCOTT*
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

that the equipment was installed and operating. Additionally, A.B. Dick and Plaintiff executed "Installation Activation Certificates" on or about March 11, 2003 that indicated the leased equipment had been installed at Plaintiff's place of business and accepted by Plaintiff. True and correct copies of these certificates are attached hereto as **Exhibit C**.

8. Pursuant to Paragraph 22 of the Master Lease Agreement, Plaintiff agreed that the Master Lease Agreement was to be governed by Georgia law.

9. As alleged in its Complaint, Plaintiff has failed to make a single lease payment to OFC under the Master Lease Agreement and schedules thereto, and owes late fees and interest payments as provided for by the terms of the. Master Lease Agreement.

10. Plaintiff has failed to keep the color press in the condition required by the Master Lease Agreement.

### Count I

11. OFC restates and reincorporates by reference herein the allegations of paragraphs 1 through 10.

12. Plaintiff has breached its obligations under the Master Lease Agreement and Schedules thereto by, *inter alia*, failing to make required lease payments as they come due and

by failing to keep the leased equipment in the condition required by the Master Lease Agreement.

13. Plaintiff has therefore committed multiple "Events of Default" as defined by Paragraph 13 of the Master Lease Agreement.

WHEREFORE, OFC demands judgment against Plaintiff for all amounts recoverable under the Master Lease Agreement, including but not limited to all accrued and unpaid lease payments, the present value of all future lease payments, all applicable late fees, all costs incurred by OFC in enforcing its rights under the Master Lease Agreement, including its reasonable attorneys' fees incurred in the prosecution of this action, and interest and the costs of this action, and any other legal and equitable relief to which the Court finds OFC to be entitled.

DATED this 30th day of January 2004, at Anchorage, Alaska.

HOLMES WEDDLE & BARCOTT
Attorneys for Defendants

By: _____
Randall J. Weddle
Alaska Bar No. 7206034

HOLMES WEDDLE & BARCOTT
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

I hereby certify that a true and
correct copy of the foregoing was
served via mail this 30th day
of January 2004 on:

Michael R. Mills
Brian Stibitz
Bankston, Gronning, O'Hara
Sedor, Mills, Givens & Heaphey, P.C.
601 W. 5th Avenue, Suite 900
Anchorage, AK  99501

*Susan Winton*
Susan Winton
G:\4103\18823\pld\OFC Answer04Jan29.doc

HOLMES WEDDLE & BARCOTT
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

AT Publishing v. AB Dick Company                                    Page 8
OFC Capital's Answer and Counterclaim                      Case No. A04-0011 CV

EXHIBIT 3
Page 8 of 8