Michael R. Mills, ABA # 8911074
Michael A. Grisham, ABA # 9411104
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:  (907) 276-4557
Facsimile:  (907) 276-4152

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC.,<br><br>                                  Plaintiff,<br>vs.<br><br>A.B. DICK COMPANY and OFC CAPITAL, a division of ALFA FINANCIAL CORPORATION,<br><br>                                  Defendants. | Case No. A04-0011 CV (JWS)<br><br>**AFFIDAVIT OF MICHAEL R. MILLS** |

1.I am an attorney with Dorsey & Whitney LLP. Prior to March 28, 2005, I was an attorney with the law firm of Bankston, Gronning & O'Hara ("BGO"). While at BGO, I represented AT Publishing, Inc. in a dispute regarding a press sold by A.B. Dick Company and financed by OFC Capital. I have continued to represent AT Publishing in this dispute after joining Dorsey & Whitney LLP.

2.I was engaged by AT Publishing in May, 2003 regarding the dispute. On June 6, 2003, AT Publishing filed a lawsuit in Alaska Superior Court against A.B. Dick Company and OFC Capital and concurrently filed a Demand for Jury Trial.

3.Since the parties were attempting to negotiate a "cure" agreement that would have provided a road map for a global resolution of the matter, depending upon the outcome of the cure test, the Summons, Complaint and Demand for Jury Trial were not formally served upon A.B. Dick Company or OFC Capital immediately after the lawsuit was filed.

4. In attempting to negotiate the cure agreement, detailed specifications for the performance of the printing press were exchanged and negotiated between A.B. Dick Company and AT Publishing with the specific parameters to be met requiring the involvement of experts in the printing business from both sides. Due to the technical nature of the parameters that the parties were attempting to agree upon, the negotiations over these parameters were protracted over a period of time well into the late fall/early winter of 2003. During this period of time, AT Publishing primarily negotiated with A.B. Dick Company over the detailed performance parameters, and OFC Capital was less active in the negotiations but indicated, at least initially, that it would consider being a part of the agreement seeking a global solution.

5. In the November or December, 2003 time frame, OFC Capital indicated that it would not participate in a cure agreement. Very shortly thereafter, I instructed a paralegal to serve the Summons, Complaint and Demand for Jury Trial on A.B. Dick Company and OFC Capital so that the litigation could formally proceed. I understood that the Summons, Complaint and Demand for Jury Trial were served in mid-December, 2003.

6. In multiple discussions with opposing counsel during the course of this litigation, the fact that this was a jury trial was discussed as AT Publishing argued that a jury may well favor a long-time local company over a large out-of-state financial company.

7. In mid-May of 2006, during a discussion with OFC's counsel Marion Walker, Ms. Walker averred that no jury demand had been made. This was an incredible assertion to me in light of my multiple discussions, primarily with Mr. Weddle, throughout the course of this multi-year litigation regarding the jury trial setting. In

AFFIDAVIT OF MICHAEL R. MILLS
Page 2 of 3

AT Publishing, Inc. v. A.B. Dick Company, et al
Case No. A04-0011 Civil

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

response, I sent Ms. Walker the letter attached hereto as **Exhibit 1**, attaching copies of both the jury demand and her co-counsel Mr. Weddle's certification of that demand. *See* Exhibit 1. She failed to include reference to any of these facts in her motion.

_____
Michael R. Mills

SUBSCRIBED AND SWORN TO before me this 21st day of June, 2006.

_____
Notary Public in and for the State of Alaska.
My Commission Expires: 2-14-09

### CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2006, a copy of foregoing was served by electronic notice as indicated below.

Randall J. Weddle, Esq.
Marion Walker, Esq

/s/Michael R. Mills
Certificate Signature

AFFIDAVIT OF MICHAEL R. MILLS
Page 2 of 2

AT Publishing, Inc. v. A.B. Dick Company, et al
Case No. A04-0011 Civil

4820-1990-4769\2\476800\00001

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557



MICHAEL R. MILLS
(907) 257-4557
mills.mike@dorsey.com

May 26, 2006

Marion F. Walker
Ford & Harrison LLP
2100 Third Avenue, Suite 400
Birmingham, AL  35203

    Re:    <u>AT Publishing v. OFC</u>
               <u>Mediation Issues</u>

Dear Marion:

    It was a pleasure to chat with you recently about the potential for engaging in a mediation in the dispute between OFC and AT Publishing. During our call, you raised an issue regarding whether the case would be judge- or jury-tried. As I noted at that time, I believe my client's position on this issue is well-founded. I write now to provide you with further information in that regard.

    I understand it is your position that OFC has prepared its case with the understanding that it would be tried to the court. Nonetheless, the demand for jury trial in this case was filed on June 6, 2003, with the Complaint, and was served with the Complaint. Any question as to whether the jury demand was filed and served, and as to whether OFC had actual notice of the jury demand, is rendered moot by the Notice of Filing submitted by Randy Weddle on January 15, 2004, in his capacity as attorney for both AB Dick and OFC. <u>See</u> Attachment 1 hereto. As required by the federal removal statute and by court order, Mr. Weddle provided copies of the entire state trial court record, and certified that such copies represented the complete record of the state trial court. As you will note, in Paragraph 7 Mr. Weddle certified that the jury demand was part of the record. <u>See</u> Attachment 1. Regardless of any concerns you may have about the form of the document, the jury demand was timely filed, OFC had the demand in its possession, and OFC has judicially admitted to being on notice of the demand since January of 2004. As you are aware, the constitutional right to trial by jury is not lightly waived - this case will be tried to a jury.

    You also raised an issue regarding AT Publishing's potential exposure to an award of full attorney's fees. AT Publishing does not share your position on either the applicability or the effect of the contract provision you cited. First, as with the Lease's provision regarding waiver of the Article 2A inspection provisions, it is unclear that this provision is enforceable at all. Moreover, both Georgia and Alaska law significantly limit the amount of fees that OFC could recover in the unlikely event it prevails in this case. <u>See</u> OCGA § 13-1-11(a); Ak. R. Civ. Proc. 82; D. Ak. L.R. 54.3. Clearly AT Publishing faces some exposure to an award of partial attorney's fees against it in the event it should lose – this is, however, an exposure that OFC also faces, in at least equal if not greater measure.

DORSEY

I look forward to hearing from you on available dates for conducting a mediation in Anchorage. You were to check on the availability of the OFC representative during the weeks of July 10, July 31 and August 7-9. I want the parties to consider Elaine Andrews, a former Superior Court Judge, as an alternative to Doug Serdahely. Elaine is currently the chair of the mediation program for the Alaska Supreme Court and is a well-respected mediator. She is somewhat more forceful in her mediation style than Doug, which might be helpful in our case. Randy certainly knows both Elaine and Doug.

Very truly yours,

FOR Michael R. Mills

Enclosures