MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*AT PUBLISHING, INC.*  v.  *A.B. DICK COMPANY, et al.*

THE HONORABLE JOHN W. SEDWICK           CASE NO. 3:04-cv-00011 (JWS)

PROCEEDINGS:   **ORDER FROM CHAMBERS**           Date: July 21, 2006

At docket 88, defendant OFC Capital moves to clarify the non-jury trial status of this case. The motion is opposed by plaintiff AT Publishing, Inc. at docket 89. OFC asks the court to declare that, despite the fact that this case has been proceeding as one in which there would be a jury trial, AT Publishing waived its right to a jury trial pursuant to FED. R. CIV. P. 38, because it did not timely serve its demand for jury trial.

This case was originally filed in state court where a demand for jury trial was filed. However, the record contains no evidence that the demand actually was served on defendants. The case was timely removed to this court. Thereafter, on January 15, 2004, in a "Notice of Filing" at docket 7, counsel for "defendants" recited, *inter alia*, that a demand for jury trial was filed in state court, and attached a copy of the demand for jury trial to the Notice. (Doc. 7, exh. 7) OFC Captial's answer to the complaint was not filed until January 30, 2004, by the same lawyer who filed the Notice of Filing. (Doc. 9) Clearly, then, when OFC Capital filed its answer, a jury demand had been filed in the state court, re-filed in this court, and actually been received by counsel for OFC Capital.

To accept OFC Captial's pettifogging argument that AT Publishing waived its right to a jury trial, because it cannot now point to a statement in the record showing that it served a copy of the jury demand on OFC Captial prior to the filing of the last relevant pleading, would exalt form over substance: OFC Capital actually possessed a copy of the demand for jury trial at least 15 days before it filed its answer. Furthermore, the parties have been treating this case–and successfully inviting this court to treat this case–as a jury trial case from the outset. If anything has been waived, it is OFC's ability to contend that this case should be tried without a jury. The motion at docket 88 is **DENIED**.

**IT IS FURTHER ORDERED**: Unless closing papers are sooner filed, the parties shall file an updated report on their efforts to mediate or otherwise settle this case on **August 28, 2006.**