Michael Stehle,
ABA No. 9106054
737 West 5th Ave., suite 206
Anchorage, Alaska 99501
(907) 677-7877
(907) 677-7894 Facsimile

Marion F. Walker
Attorney for OFC Capital
FORD & HARRISON, LLP
2100 Third Avenue North
Suite 400
Birmingham, AL 35203
Phone:       (205) 244-5916
Fax:           (205) 244-5901

Randall J. Weddle, Esq.
HOLMES WEDDLE & BARCOTT, PC
701 W. 8th Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907)274-0666
Fax: (907)277-4657

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| AT PUBLISHING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | A04-0011 CV (JWS) |
| A.B. DICK COMPANY and ) | |
| OFC CAPITAL, a division of ) | |
| ALFA FINANCIAL CORPORATION, ) | |
| ) | |
| OFC CAPITAL, a division of ) | |
| ALFA FINANCIAL CORPORATION, ) | |
| ) | |
| Counterclaimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| AT PUBLISHING, INC., ) | |
| ) | |
| Counterclaim-Defendant. ) | |

Statement of Facts
A01-0011 CV (JWS)
Page 1 of 4

## AGREED JOINT STATEMENT OF FACTS

1. AT Publishing is a family owned printing business. Frank Martone and his family have owned and operated AT Publishing since 1959. Frank Martone is the Chief Executive Officer of AT Publishing and he handles the overall management of AT Publishing. The other officers of AT Publishing are Frank's wife, Edna Martone, one of their sons, Andrew Martone, and one of their daughters, Marie Martone.

2. Frank Martone has 43 years experience in buying printing equipment and had used finance leases for some of those purchases.

3. OFC Capital is a business engaged in equipment lease financing with its principal place of business in the State of Georgia. A.B. Dick was one of OFC Capital's vendor accounts and the two companies had a good working relationship.

4. On November 7, 2002, A.B. Dick issued a sales order for certain printing equipment to be shipped to AT Publishing and billed to OFC Capital. AT Publishing signed the sales order on November 8, 2002.

5. The printing equipment recommended by A.B. Dick is a large and complex set of machinery. It was slightly different than the other presses owned by A.T. Publishing. Rather than using a metal plate from which to make the prints, it used a polyester plate. And rather than use a photographic process to create the image on the plate, the 4995 Press used the digital plate-maker, which created a polyester plate, digitally, from a computer file.

6. Under a "pre-funding" Agreement, A.B. Dick granted OFC Capital a first right of refusal on A.B. Dick's lease finance business. This generated more lease finance business for OFC Capital. Under the Prefunding Agreement, OFC Capital agreed to pre-fund 75% of the sales price, upon the signing of the sales order, before the equipment had been delivered to and accepted by the business acquiring the equipment, in exchange for A.B. Dick's promise to repay the money, or allow it to be applied against another transaction, if the customer did not accept the equipment.

7. On November 10, 2002, A.B. Dick faxed the sales order signed by Frank Martone to OFC Capital. It requested OFC to first contact A.B. Dick's salesman and then to contact Frank Martone to complete the finance documents. It requested OFC to expedite the process representing that there was a 4995 Press available for December delivery. The Pre-funding Agreement provided that delivery and acceptance was required to be made within 60 days of pre-funding, or OFC Capital could request A.B. Dick to return the money.

8. AT Publishing sent an application for financing to OFC Capital on November 11, 2002. Approximately one week later, OFC Capital sent AT Publishing a packet of documents to cover the financing, including a Master Lease Agreement, two equipment Schedules, and two forms entitled Delivery And Acceptance Receipt.

9. On November 19, 2002, Frank Martone signed all the financing documents sent by OFC Capital, including the Master Lease Agreement, both equipment Schedules, a letter from OFC Capital granting AT Publishing a purchase option, a Purchase Agreement, as well as, the two Delivery and Acceptance Receipts.

10. The Delivery and Acceptance Receipts which were signed, but not dated, by Frank Martone, represented that the equipment had been delivered, inspected, installed and was in good working condition. In fact, the equipment had not yet been delivered when Frank Martone signed and returned the Receipts. .

11. Pursuant to the "Prefunding Agreement" between A.B. Dick and OFC Capital, on November 22, 2002, OFC Capital issued payment to A.B. Dick in the amount of $281,250, representing 75% of the total $375,000 sales order

12. On November 25, 2002, OFC Capital sent AT Publishing a fax requesting additional documentation regarding AT Publishing's application for financing.

13. On December 2, 2002, OFC Capital sent another fax requesting yet additional information in support of AT Publishing's application for financing.

14. More than 60 days passed and the equipment still had not been delivered to AT Publishing.

      Despite the fact that more than 60 days had passed, OFC Capital did not request its money back from A.B Dick.

15. On January 31, 2003 A.B. Dick sent AT Publishing a status report on the anticipated delivery of the new system.

16. A 4995 Press and a DPM 2340 plate-maker were delivered to AT Publishing in early March 2003.

17. On May 5, 2003, OFC Capital called requesting payment under the lease. AT Publishing informed OFC Capital that the press was not working.

18. A.B. Dick had a contractual obligation to repay OFC Capital all money OFC Capital had paid to A.B. Dick, if AT Publishing did not accept the leased equipment

DATED this 20 day of April, 2007.

/S/
Michael Stehle,
Attorney for AT Publishing, Inc.
ABA No. 9106054

**s/Marion F. Walker**
Marion F. Walker
Attorney for OFC Capital

Birmingham:16137.1