Michael T. Stehle
LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. Fifth Ave., Suite 206
Anchorage, Alaska 99501
Phone:  (907) 677-7877
Fax:     (907) 677-7894
Attorneys for Plaintiff AT Publishing, Inc.

Marion F. Walker
FORD & HARRISON, LLP
2100 Third Avenue North, Suite 400
Birmingham, AL 35203
Phone: (205) 244-5916
Fax:    (205) 244-5901
Attorney for OFC Capital

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC.,      ) | |
|      ) | |
|     Plaintiff,    ) | |
|      ) | |
|     vs.      ) | |
|      ) | |
| A.B. DICK COMPANY and   ) | |
| OFC CAPITAL, a division of   ) | |
| ALFA FINANCIAL CORPORATION,  ) | |
|      ) | Case No. A04-0011 CV (JWS) |
|     Defendants.   ) | |
|      ) | |

### Statement of Issues to be Tried in *AT Publishing vs. OFC Capital*

1.      Did AT Publishing accept the equipment under the circumstances? (Section 11-2A-515(1) Georgia Code and Alaska Stat. § 45.12.515 (same))

A lessee is deemed to have accepted the Equipment once it has had "a reasonable

opportunity to inspect the goods" and:

(a) The lessee signifies or acts with respect to the goods in a manner that signifies to the lessor or the supplier that the goods are conforming or that the lessee will take or retain them in spite of their nonconformity; or

(b) The lessee fails to make an effective rejection of the goods.

A reasonable time to inspect under the UCC "must allow an opportunity to put the product to its intended use, or for testing to verify its capability to perform as intended." *Colonial Pacific Leasing Corp. v. J.W.C.J.R. Corp.* 977 P. 2d 541, 545 (1999)

2.      Did AT Publishing make a valid rejection of the equipment under the circumstances? (U.C.C. § 2A-509, O.C.G. § 11-2A-509; U.C.C. § 2A-515, O.C.G. § 11-2A-515)

Elements: A lessee may reject tendered goods if they fail in any respect to conform to the lease contract, and will be implied to accept goods only if:

(1) the lessee has had a reasonable opportunity to inspect the goods, and (2) either

(a) the lessee signifies or acts with respect to the goods in a manner that signifies to the lessor or supplier that the goods are conforming or that the lessee will take or retain them in spite of their nonconformity, or

(b) the lessee fails to make an effective rejection of the goods. A rejection is ineffective where the lessee does not seasonably notify the lessor in terms that clearly communicate a rejection of the equipment and lease.

Section 11-2A-509(2) and Section 11-2A-515(1); *Colonial Pacific Leasing Corp. v. J.W.C.J.R. Corp.,* 977 P. 2d 541, 547 (1999)

3.      If AT Publishing's rejection of the equipment was not valid under the circumstances, did AT Publishing properly revoke any implied acceptance under the circumstances? (U.C.C. § 2A-517, O.C.G. § 11-2A-517; Section 11-2A-516(2) Ga. Code Ann.)

Elements: A lessee may revoke acceptance of goods if:

(1) the nonconformity of the goods substantially impairs its value to the lessee,

(2) the lessee accepted it without discovery of the nonconformity, and

(3) the lessee's acceptance was reasonably induced by the lessor's assurances.

STATEMENT OF ISSUES
Case No. A01-0011 CV (JWS)

(4)  Revocation of acceptance must occur within reasonable time after the lessee discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by the nonconformity. Revocation is not effective until the lessee notifies the lessor.

4.    Did OFC Capital breach any obligation to AT Publishing by prematurely releasing funds to AB Dick before delivery, installation, and acceptance of the equipment?

*JAZ, Inc. Foley,* 85 P.3d 1099, 1105-07 (Hawaii App. 2004)

5.    Are any damages due to AT Publishing as a result of any breach by OFC Capital?  (U.C.C. § 2A-519, O.C.G. § 11-2A-519)?

Elements:

(1) the cost of cover and

(2)  incidental and consequential damages caused to the lessee by the default.

6.    If OFC Capital breached a duty owed to AT Publishing, may it still seek to recover damages from AT publishing?  (Restatement (Second) of Contracts § 237)

Elements:  It is a condition of each party's remaining duties to render performances to be exchanged under an exchange of promises that there be no uncured material failure by the other party to render any such performance due at an earlier time.

7.    If AT Publishing's rejection was untimely, or its revocation of any implied acceptance was not effective, and OFC Capital can seek to recover damages from AT Publishing, is OFC Capital's liquidated damages clause in fact an unenforceable penalty clause?  (U.C.C. § 2A-504, O.C.G. § 11-2A-504)

Elements:  A liquidated damages clause in a contract is enforceable only if, at the time the contract is entered into by the parties, it provides for an amount or formula that is reasonable in light of the then anticipated harm caused by the default.

8.    The parties accept that local rule 54(3) controls the application for and award of attorney fees in this case. For this reason the parties assume the issue of attorney fees will not be presented to the jury, but taken up by the court.

9.      If AT Publishing's rejection of the goods was untimely, or its revocation of any implied acceptance was not effective, and OFC Capitol can seek to recover damages from AT Publishing, did OFC Capital mitigate any damages caused by the untimely rejection?

Elements:  A party must make all reasonable efforts to mitigate its damages. The burden is upon the party asserting a lack of mitigation to prove it. *Moreland Auto Shop v. TSC Leasing Corporation*, 216 Ga. App. 438, 441,454 S.E. 2d 626, 628 (1995)

DATED this 20th day of April, 2007.


                                        s/ Michael T. Stehle_____
                                        Michael Stehle, ABA No. 9106054


                                        Marion F. Walker_____
                                        Marion F. Walker
                                        Attorney for OFC Capital


Birmingham:16139.1


STATEMENT OF ISSUES
Case No. A01-0011 CV (JWS)
Page 4 of 4