Michael T. Stehle
LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. Fifth Ave., Suite 206
Anchorage, Alaska 99501
Phone: (907) 677-7877
Fax:    (907) 677-7894
Attorneys for Plaintiff AT Publishing, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| A.B. DICK COMPANY and ) | |
| OFC CAPITAL, a division of ) | |
| ALFA FINANCIAL CORPORATION, ) | |
| ) | Case No. A04-0011 CV (JWS) |
| Defendants. ) | |
| _____) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO AMENDMENT OF PLAINTIFF'S WITNESS LIST

Defendant OFC Capital has objected to AT Publishing's addition of Michael Mills to its Final Witness List. But, as OFC Capital notes in paragraph 2 of its Objection, there has been a substantial change in circumstances since the Final Witness List was first filed. More specifically, AT Publishing is now represented by new counsel, the undersigned, and Michael Mills is no longer representing them in this action such that his appearance as an advocate and witness might confuse the jury in some way.

Moreover, as the undersigned reviewed the voluminous files in this matter, it

became clear that Mr. Mills acted on behalf of AT Publishing not only in litigation before this Court, but also in extra-judicial matters bearing on the issues to be tried here. More specifically, Mr. Mills actively participated in discussions on behalf of AT Publishing with OFC Capital and A.B. Dick regarding the non-conforming status of the equipment delivered to AT Publishing under the purported lease. In addition to the non-conforming status of the equipment, these discussions also addressed the issues of acceptance and/or rejection of the non-conforming goods that are the main issues in this litigation. Numerous letters were exchanged between Mr. Mills and representatives of OFC Capital and A.B. Dick on these subjects that are directly at issue in this action. Mr. Mills has direct personal knowledge of these discussions and the letters written in the course of these discussions regarding the non-conforming status of the equipment, and any acceptance and/or rejection of it.

Defendant OFC Capital cannot legitimately claim "unfair surprise" or "undue prejudice" because it received most, if not all, of these letters as correspondence in the course of these discussions, and further received all of these relevant and non-privileged letters in the proper course of discovery in this litigation. OFC Capital is thus intimately familiar with the substance and scope of Mr. Mills' personal knowledge and expected testimony at trial.

Even if OFC Capital could show some slight prejudice because it has not deposed Mr. Mills, the proper method for remedying such a claim of prejudice would be to allow OFC Capital to depose Mr. Mills about his personal knowledge of these relevant and

non-privileged discussions in advance of trial, not to exclude his material and probative testimony from trial altogether.

DATED this 24th day of April, 2007, at Anchorage, Alaska.

s/ Michael T. Stehle
Michael T. Stehle, ABA No. 9106054

**Certificate of Service**

I hereby certify that on April 24, 2007
a true and correct copy of the foregoing was
electronically mailed to the following:

Patrick Gilmore
acgef@acglaw.com, pbg@acglaw.com, dap@acglaw.com.

Marion Walker
mfwalker@fordharrison.com, mwilkens@fordharrison.com, dbivins@fordharrison.com.

Randy Weddle
rweddle@hwb-law.com,    bfontaine@hwb-law.com,    jekstrand@hwb-law.com,
kwarne@hwb-law.com.

s/ Michael T. Stehle
Michael T. Stehle