Michael T. Stehle
LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. Fifth Ave., Suite 206
Anchorage, Alaska 99501
Phone: (907) 677-7877
Fax:    (907) 677-7894
Attorneys for Plaintiff AT Publishing, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| A.B. DICK COMPANY and ) | |
| OFC CAPITAL, a division of ) | |
| ALFA FINANCIAL CORPORATION, ) | |
| ) | Case No. A04-0011 CV (JWS) |
| Defendants. ) | |
| _____) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO SUPPLEMENT OF STATEMENT OF THE ISSUES BY PLAINTIFF AND OPPOSITION TO MOTION TO STRIKE

Defendant OFC Capital has objected to AT Publishing's Supplement to Statement of Issues filed on April 26, 2007 relating to "cure." Cure is not a new issue in this action, however, and there is nothing surprising, prejudicial, or otherwise remarkable about the supplement filed by plaintiff. The Agreed Statement of Issues filed by the parties on April 20, 2007 discusses OFC Capital's delivery of nonconforming goods at numerous places, which sets out the cure issue at least implicitly, if not explicitly. Under the U.C.C., if a

"delivery by the lessor or the supplier is rejected because it is nonconforming," "the lessor or the supplier may seasonably notify the lessee of the lessor's or the supplier's intention to cure" and attempt to make such cure. U.C.C. § 2A-513; Off'l Code of Ga. § 11-2A-513.

The documentary and testimonial evidence in this case shows that OFC Capital, by and through AB Dick, attempted to exercise its right to try and cure the nonconforming goods delivered to AT Publishing. Documents produced by both AT Publishing and OFC Capitol in discovery expressly show as much, and witnesses offered deposition testimony consistent with these documents. After being notified by AT Publishing that the equipment was not working, and was therefore not accepted, OFC Capitol contacted AB Dick and demanded return of the funds it had paid to AB Dick. (Ex. 59 at p. 2-3, which is an admitted exhibit) Rather than persisting with this course of action, however, OFC Capital changed tack and elected to have AB Dick attempt to cure the nonconforming equipment that was delivered under the lease agreement. Both parties have designated numerous exhibits and deposition excerpts relating to the attempt to fix, or "cure," the nonconforming equipment. Cure is therefore not a new issue in this case, regardless of the exact name it is given.

It was not until the parties met and discussed exhibits that a dispute arose regarding the precise characterization of such evidence. Initially, the parties were supposed to meet and discuss exhibits *before* the Agreed Statement of Issues was to be filed on April 20, 2007. Had they done so, no supplement would have been filed because AT Publishing would have simply included the "cure" issue with its Separate Statement of Issues filed on

April 20, 2007. But, at OFC Capital's behest, the parties stipulated to extending the time for meeting and discussing exhibits until the week of April 23, 2007. The parties met regarding exhibits on April 25, 2007. After a dispute arose regarding characterization of this evidence relating to cure, AT Publishing promptly filed its Supplement to Statement of Issues on April 26, 2007. OFC Capital was not prejudiced by this six-day delay which it occasioned – OFC Captial is also submitting exhibits and deposition testimony regarding the attempts to fix the nonfunctioning equipment, even if it refrains from calling this evidence of "cure." Finally, to the extent OFC Capital has other exhibits or deposition testimony that it wants to offer in light of plaintiff's supplement, AT Publishing does not object to it doing so, thereby eliminating any claim of prejudice.

      Although not clear in its Motion to Strike, OFC also appears to take exception to Plaintiff's separate statement of issues filed on April 20, 2007 regarding agency. The facts to be presented by the parties, including the facts offered by OFC, clearly raise an issue of agency. Indeed, the documentary evidence offered by OFC clearly states that A.B. Dick is acting as OFC's agent in supplying and installing the equipment leased to AT Publishing by OFC. In addition, Mr. Leas, OFC's president, testified that A.B. Dick repossessed the equipment from AT Publishing on behalf of OFC. He furthered testified that A.B. Dick acted as OFC's agent in selling the repossessed equipment. And the amount received figures into OFC's calculation of its damages and is evidence as to whether or not OFC mitigated its damages, one of the agreed upon issues in the case. If OFC agrees that A.B. Dick was at all times acting as its agent in this transaction then agency is admitted and, in

that sense, is not an issue. But since OFC appears to be denying that A.B. Dick was acting as its agent in this equipment lease transaction, agency is at issue.

In conclusion, AT Publishing respectfully requests that OFC Capital's objection to the supplement of the statement of issues be overruled, and its motion to strike be denied.

DATED this 3rd day of May, 2007, at Anchorage, Alaska.

s/ Michael T. Stehle
Michael T. Stehle, ABA No. 9106054

**Certificate of Service**

I hereby certify that on May 3, 2007
a true and correct copy of the foregoing was
electronically mailed to the following:

Patrick Gilmore
acgef@acglaw.com, pbg@acglaw.com, dap@acglaw.com.

Marion Walker
mfwalker@fordharrison.com, mwilkens@fordharrison.com, dbivins@fordharrison.com.

Randy Weddle
rweddle@hwb-law.com,      bfontaine@hwb-law.com,      jekstrand@hwb-law.com,
kwarne@hwb-law.com.

s/ Michael T. Stehle
Michael T. Stehle

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION
TO SUPPLEMENT OF STATEMENT OF ISSUES BY PLAINTIFF AND OPPOSITION
TO MOTION TO STRIKE
Case No. A01-0011 CV (JWS)
Page 4 of 4