Randall J. Weddle, Esq.
HOLMES WEDDLE & BARCOTT, PC
701 W. 8th Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907)274-0666
Fax: (907)277-4657

Marion F. Walker
FORD & HARRISON LLP
2100 Third Avenue North, Suite 400
Birmingham, Alabama  35203
Phone:      (205) 244-5916
Fax:        (205) 244-5901

Attorney for Defendant OFC Capital, a division of ALFA Financial Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-0011-JWS |
| ) | |
| A.B. DICK COMPANY and OFC ) | |
| CAPITAL, a division of ALFA ) | |
| FINANCIAL CORPORATION, ) | |
| ) | |
| Defendants. ) | |

OFC CAPITAL'S OBJECTION TO AT PUBLISHING TRIAL EXHIBIT LIST

NOW COMES OFC CAPITAL, by and through its attorneys, and for objection to the AT Publishing Exhibit List says as follows:

1.    OFC Capital objects to AT Publishing Exhibit Nos. 1-5 because any such documents requested in Request for Production by OFC Capital in its First Set of

Discovery Requests states, to-wit: "Please provide all receipts, invoices or other documents authorizing or otherwise relating to printing jobs performed on or by the Equipment described in the Amended Complaint." See attached Exhibit 1 – AT Publishing Responses to OFC Capital First Request for Discovery. This Request clearly covers the documents and things identified as Exhibits 1-5.

AT Publishing responded August 3, 2004, thus: "AT Publishing provides invoices for the jobs performed for Lynne Wood for Assembly and K-Beach Elementary. AT Publishing continues to identify and gather documents and will make them available for inspection and copying, at the expense of the requestor, at the offices of Bankston Gronning O'Hara, 601 W. 5th Avenue, Suite 900, Anchorage, AK 99501."

AT Publishing attorneys never provided a supplementation to say additional documents were available for inspection in fulfillment of this response.

In the second instance, Exhibit Nos. 1-5, although not dated, are believed to follow the initial installation, training, operation and acceptance of the equipment covered by the OFC Capital Master Lease and Lease Schedules 1 and 2, and are therefore not relevant to the claims against OFC Capital under FRE Rules 401-403.

2. OFC Capital objects to those exhibits put forth by Plaintiff having to do or in any way relating to the Indigo Press, which are listed on Plaintiff's exhibit list as: 11-25; 36-39; 40 and 41. This press was one AT Publishing, Inc. was purchasing from A.B. Dick through a finance lease with A.B. Dick Capital. OFC Capital objects to any documents or testimony about documents regarding the Indigo Press and whether or not it worked, how it worked, or how it was designed to work. However, OFC Capital does not object to any documents regarding any prior equipment leases by AT Publishing

2

and/or Frank Martone, including the A.B. Dick Capital lease for the Indigo Press, because such documents reflect Frank Martone's and AT Publishing's knowledge of how equipment leases work.

3. OFC Capital contends the "Indigo Press" exhibits are not relevant under Rules 401 or 402. Further, these exhibits are not admissible under Rule 403 because any probative value offered thereby is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and undue delay in the trial of the case, because OFC Capital was not a party to the transaction, between A.B. Dick, AT Publishing and A.B. Dick Capital, involving the Indigo Press. OFC Capital also objects to the Indigo Press exhibits under Rules 404-406 and contends AT Publishing is attempting, with the introduction of the Indigo Press exhibits, to suggest a certain "character" of doing business, or "habit" of doing business on the part of A.B. Dick that carried over from the experience with the Indigo Press to that of the 4995A four color press which is at issue in this case.

4. OFC Capital objects to those exhibits of AT Publishing, numbered 6-10, 47-58, 74-81, which address, or otherwise are related to, any "test" or "cure" pursued by A.B. Dick and AT Publishing on the grounds that same are irrelevant to any legitimate issue in the case, are irrelevant, under FRE Rules 401-403, to whether or not AT Publishing had sufficient time to inspect and operate the equipment, and accepted the equipment and/or lease with OFC Capital. OFC Capital was not present for any of the "test" or "cure" efforts regarding the machine, or with regard to any representations A.B. Dick made. Moreover, OFC Capital's Lease Schedule Agreement specifically excludes vendor representations as a part of the agreement between OFC Capital and AT

Publishing. However, to the extent the Court allows AT Publishing to use any of these identified exhibits, OFC Capital reserves the right to introduce other exhibits of A.B. Dick which may bear upon, refute or otherwise explain said exhibits.

   5. OFC Capital objects to Exhibit No. 46 put forth by AT Publishing which is a September 1, 2004 news article regarding the A.B. Dick bankruptcy. OFC Capital contends this document is not admissible for any purpose, is prejudicial and can only be offered to try and suggest OFC Capital had some information about the financial condition of A.B. Dick that AT Publishing did not have – a fact which is in and of itself not relevant to the issues in this case.

   6. OFC Capital objects to Exhibit No. 82 offered by AT Publishing which is an affidavit of Carolyn McClain, an employee of OFC Capital and who will testify in person at the trial of this case. While OFC Capital accepts that the affidavit of Ms. McClain may be used for a number of purposes in the course of her testimony, such as refreshing her recollection, or impeachment, there is no rule of FRE that countenances introducing her affidavit into evidence as an exhibit, especially when she is shown to be available as a witness pursuant to FRE Rule 804.

               s/ Marion F. Walker
               Marion F. Walker
               Attorney for Defendant OFC Capital

OF COUNSEL:
FORD & HARRISON LLP

               Randall J. Weddle
               Alaska Bar No. 7206034
               Attorney for OFC Capital

OF COUNSEL:
HOLMES, WEDDLE & BARCOTT, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that, on the 4th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Michael T. Stehle
>Law Office of Michael Stehle, PC
>737 West 5th Ave., Suite 206
>Anchorage, Alaska 99501

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>Not Applicable.

>s/ Marion F. Walker
>Of Counsel

Birmingham:16234.1