Michael R. Mills
Bankston, Gronning, O'Hara,
Sedor, Mills, Givens & Heaphey, P.C.
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Telephone: (907) 276-1711
Facsimile: (907) 279-5358

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. A04-0011 CV [JWS] |
| ) | |
| A.B. DICK COMPANY and ) | |
| OFC CAPITAL, a division of ) | |
| ALFA FINANCIAL CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| OFC CAPITAL, a division of ) | |
| ALFA FINANCIAL CORPORATION, ) | |
| ) | |
| Counterclaim ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| AT PUBLISHING, INC., ) | |
| ) | |
| Counterclaim ) | |
| Defendant. ) | |
| _____) | |

EXHIBIT 1

PLAINTIFF AT PUBLISHING, INC.'s RESPONSE TO
DEFENDANT OFC CAPITAL'S FIRST SET OF DISCOVERY REQUESTS
*AT Publishing, Inc. v. AB Dick Co., et al.,* Case No. 04-0011CV (JWS)          Page 1 of 13
RESP1stDiscReq(OFC).doc

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

## PLAINTIFF AT PUBLISHING, INC.'S RESPONSE TO DEFENDANT OFC CAPITAL'S FIRST SET OF DISCOVERY REQUESTS

AT Publishing, Inc., plaintiff and counterclaim defendant in the action herein, by and through its counsel of record hereby responds to Defendant OFC Capital's First Set of Discovery Requests as follows:

### INTERROGATORIES

INTERROGATORY NO. 1: Identify all customers for whom printing jobs were performed using the Equipment.

RESPONSE:

Lynne Woods for Assembly
P.O. Box 97S
Sutton, AK 99674-0037

Kenai Peninsula Borough School District
K-Beach Elementary
148 North Binkley Street
Soldotna, AK 99669-7599

INTERROGATORY NO. 2: With respect to your response to Interrogatory No. 1, state the dates on which said printing jobs were performed.

RESPONSE: The printing jobs were performed on or about May 20, 2004 by a repair person sent by AB Dick who requested from AT Publishing a print-ready job to run in order to test the repairs he was making.

INTERROGATORY NO. 3: With respect to your response to Interrogatory No. 1, describe in detail the nature of the printing jobs performed for each of said customers, including the size of the run and the amount charged for each job.

RESPONSE:

AT Publishing has not used the equipment and has never been able to produce print jobs with the equipment. On or about May 20, 2004, AB Dick sent a repair person to AT Publishing to attempt to fix the equipment. The repair person requested print ready jobs to test a repair he was attempting. AT Publishing had two small projects in files in progress at the time. One was an order for 250 or 500 color cards for politician Lynn Woods. AT Publishing offered her a discounted price (50% off) due to the difference in quality and sold her the cards that were used on our stock for $195.00 instead of $395.00. The other job was a cover for a 500 or 1000 run cover for Memory Book for K Beach Elementary, which was rejected.

INTERROGATORY NO. 4: Identify the person employed by you responsible for maintaining the Equipment, as well as the name of all of your employees who have ever operated the Equipment.

RESPONSE: The equipment was never up to operating standards. No one from AT Publishing has been assigned to maintain the equipment, which was been sitting in AT Publishing's shop covered up and out of commission for over 17 months.

The following AT Publishing personnel were assigned to receive training on the equipment, but because the equipment has never been operational, they have not ever been able to operate the equipment: Greg Martone, Esequiel Laguna, Jr., Clint Seyer, Scott Lumby, Marie McConkey, Ted Grahm, and Andrew Martone.

INTERROGATORY NO. 5: Have you contacted any bank, lending institution, leasing company, or other entity regarding borrowing money to purchase the Equipment? If the

PLAINTIFF AT PUBLISHING, INC.'s RESPONSE TO
DEFENDANT OFC CAPITAL'S FIRST SET OF DISCOVERY REQUESTS
*AT Publishing, Inc. v. AB Dick Co., et al.*, Case No. 04-0011CV (JWS)
RESP1stDiscReq(OFC).doc

Page 3 of 13

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

answer is yes, identify the entity so contacted, the dates of such contact, and the persons involved in such communications.

RESPONSE: No

INTERROGATORY NO. 6: Please identify each employee and date same was made available by AT Publishing to be trained to use and operate the Equipment.

RESPONSE:

Greg Martone, Esequiel Laguna, Jr., Clint Seyer, Marie McConkey, Scott Lumby, Ted Grahm, and Andrew Martone have all been made available to be trained to use the equipment. AB Dick attempted to provide training to AT Publishing personnel in March 2003, April 2003, and early May 2004.

INTERROGATORY NO. 7: State the date you contend you first rejected the Equipment and identify all persons having knowledge of that event.

RESPONSE: The press was delivered to AT Publishing and attempted to be installed in early March 2003. When the AB Dick personnel were doing installation they did attempt to run a test sheet, which was not like the normal industry standard press test sheet, and the result did not look very good at all. AT Publishing was assured that those bugs or imperfections would be worked out when the trainer showed up. A trainer from AB Dick was sent to AT Publishing in March 2003. The trainer immediately had problems. The trainer questioned AT Publishing employees regarding the installation and they were constantly on the phone with there office they spent the entire week troubleshooting and attempting to make it run then at the end of the week they said there time was up and they had to go, and they left. A complaint was then emailed to AB Dick, which in April 2003 again sent a trainer who could not make the

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

press work and may have damaged the press, as damage appearing to have been caused by an Allen wrench in the machine was discovered on the next working day after his departure. The continuing problems and damage were communicated to AB Dick. AT Publishing paid for AB Dick personnel to repair the damage to the press done by the Allen wrench, but no further training was provided in 2003 as the press was rejected. AB Dick was provided an attempt to cure nonconformity in 2004, but that attempt was unsuccessful. Ben Taylor, Lee Whitten, Marie McConkey, Andrew Martone, Greg Martone, Frank Martone, Clint Seyer, Jeff Herden, Mike Murdock and Randy Garrett and the various repairmen and trainers from AB Dick have knowledge those events.

INTERROGATORY NO. 8: State the date you contend you first communicated to OFC Capital that you were rejecting the Equipment, the means by which this was communicated to OFC Capital, and identify all persons involved in said communication.

RESPONSE: Throughout the winter of 2002-2003, Frank Martone repeatedly informed callers from OFC Capital that the equipment had not been delivered.

In March 2003 after the failed training exercise, Andrew Martone emailed AB Dick through its web site to ask what AB Dick was going to do to make the press operational and informed AB Dick that their own trainer and mechanic couldn't get the press to run correctly.

AT Publishing continued to communicate with AB Dick about the press's failure to function and rejected the press after the failed April 2003 training attempt.

Counsel for AT Publishing communicated AT Publishing's rejection of the equipment in 2003.

PLAINTIFF AT PUBLISHING, INC.'s RESPONSE TO
DEFENDANT OFC CAPITAL'S FIRST SET OF DISCOVERY REQUESTS
*AT Publishing, Inc. v. AB Dick Co., et al.*, Case No. 04-0011CV (JWS)
RESP1stDiscReq(OFC).doc

Page 5 of 13

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

INTERROGATORY NO. 9: State each and every fact that relates to or supports your allegation that OFC Capital provided nonconforming equipment.

RESPONSE:

The equipment was delivered to AT Publishing and installation was begun in early March 2003. The installers attempted to run a little test sheet, which was unlike the normal industry standard press test sheet that previous presses purchased by AT Publishing were tested with, and the result did not look good. The representatives of AB Dick assured AT Publishing that bugs or imperfections would be worked out by trainers, who were sent to AT Publishing by AB Dick in March 2003.

The trainers, upon arriving at the AT Publishing facility and seeing the press, stated that the delivery personnel should have finished setting up the equipment in order to make it operational, but they had failed to do so. The trainers tried to train AT Publishing staff by running a simple print job, but could not do so because the equipment would not function properly. While the trainers were there, AT Publishing was in near daily contact with A.B. Dick regarding problems with the press. A local mechanic sent by A.B. Dick came almost daily to try to get the machine to function.

AT Publishing sent an email to AB Dick through AB Dick's web-site reporting the failed training, noting that AB Dick's own trainer and mechanic could not make the press function, and inquiring what AB Dick would do about it. As of Friday, March 21, 2003, installation of the new system was still not complete.

AB Dick then sent trainer Ray Seaward to provide training to former AT Publishing employee Clint Seyer, a veteran journeyman with more than two decades of experience. Mr.

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Seaward tried to work with the press for a week, continued to have the same problems with continual breakdowns, and could not get the press to perform with any continuity as well as produce an acceptable industry standard product. Mr. Seaward was not able to run a job on the press during the entire week that he was there and the next working day after Mr. Seaward's departure, the press was discovered to have a damaged drum seemingly caused by an Allen wrench. A.B. Dick said that it would send a certified offset trainer and a certified digital PlateMaster trainer back to AT Publishing for a week to verify that the new press system worked. AT Publishing paid for the repairs related to the Allen wrench, which were performed in June 2003, but further training was not provided.

An AB Dick mechanic who was frustrated with the problems with the equipment stated that when other presses have been shipped from Japan they have first gone to a plant in Chicago for assembly and print testing and then are disassembled and shipped to location. The equipment provided to AT Publishing came directly from Japan in components and was not set up and print tested by AB Dick before being delivered to AT Publishing.

After the lawsuit against OFC Capital and AB Dick was filed by AT Publishing, AT Publishing and AB Dick agreed that AB Dick personnel would return to attempt to make the equipment operational and provide training to AT Publishing if the equipment could be made to perform properly. AT Publishing provided AB Dick staff unimpeded access to its facility beginning on Monday, April 26, 2004. AB Dick staff worked with the press equipment for nine business days, until the afternoon of Thursday, May 6, 2004 when AB Dick staff believed that the equipment was ready for performance testing. On Friday, May 7, 2004, AB Dick personnel attempted to run a print job on the press. The product was streaky, had uneven

pigmentation, and had poor and inconsistent registration. Despite the poor quality of the product generated on the press by AB Dick's staff on Friday, May 7, 2004, AT Publishing allowed AB Dick to attempt to provide training during the following week without prejudice to AT Publishing's assertion that the equipment had failed to pass the testing agreed as parameters for the cure opportunity. The press broke down again on May 13, 2004 and AB Dick's representative was not able to make it operational before leaving Anchorage on Friday, May 14, 2004. AB Dick sent a local repair man, Lee Whitten to AT Publishing on Monday, May 17, 2004. Mr. Whitten advised Frank Martone by telephone on May 18, 2004 that he did not know what was wrong with the press and would have to contact AB Dick for further assistance. AB Dick then sent a repairman to AT Publishing on or about May 20, 2004. The cards for Lynn Woods that AB Dick's repairman ran as a test were of poor quality.

Due to the continuing performance problems and break-downs, AT Publishing has never received all of the equipment and training to which it was entitled under its contract.

INTERROGATORY NO. 10: Are you claiming money damages from OFC Capital? If the answer is yes, state (1) the amount and types of such damages, (2) the basis for such damages, and (3) the facts that support your claim for damages.

RESPONSE: Yes, attorney's fees incurred in litigating whether AT Publishing timely rejected the financed equipment such that the financing lease is rescinded. AT Publishing sought to acquire an efficient four-color press for short run jobs to capture a yearbook market, which has been taken over by AT Publishing's competitors since OFC Capital provided nonconforming equipment. AT Publishing has suffered lost time, wages, expenses, lost market share and damage to its reputation as a result of the nonconforming equipment provided by

PLAINTIFF AT PUBLISHING, INC.'s RESPONSE TO
DEFENDANT OFC CAPITAL'S FIRST SET OF DISCOVERY REQUESTS
*AT Publishing, Inc. v. AB Dick Co., et al.*, Case No. 04-0011CV (JWS)
RESP1stDiscReq(OFC).doc

Page 8 of 13

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

OFC Capital. AT Publishing has been in business for forty years and has bought numerous pieces of equipment, including pieces in the same price range as the equipment provided by OFC Capital, without having the many problems associated with the press provided by OFC Capital and AB Dick. Just last winter, two Heidelbergs were each installed, running, and press checked in three days and were producing at 80% capacity in on day four. Each piece produces $6,000 to $10,000 per day for an average of $15,000 per day for the pair. Both pieces together cost what the little AB Dick press was supposed to cost. AT Publishing has lost out on 95% of the Anchorage market share over the last year and a half in the niche market they were going to get a jump on. Even calculating loss at the lower production rate of the lesser two-color press and figuring 50% of that at a twenty-day work month, which would be $3,000 per day times twenty days per month times sixteen months would equal $960,000. AT Publishing is seeking these damages from AB Dick and additional damages that include damage to reputation and lost wages for all the failed training expenses. From OFC Capital, AT Publishing is seeking its costs and attorney's fees incurred in litigating its rightful rejection of the equipment.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: Please provide all receipts, invoices or other documents authorizing or otherwise relating to printing jobs performed on or by the Equipment described in the Amended Complaint.

RESPONSE: AT Publishing provides invoices for the jobs performed for Lynne Wood for Assembly and K-Beach Elementary. AT Publishing continues to identify and gather documents and will make them available for inspection and copying, at the expense of the

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

requestor, at the offices of Bankston Gronning O'Hara, 601 W. 5th Avenue, Suite 900, Anchorage, AK 99501.

REQUEST FOR PRODUCTION NO. 2: Please provide a copy of any and all calendars, work orders, production schedules that reflect printing jobs performed by AT Publishing at any time between March 3, 2003 and the present.

RESPONSE: Object. Overbroad and burdensome and appears to include a request for documents that are neither relevant nor likely to lead to any discoverable information.

REQUEST FOR PRODUCTION NO. 3: Please provide any and all documents which reflect, support or otherwise substantiate any loss by AT Publishing as a result of the Equipment described in the Amended Complaint.

RESPONSE: AT Publishing and A.B. Dick have previously provided documentation in their initial disclosures. The damages are further substantiated by the documents produced in response to these requests for production.

REQUEST FOR PRODUCTION NO. 4: Please provide copies of all insurance policies, including the declaration pages, of any policies of insurance AT Publishing purchased to cover property damage to the Equipment.

RESPONSE: AT Publishing has previously provided OFC Capital with a copy of the insurance policy. AT Publishing is confirming the location of a declaration page. Upon receipt, a copy will be provided.

REQUEST FOR PRODUCTION NO. 5: Please provide any and all emails, from or to any person whoever, both in paper and electronic form, that deal with, relate to or otherwise mention the Equipment.

PLAINTIFF AT PUBLISHING, INC.'s RESPONSE TO
DEFENDANT OFC CAPITAL'S FIRST SET OF DISCOVERY REQUESTS
*AT Publishing, Inc. v. AB Dick Co., et al.*, Case No. 04-0011CV (JWS)
RESP1stDiscReq(OFC).doc

Page 10 of 13

RESPONSE: Object. Any communications between AT Publishing and its counsel are subject to attorney-client privilege. AT Publishing provides herein all correspondence to date with counsel for AB Dick, Jeffrey Herden as related to the Equipment herein identified. AT Publishing continues to identify any emails not subject to privilege related to the Equipment herein identified and will provide upon receipt.

REQUEST FOR PRODUCTION NO. 6: Provide any notices by you to OFC Capital that announce your position that the Equipment was non-conforming or which discuss facts you believe demonstrate that the Equipment was non-conforming.

RESPONSE: *See* Response to Request for Production No. 5 above.

REQUEST FOR PRODUCTION NO. 7: Produce all documents provided to you by A.B. Dick prior to the date you filed the complaint in this matter.

RESPONSE: Object. This request is overbroad and burdensome insofar as it requests documents, such as invoices for supplies ordered for other shops that are neither relevant or likely to lead to any relevant or discoverable information.

REQUEST FOR PRODUCTION NO. 8: Produce all documents you submitted to any insurance company relating to damage to the Equipment, including but not limited to proof of loss forms and statements explaining the loss.

RESPONSE: AT Publishing continues to identify documents responsive to this request. Copies will be provided upon receipt.

## REQUESTS FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1: Admit that Frank Martone signed the Master Lease Agreement dated November 18, 2002.

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

RESPONSE: Admitted.

REQUEST FOR ADMISSION NO. 2: Admit that Andrew Martone signed the Installation Activiation Certificate dated March 6, 2003.

RESPONSE: Admitted.

REQUEST FOR ADMISSION NO. 3: Admit that Frank Martone signed the Installation Activiation Certificate dated March 8, 2003.

RESPONSE: Admitted.

DATED at Anchorage, Alaska, this 3rd day of August, 2004.

BANKSTON, GRONNING, O'HARA,
SEDOR, MILLS, GIVENS & HEAPHEY, P.C.
Attorneys for Plaintiff

By: /s/ Michael R. Mills
Michael R. Mills
ABA # 8911074

I HEREBY CERTIFY that the foregoing document is in typeface Times Roman 13 point font, and further certify that a true and correct copy of the foregoing was (✓) mailed (✓) hand delivered (__) faxed to the following attorneys of record on the ____ day of August, 2004.

Randall J. Weddle
Holmes Weddle & Barcott
701 W. 8th Avenue, Suite 700
Anchorage, Alaska 99501

Gary S. Marks
Marion Walker
Baker Donelson, Bearman
Caldwell & Berkowitz
420 N. 20th Street
1600 South Trust Tower
Birmingham, Alabama 34203-5202

/s/ Yvette M. Gearring

PLAINTIFF AT PUBLISHING, INC.'s RESPONSE TO
DEFENDANT OFC CAPITAL'S FIRST SET OF DISCOVERY REQUESTS
*AT Publishing, Inc. v. AB Dick Co., et al.*, Case No. 04-0011CV (JWS)
RESP1stDiscReq(OFC).doc

Page 12 of 13

## VERIFICATION

STATE OF ALASKA           )
                          ) ss.
THIRD JUDICIAL DISTRICT   )

    <u>Frank Martone</u>, being first duly sworn, deposes and says:

    I am the <u>  CEO  </u> of A.T. Publishing, Inc., Plaintiff in the above-entitled matter. As such, I have full authority to and do hereby sign this instrument on behalf of A.T. Publishing, Inc. I have read the foregoing interrogatories and understand the contents thereof and have answered them to the best of my knowledge and belief. I have executed this document freely and voluntarily for the purpose set forth therein.

A.T. PUBLISHING, INC.

By: [signature]
Its:   CEO

SUBSCRIBED AND SWORN to before me this <u>3rd</u> day of <u>August</u>, 2004.

[signature]
Notary Public in and for Alaska
My Commission Expires: <u>9-12-05</u>

Q:\CLIENT\A3889\01\RESP1stDiscReq(OFC).doc

Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to