Michael T. Stehle
LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. Fifth Ave., Suite 206
Anchorage, Alaska 99501
Phone:  (907) 677-7877
Fax:     (907) 677-7894
Attorneys for Plaintiff AT Publishing, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| AT PUBLISHING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| A.B. DICK COMPANY and ) | |
| OFC CAPITAL, a division of ) | |
| ALFA FINANCIAL CORPORATION, ) | |
| ) | Case No. A04-0011 CV (JWS) |
| Defendants. ) | |
| _____) | |

## PLAINTIFF'S REPLY TO OFC'S OBJECTIONS TO PLAINTIFF'S CONTER-DESIGNATIONS OF DEPOSITION TESTIMONY

Plaintiff responds to OFC's objections to plaintiff's counter-designations of deposition testimony, as set forth in OFC CAPITAL'S RESPONSE TO AT PUBLISHING OBJECTIONS TO OFC TRIAL EXHIBITS.

### INTRODUCTION

OFC appears to believe that evidence that contradicts its position is not relevant. For instance, it continuously argues that evidence proffered by plaintiff which shows that the press was not conforming is not relevant to any issue being litigated between plaintiff

and OFC. It argues that such evidence would only be relevant on claims litigated with A.B. Dick. This is false.

One of the central issues in this case is whether AT Publishing accepted or rejected the equipment. It is undisputed that in early June 2003 Mike Mills, representing AT Publishing, wrote a letter expressly notifying A.B. Dick and OFC that AT Publishing had rejected the equipment. If that rejection is valid, OFC loses. OFC takes the position that this rejection was ineffective, arguing that AT Publishing had previously either expressly or impliedly accepted the equipment. Part and parcel of that argument is OFC's argument that AT Publishing had ample opportunity prior to that time to inspect or test the equipment and, therefore, that any rejection by AT Publishing was not timely. But as the Court is well aware, AT Publishing disputes OFC's position; AT Publishing claims that it never expressly accepted the press and that it's rejection of the equipment was proper under the circumstances and it should not be deemed to have impliedly accepted the equipment.

Under the applicable law, a lessee may reject tendered goods if they fail in any respect to conform to the lease contract. U.C.C § 2A-509. Thus, whether the goods were or were not conforming is relevant. Indeed, plaintiff notes that the vast majority of the testimony designated by OFC is directed to this issue. OFC has designated pages of testimony that it claims shows that the equipment worked well and that AT Publishing supposedly deliberately sabotaged the testing or training on the equipment. It argues that AT Publishing's claims that the equipment was not working properly are false or not

truthful. Obviously AT Publishing is able to rebut that supposed evidence with its own evidence that the equipment was not conforming and that its objections regarding the equipment were truthful. That evidence includes evidence of what the equipment was supposed to be capable of doing (i.e. evidence establishing performance parameters or criteria) as well as evidence tending to show whether the equipment met the performance parameters. If, however, OFC is willing to stipulate that the equipment was not conforming, then plaintiff agrees that all such evidence offered by both sides would not be relevant on a disputed issue, because the issue would no longer be disputed. But to date, OFC has not admitted that the equipment was a "lemon" and so the issue is disputed.

Similarly, whether AT Publishing can be deemed to have impliedly accepted the equipment is an inherently factual determination. AT Publishing had a right "to put the product to its intended use," and to test and verify "its capability to perform as intended." *Colonial pacific Leasing Corp. v. J.W.C.J.R. Corp.,* 977 P.2d 541, 545 (1999). Evidence of how the equipment was intended to perform, therefore, is relevant. For what purpose was AT Publishing seeking the equipment? Was it replacing other equipment? What knowledge did the vendor have regarding AT Publishing's needs? What did the vendor claim that the equipment would do? Evidence on all of those issues is relevant on the issue of whether or not the equipment performed as intended. Again, if OFC will stipulate that the equipment did not perform as intended, the issues for trial can be substantially narrowed, but to date it has not done so.

Similarly, evidence of testing and verifying the equipment's performance is

relevant. How was it tested? Did AT Publishing have an opportunity to put it to its intended use? What happened when it attempted to put it to its intended use? What happened when the vendor attempted to demonstrate the performance of the equipment? Again, unless and until OFC stipulates that the equipment did not perform as intended, evidence of how it performed is relevant and admissible.

Finally, plaintiff notes that many of the objections that OFC now makes to plaintiff's counter-designations of testimony go to the form of the question. For instance, OFC objects that certain questions call for hearsay. Those objections were waived if not made at the time of the deposition. While plaintiff believes that the objections are not well founded in any event, any such objections which were not properly preserved should be denied on that basis alone..

**Ashcroft**

Page 42, line 11 – Page 44, line 15; Page 44, line 25 – Page 45, line 6; Page 47, line 12 – Page 54, line 22: OFC's objections regarding Ashcroft's previous dealings with Frank Martone are not well founded. Plaintiff has counter-designated this testimony as cross examination. It rebuts OFC's argument that Mr. Martone's complaints about the equipment were not truthful or were manufactured ploys made in an attempt to improperly reject the equipment. Throughout this case OFC has taken the position that the equipment worked properly and that AT Publishing's complaints about the equipment were not truthful and that it supposedly engaged in a deliberate attempt to sabotage testing or training on the equipment. Ashcroft's testimony rebuts those arguments.

OFC's arguments regarding A.B. Dick's representations regarding the capability of the equipment are similarly misplaced. The brochures are business records of both A.B. Dick as well as of AT Publishing. Moreover, the representations contained therein are not offered for their truth but, rather, for the effect on the recipient's state of mind. That is, even if the equipment does not work as represented, it was represented as working. It is evidence of what AT Publishing reasonably expected.

Page 55, line 10 – Page 57, line 5: Again, representations by A.B. Dick regarding the capability of the equipment is relevant on the issue of what AT Publishing reasonably expected. The referenced exhibit is the actual sales order which has already been admitted as Defendant's Exhibit EEE.

Page 57, line 16 Page 62, line 4: OFC has not objected to this testimony but has requested the addition of page 62, line 5 – page 63, line 8. This addition is not necessary to clarify or complete plaintiff's designations. Plaintiff does not object to OFC including it in its designations, but plaintiff should not be compelled to offer the testimony as its own.

Page 70, line 5 – Page 71, line 21: OFC's objection is not well founded. The witness was copied on the letter at the time it was written and the letter purports to represent suggestions made by the witness himself, which the witness denies making.

**Green**

Page 89, line 2 – Page 90, line 21: OFC's objection that the proffered testimony is not complete and its attempt to compel plaintiff to also include page 90, line 21 – page 100, line 8 is not well founded. The testimony offered by plaintiff deals with a power

supply problem and the fact that A.B. Dick marketed the press to do instant four-color process work. The addition suggested by OFC deals with how many years the witness worked at A.B. Dick, how to save "postscript" documents, how long training should take, and whether people liked the DPM system. The topics are not at all related to the testimony designated by plaintiff. OFC is merely trying to bury plaintiff's designations by compelling it to sandwich that testimony in unrelated and, frankly, irrelevant testimony on other unrelated matters. The addition requested by OFC is not necessary to understand or complete the testimony designated by plaintiff and OFC should not be entitled to force plaintiff to offer this testimony as its own. To the extent OFC believes this additional testimony is relevant it must offer the testimony as its designated testimony to be read with its other designations.

Page 102, line 22 – Page 103, line 9: OFC's objection is not well founded for all the same reasons set out above. The testimony designated by plaintiff concerns the *witnesses* experience with installing the 4995 press and nothing more. The addition requested by OFC concerns a different person's experience and a host of completely unrelated matters. OFC is not permitted to compel plaintiff to offer this testimony as its own and to impermissibly confuse plaintiff's designated testimony by sandwiching it in unrelated testimony. The addition requested by OFC is not necessary to understand or complete the testimony designated by plaintiff. To the extent OFC believes this additional testimony is relevant it must offer the testimony as its designated testimony to be read with its other designations.

**Taylor**

Page 75, line 8 – Page 76, line 12: OFC does not identify the basis upon which it objects, only that it objects. The testimony is proper in that it sets a timeframe for Taylor's involvement and distinguishes between his involvement and Ashcroft's involvement, and how they worked together to prepare the quote to AT Publishing.

Page 78, line 5 – Page 80, line 11: The testimony concerns plaintiff's exhibit 27, an exhibit to which OFC offered no objection. The document itself is a business record and is therefore excepted from the hearsay rule. The representations therein are offered not for the truth of the matters asserted but for their effect on the listener. The testimony of the witness is not hearsay but his direct testimony as to how he uses the document. The testimony of the witness concerning the representations he made to AT Publishing regarding the press are relevant on the issue of AT Publishing's reasonable expectations. Again, AT Publishing is not suggesting that the representations are true, just that they were made, which the witness is admitting. It goes to the heart of the case which is whether or not the equipment was conforming with the vendor's representations and the reasonable expectations of AT Publishing. Because the witness is unavailable, his deposition testimony concerning these matters is not hearsay.

Page 84, line 22 – Page 86, line 15: The testimony concerns the vendors awareness of the purpose for which AT Publishing was seeking the equipment which goes to the heart of whether the equipment was conforming. The statements are the witness own testimony under oath and, since he is unavailable, this testimony is not hearsay.

Page 91, line 5-7:  The testimony properly rebuts OFC's argument that Frank Martone is not being truthful about his complaints about the equipment.  The witness laid the appropriate foundation by testifying to his nine years of having worked with Mr. Martone.

Page 122, line 23 – Pge 127, line 16:  The testimony is not hearsay; it is his own testimony concerning his first hand knowledge of the equipment at issue.  It is relevant on the issue of whether or not the equipment was conforming, which is the central issue in the case.

DATED this 18th day of May, 2007, at Anchorage, Alaska.

s/ Michael T. Stehle  
Michael T. Stehle, ABA No. 9106054

**Certificate of Service**

I hereby certify that on May 11, 2007
a true and correct copy of the foregoing was
electronically mailed to the following:

Patrick Gilmore
acgef@acglaw.com, pbg@acglaw.com, dap@acglaw.com.

Marion Walker

PLAINTIFF'S REPLY TO OFC'S OBJECTIONS TO PLAINTIFF'S COUNTER
DESIGNATIONS OF DEPOSITION TESTIMONY
Case No. A01-0011 CV (JWS)
Page 8 of 9

mfwalker@fordharrison.com, mwilkens@fordharrison.com, dbivins@fordharrison.com.

Randy Weddle
rweddle@hwb-law.com,   bfontaine@hwb-law.com,   jekstrand@hwb-law.com, kwarne@hwb-law.com.

s/ Michael T. Stehle
Michael T. Stehle