Randall J. Weddle, Esq.
HOLMES WEDDLE & BARCOTT, PC
701 W. 8th Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907)274-0666
Fax: (907)277-4657

Marion F. Walker
FORD & HARRISON LLP
2100 Third Avenue North, Suite 400
Birmingham, Alabama  35203
Phone:    (205) 244-5916
Fax:      (205) 244-5901

Attorney for Defendant OFC Capital, a division of ALFA Financial Corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-0011-JWS |
| ) | |
| A.B. DICK COMPANY and OFC ) | |
| CAPITAL, a division of ALFA ) | |
| FINANCIAL CORPORATION, ) | |
| ) | |
| Defendants. ) | |

### OFC CAPITAL'S MOTION TO REALIGN THE PARTIES

NOW COMES OFC Capital, by and through its attorneys, and moves

the Court to realign the parties herein for trial by denominating OFC Capital

as plaintiff and AT Publishing as defendant, and as grounds therefore, says as follows:

1.  It is undisputed that on May 27, 2003, OFC Capital sent a collection letter to AT Publishing regarding sums due under the Master Lease and Equipment Schedules executed by AT Publishing on November 18, 2002, and OFC Capital on March 24, 2003.

2.  On June 6, 2003, AT Publishing filed a lawsuit against A.B. Dick and OFC Capital wherein it sought a Declaratory Judgment to the effect that AT Publishing did not accept, or, alternatively, rejected the equipment subject to the Master Lease and Schedules and that it had seasonably notified OFC Capital of the rejection; and a Declaratory Judgment that, based upon its non-acceptance, or rejection of the equipment, the Master Lease and Schedules with OFC Capital are cancelled; and a call for rescission of the Master Lease and Schedules it entered into with OFC Capital.  The remainder, and majority of the Complaint, sought relief from A.B. Dick, including warranty claims.

3.  The AT Publishing Complaint was not served on OFC Capital until December 2003.

4.     OFC Capital filed a Motion for Summary Judgment against AT Publishing in April 2004 and AT Publishing obtained leave, and amended its Complaint May 7, 2004.

5.     The Court's Order denying judgment as a matter of law was entered August 27, 2004 and held there were genuine issues of fact as to "whether AT Publishing accepted or rejected the subject equipment. Resolution of the pertinent issues necessarily involves an analysis of specific facts surrounding the "seasonableness" of AT Publishing's opportunity to inspect and rejection of the goods – quintessential jury questions."

6.     OFC Capital affirmatively counter-claimed that the parties had a Finance Lease, there was ample time for AT Publishing to inspect and test the equipment, that it did so, and subsequently approved the Lease. On February 23, 2004, in its Answer to the Counterclaim, AT Publishing: (1) denied any acceptance of the lease; (2) denied it signed Installation Certificates evidencing acceptance of the equipment; (3) denied payments under the Lease were due; (4) denied it breached the terms of the Master Lease Agreement and Schedules.

7.     As affirmative defenses to the Counterclaim, AT Publishing set up equitable defenses, claimed it "justifiedly" revoked acceptance of the equipment, and claimed OFC's claims are barred because it failed to cure.

Secondly, AT Publishing claimed breach of contract against OFC Capital for failure to "provide conforming equipment," without any allegation whatever of any duty to do so. Finally, AT Publishing seeks relief in the form of a Declaratory Judgment that the Master Lease Agreement and Schedules are cancelled, seeks unspecified damages and attorney fees and costs as allowed by law. In its Initial Disclosures, dated April 23, 2004, at Paragraph C on page 14, and Plaintiff AT Publishing, Inc.'s Response to Defendant OFC Capital's First Set of Discovery Requests, No. 10, page 9, AT Publishing has plainly stated it does not seek damages against OFC Capital, but "[f]rom OFC Capital, AT Publishing is seeking its costs and attorney fees incurred in litigating its rightful rejection of the equipment." *Id.* (See Exhibits to Doc 137).

    8.    In its Amended Complaint, AT Publishing's claims are primarily against A.B. Dick, but alleges A.B. Dick was an agent of OFC Capital and "rescission of the financing agreement" is appropriate because of A.B. Dick's "fraud and misrepresentation." Amended Complaint, ¶ 49.

    9.    OFC Capital has the burden of proving there was sufficient time and opportunity to inspect and test the equipment, while AT Publishing maintains its negative defense. OFC Capital contends due process will only be afforded if the party with the legal burden of proof is allowed to open and

close. Otherwise, the "adversarial purpose of the judicial system" will be frustrated. *Christie v. Standard Ins. Co.*, 2002 U.S. Dist. LEXIS 22062 *20 (N.D. Cal.).

10. A Motion to Realign the Parties is subject to the Court's discretion and reviewed for clear error. *See Plumtree Software, Inc. v. Datamize, LLC*, 2003 U.S. Dist. LEXIS 26948 (N.D. Cal.). This case provides a thorough discussion of the authority and basis for the Motion. The case follows and discusses the Ninth Circuit's "primary purpose" test that is invoked where realignment is sought.

11. The "primary purpose" test evaluates the appropriateness of realignment by examining: (a) the essence of the primary dispute; (b) which party is asserting an affirmative claim; (c) which party carries the burden of proof; (d) which claim, if found to be primary, will "aid in the logical presentation of evidence" (id. at *12); and (e) which finding may mitigate the effect of forum-shopping, where present. If AT Publishing remains the plaintiff, it begins the trial with the negative claim that it did not approve the Master Lease and Schedules, and OFC Capital will be left to carry the burden with the "defense" that AT Publishing had sufficient time and opportunity to inspect and test the equipment, thereby completing the binding agreement.

12. Trial preparation exchanges made clear the parties need to be realigned in order to afford OFC Capital a fair presentation of its affirmative claim. AT Publishing gained the benefit of the forum by filing a Declaratory Judgment that essentially asks the Court to find there is no contract – a defense to OFC's affirmative claim.

13. AT Publishing will not suffer hardship or experience prejudice if this Motion is granted one month before trial, because its case is merely a defense to OFC's affirmative claims of breach and demand for payment.

14. Alternatively, OFC Capital moves the Court to modify the order of proof at trial so as to allow OFC Capital to present its affirmative counterclaims first because OFC bears the burden of proof on those claims. *See Western Reserve Life Assurance Co. of Ohio v. Bratton, et al.*, 2006 U.S. Dist. LEXIS 31219 *5 (N.D. Iowa); Federal Rules of Civil Procedure, R. 16, and FRE 611. The Court has complete discretion to set the order of proof in the manner that makes sense, fulfills due process, and is easier for the jury to follow and understand. *See Bratton, supra* at *id.* and citations cited therein.

WHEREFORE, PREMISES CONSIDERED, OFC Capital moves the Court to realign the parties, making OFC Capital plaintiff and AT Publishing defendant, or, alternatively, modify the order of proof at trial so that OFC

Capital is allowed to present its affirmative counterclaims first and to be heard last.

                                                s/ Marion F. Walker
                                                Marion F. Walker
                                                Attorney for Defendant OFC Capital

OF COUNSEL:
FORD & HARRISON LLP

                                                Randall J. Weddle
                                                Alaska Bar No. 7206034
                                                Attorney for OFC Capital

OF COUNSEL:
HOLMES, WEDDLE & BARCOTT, P.C.

# CERTIFICATE OF SERVICE

I hereby certify that, on the 22nd day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Michael T. Stehle
> Law Office of Michael Stehle, PC
> 737 West 5th Ave., Suite 206
> Anchorage, Alaska 99501

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Not Applicable.

> s/ Marion F. Walker
> Of Counsel

Birmingham:16493.1