HOLMES WEDDLE & BARCOTT, PC
701 W. 8th Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907)274-0666
Fax: (907)277-4657

Marion F. Walker
FORD & HARRISON LLP
2100 Third Avenue North, Suite 400
Birmingham, Alabama  35203
Phone:	(205) 244-5916
Fax:	(205) 244-5901

Attorney for Defendant OFC Capital, a wholly-owned subsidiary of Mid-Country Financial Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC.,        ) | |
| )  | |
| Plaintiff,        ) | |
| )  | |
| v.        ) | Case No. 3:04-cv-0011-JWS |
| )  | |
| A.B. DICK COMPANY and OFC        ) | |
| CAPITAL, a division of ALFA        ) | |
| FINANCIAL CORPORATION,        ) | |
| )  | |
| Defendants.        ) | |

## OFC CAPITAL'S PROPOSED VOIR DIRE EXAMINATION

NOW COMES OFC Capital, by and through its attorneys, in conformity with the Pretrial Order in this case, and submits proposed voir dire examination that excludes follow-up questions naturally flowing from responses.

I.   **Federal Juror Qualifications per 28 U.S.C. 1865(b).**

[We assume the court will have prescreened the jurors with questionnaires in this regard.]

II.  **Personal Knowledge of Parties and Counsel.**

This lawsuit is one in which AT Publishing, Inc., an Alaska corporation, seeks to avoid the operation of a finance lease with OFC Capital, a wholly-owned subsidiary of Mid-County Financial Corp., located in Georgia. AT Publishing entered an agreement to buy some printing equipment from A.B. Dick and entered into a finance lease with OFC to make the purchase. A.B. Dick is a corporation that is not a party to this case. These questions are not asked to annoy or embarrass you, but to try and discover certain information so the lawyers can evaluate your possible biases before selection of a jury.

    1.    Is anyone familiar with this dispute?

    2.    Please raise your hand if you are familiar with AT Publishing, Inc.

        a.    If so, what do you know about AT Publishing?

        b.    Would what you know about AT Publishing have any affect upon your ability to listen to the evidence and apply the law fairly to OFC in this case?

    3.    Do you know any employees of AT Publishing?

        a.    If so, who do you know?

        b.    Do you have an opinion about any of them?

    4.       Are you familiar with OFC Capital located in Georgia?

           a.       If so, what do you know about OFC?

           b.       Do you have an opinion about this company?

           c.       Do you know any employees of OFC Capital?

           d.       If so, do you have an opinion about any of them?

           e.       Have you ever had an adverse experience with OFC or any of its employees?

    5.       Please raise your hand if you have heard of the A.B. Dick company.

           a.       If you have heard of A.B. Dick, please state what you have heard.

           b.       Do you know any employees of A.B. Dick?

           c.       If so, do you have an opinion about any of them?

           d.       Have you ever had an adverse experience with A.B. Dick or any of its employees?

The lawyers and law firms who represent the parties in this case are Randall J. Weddle, who is with the law firm of Holmes Weddle & Barcott, P.C. in Anchorage; Marion F. Walker, who is from Birmingham, Alabama, with the law firm of Ford & Harrison LLP; and Michael T. Stehle, who is with the Law Office of Michael T. Stehle in Anchorage.

    6.       Are you familiar with Randall J. Weddle of the firm of Homes Weddles & Barcott, P.C.?

7.  Are you familiar with Marion F. Walker of the law firm of Ford & Harrison LLP?

8.  Do you hold any bias or resentment against OFC Capital or Marion Walker because they do not reside in Alaska?

9.  Are you familiar with Michael T. Stehle of the Law Office of Michael T. Stehle or his legal practice?

[Court follow up may be required, outside the presence of other potential jurors.]

### III.  This Lawsuit.

In this case, AT Publishing selected printing equipment it wanted to buy from A.B. Dick and applied to have OFC Capital finance the equipment with a lease. The dispute in this case arose from that transaction.

1.  Have you already formed any opinion about the parties or the nature of the dispute that would make it difficult for you to fairly evaluate the evidence in this case?

2.  Do you know of any reason you do not want to serve on the jury in this case?

3.  Do you know anyone who has ever purchased any equipment from A.B. Dick Company?

4.  Do you know any of the following people who are expected to be called as witnesses in this case:

    a.  Frank Martone

    b.  Edna Martone

    c.  Bill Martone

    d.  Paul Martone

    e.  Greg Martone

  f.  Marie Martone McConkey

  g.  Bill McConkey

  h.  "Junior" Laguna

  i.  Clint Seyer

  j.  Robert A. Ramsey

  k.  Tad Graham

  l.  Benjamin F. Taylor

  m.  Ray Seaward

  n.  Al Mickley

  o.  Robert "Chip" Leas of Georgia

  p.  Lee Whitten of Anchorage

  q.  Carolyn McClain of Georgia

  r.  Burton C. Green

  s.  Glen Ashcraft

  t.  Craig Roberts of Georgia

[Court follow up may be required, outside the presence of other potential jurors.]

## IV. Personal Background and Information.

1. Are you taking any medications that might make it difficult for you to concentrate or attend all sessions of the trial?

[If so, follow up questions by the court may be required outside the presence of other potential jurors.]

2. Do you have difficulty hearing, to the extent that it would preclude you from hearing evidence presented by witnesses and instructions from the judge?

3. Do you have difficulty seeing, to the extent that it would prevent you from seeing evidence presented to you during the trial on a television screen or on paper?

4. Are there any situations in your life that are currently affecting you physically or emotionally in such a way that would make it difficult or too time-consuming for you to concentrate upon the evidence and serve on the jury in this case?

[If so, follow up questions by the court outside the presence of other potential jurors is required.]

5. This case should last for at least one week. Is there anyone who would be inconvenienced personally or work-wise because of the length of the trial?

6. How long have you lived in Alaska? If only within the last one to five years, please name the places where you lived for the ten years prior to moving to Alaska.

7. Did you graduate from high school? If so, please give the year and place of graduation.

8. Did you graduate from college? If so, please tell the year of and college from which you graduated, and your major areas of study.

9. Do you have an advanced degree beyond college? If so, please give the name of the degree and the school from which you obtained it.

10. Please raise your hand if you have served in the military?

    a. What branch of service?

    b. What job did you perform?

    c. How long did you serve?

    d. Did you receive an honorable discharge?

11. Are you currently employed? If so, please state:

    a. the name of your employer

        b.      a description of your title

        c.      the nature of the duties you perform

        d.      how long you have worked for the employer.

12. If you are retired or disabled, please give the same information for the job you held when you were employed.

13. Please raise your hand if you are not employed, or retired, but have been employed at some point in your life. For those who did not raise their hands, please explain.

14. Do you have any children? If so, please give their ages and, if adults, where they reside and work.

15. Do you have any grandchildren? If so, please give their ages and state where they live.

16. Do any of you have any pets? If so, please describe your pets and state their ages.

17. Do any of you, or an immediate family member, have a bumper sticker on a car? If so, what does it say?

18. Please name the television show you watch at least four times a month.

19. Please raise your hand if you watched the American Idol television show the last few years.

20. Do you use a home computer? If you don't have a home computer, do you use or have access to a computer at work?

V. **Special Knowledge or Experience.**

1. Please raise your hand if you have ever published any article, short story, poem, book, pamphlet, photograph and the like.

2. Please raise your hand if you have ever worked for a newspaper, magazine or other business where anything is published.

3. Please raise your hand if you, or an immediate family member, have ever worked for a printing business. If so, please state the name of the employer, the dates of employment and the type of duties performed.

4. Has anyone ever operated a mimeograph machine.

5. Please raise your hand if you have ever operated, or seen the operation of, a large printing press.

6. Please raise your hand if you know what an equipment lease is.

7. Please raise your hand if you know what a finance lease is.

8. Have you or any member of your immediate family ever worked for or held an ownership interest in a business that leased equipment? If so:

   a. Please tell us the name of the business, what is made, bought or sold and your position there.

   b. Describe the nature of the business.

   c. Describe what equipment was leased.

   d. Did you have any role in evaluating the equipment?

9. Have you ever had or heard of a dispute related to leased equipment or finance leases?

   a. If so, how was the dispute resolved?

   b. Would you be able to put aside your experience with equipment or finance leases and apply only the law the court gives you to the facts in this case?

10. Have any of you ever entered into a consumer lease of personal property, such as for a computer or a car?

    a. If so, please state when and for how long the lease term ran and the subject of the lease.

  b.  If so, were there any problems?

11. Have any of you ever participated in a business decision to commit a business to a commercial finance lease?

12. Do you, or any member of your immediate family, have any specialized knowledge, training or experience in the fields of, or have you worked for any business, firm or corporation involved with:

  a.  Printing Equipment

  b.  Publishing

  c.  Financing of Equipment

  d.  Commercial Lending

  e.  Accounting

13. If you answered yes to any of these questions, please describe the nature of your knowledge, training and/or experience in these areas.

  a.  Would that experience have any effect on the way you evaluate the evidence in this case?

  b.  If so, please explain, if you can, how you could fairly apply the law the court gives you to only the evidence in this case because of this experience.

14. Have you, or any member of your family, ever been involved in one or more disputes with financial institutions such as banks, mortgage companies, credit unions or credit card companies?

  a.  If so, please describe each experience generally by stating the nature of the dispute and how you resolved it.

15. Have you, or any member of your family (or any business belonging to you or your family) ever filed bankruptcy?

  a. Does that experience cause you to hold any negative bias or distrust financial institutions generally?

16. Have you ever worked in an office that required you to use office equipment?

  a. If so, were you required to evaluate the operation of the equipment?

  b. If so, did you have any difficulty evaluating the operation of the equipment?

  c. If so, how did you resolve this difficulty?

17. Are you, or have you, or a member of your immediate family, ever been an employee of any financial company or institution?

  a. If so, what was the company or institution?

  b. What were the duties of that employee?

  c. Would that employment experience make it difficult for you to fairly evaluate the evidence in this case? If so, why?

18. Have you ever borrowed money from a lending institution or credit card to purchase a home, automobile, or other property?

  a. If so, did you experience any problems regarding the condition of the property after you borrowed the money to purchase it?

  b. If so, did you have a dispute with the seller regarding the condition of the property you purchased?

  c. If so, how did you resolve the problem with the seller of the property?

  d. If so, did you continue making your loan payments to the lending institution?

  e. If so, did your failure to make payments result in a dispute with your lending institution?

  f. If so, how was the dispute resolved?

  g. If so, is there any aspect of that experience that would make it difficult for you to fairly evaluate the evidence in a case involving a dispute between a corporation that borrowed money to finance purchase of equipment, and a financial institution which provided money for the purchase?

19. How many of you have a checking account?

## VI. Exposure to the Legal World.

1. Please raise your hand if any of you have ever been on a jury.

  a. If so, explain the nature of the action and how it was resolved.

2. Please raise your hand if you or any member of your family has been involved in a lawsuit.

  a. If so, explain the nature of the lawsuit and how it was resolved.

  b. Would that experience make it difficult for you to fairly evaluate the evidence in this case? If so, why?

3. Please raise your hand if you have ever testified in a deposition.

4. Please raise your hand if you have ever testified in court.

5. Please raise your hand if you watch any legal-based program on TV such as Court TV, Nancy Grace, Law and Order, or Boston Legal.

  a. If so, what legal-based program do you watch?

6. Please raise your hand if you have participated in a lawsuit of any kind whatsoever.

7. Please tell us if you, or any member of your family, has ever worked in a law office.

8. Please raise you hand if you, or any member of your family, has ever received any legal training.

9. Has anyone ever accused another of not living up to their contract or agreement?

    a. If so, please tell us generally what the agreement and dispute were about.

10. Please raise your hand if you hold yourself as an expert witness in any field.

## VII. Other Employment.

1. If you have ever worked for the government, whether local, state or federal, please raise your hand.

    a. If so, please state the governmental entity you worked for, the years you worked there and your job duties.

2. If you have ever worked for an insurance company, please raise your hand.

    a. If so, please state the insurance company, the years you worked there and your job duties.

s/ Marion F. Walker<br>
Marion F. Walker<br>
Attorney for Defendant OFC Capital

OF COUNSEL:
FORD & HARRISON LLP

Randall J. Weddle
Alaska Bar No. 7206034
Attorney for OFC Capital

OF COUNSEL:
HOLMES, WEDDLE & BARCOTT, P.C.

# CERTIFICATE OF SERVICE

I hereby certify that, on the 4th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael T. Stehle
Law Office of Michael Stehle, PC
737 West 5th Ave., Suite 206
Anchorage, Alaska 99501

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Not Applicable.

s/ Marion F. Walker
Of Counsel

Birmingham:16630.1