Randall J. Weddle, Esq.
HOLMES WEDDLE & BARCOTT, PC
701 W. 8th Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907)274-0666
Fax: (907)277-4657

Marion F. Walker
FORD & HARRISON LLP
2100 Third Avenue North, Suite 400
Birmingham, Alabama  35203
Phone:      (205) 244-5916
Fax:         (205) 244-5901

Attorney for Defendant OFC Capital, a wholly-owned subsidiary of Mid-Country Financial Corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-0011-JWS |
| ) | |
| A.B. DICK COMPANY and OFC ) | |
| CAPITAL, a division of ALFA ) | |
| FINANCIAL CORPORATION, ) | |
| ) | |
| Defendants. ) | |

### OFC CAPITAL'S INITIAL JURY INSTRUCTIONS

NOW COMES OFC Capital and requests the Court give the following

instructions to the jury after the jury is selected and before Opening

Statements, or in the case of No. 12 before Answers to Interrogatories are used. Otherwise to include all in final instructions exception: 1.19.

# OFC CAPITAL – INITIAL INSTRUCTION NO. 1

1.1B  DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

---

Comment

Instruction 1.1B may be used as an oral instruction if the court elects to read its preliminary instructions to the jury but not to provide the jury with a copy of the instructions.

# OFC CAPITAL – INITIAL INSTRUCTION NO. 2

## 1.2  CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

AT Publishing claims that it ordered printing equipment from A.B. Dick that it paid for through a finance lease with OFC Capital.  AT Publishing claims it did not have a reasonable opportunity to inspect the equipment before it was required to accept or reject the equipment.  You are to decide if AT Publishing had a reasonable opportunity to inspect the equipment and, if so, then whether it accepted or rejected the equipment.  AT Publishing has the burden of proving these claims.

OFC Capital denies those claims and also contends that AT Publishing is run by sophisticated businessmen who know the printing business and how finance leases work and had a reasonable opportunity to inspect the equipment and then accepted the equipment and signed off on the leases in March, 2003 and the leases began but AT Publishing refused to pay and owes OFC under the Lease Contract.  The defendant has the burden of proof on these counterclaims and/or affirmative defenses.

AT Publishing admits it entered into the Master Lease, but claims it does not owe any money to OFC.

# OFC CAPITAL – INITIAL INSTRUCTION NO. 3

1.3  BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# OFC CAPITAL – INITIAL INSTRUCTION NO. 4

1.10  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## OFC CAPITAL – INITIAL INSTRUCTION NO. 5

1.11  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## OFC CAPITAL – INITIAL INSTRUCTION NO. 6

1.12  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and

your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

## OFC CAPITAL – INITIAL INSTRUCTION NO. 7

1.14  TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

---

Comment

It is well settled in this circuit that the trial judge has discretion to allow jurors to take notes. *United States v. Baker*, 10 F.3d 1374, 1403 (9th Cir.1993), *cert. denied*, 513 U.S. 934 (1994). See also Jury Instructions Committee of the Ninth Circuit, A Manual on Jury Trial Procedures, § 3.4 (2004).

# OFC CAPITAL – INITIAL INSTRUCTION NO. 8

1.18  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# OFC CAPITAL – INITIAL INSTRUCTION NO. 9

1.19  OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## OFC CAPITAL – INITIAL INSTRUCTION NO. 10

2.2  STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

_____

Comment

When parties enter into stipulations as to material facts, those facts will be deemed to have been conclusively proved, and the jury may be so instructed.  *United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir.1999) (*citing United States v. Houston*, 547 F.2d 104, 107 (9th Cir.1976)), amended by 180 F.3d 1091 (9th Cir.1999).

## OFC CAPITAL – INITIAL INSTRUCTION NO. 11

2.4  DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of a number of witnesses were taken in 2006. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

## OFC CAPITAL – INITIAL INSTRUCTION NO. 12

2.10  USE OF INTERROGATORIES OF A PARTY

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

___

Comment

Use this oral instruction before interrogatories and answers are read to the jury; it may also be included in the concluding written instructions to the jury.  The attorney should warn the judge ahead of time and give the judge an opportunity to give this oral instruction.  This oral instruction is not appropriate if answers to interrogatories are being used for impeachment only.

Do not use this instruction for requests for admission under Fed. R. Civ. P. 36.  The effect of requests for admission under the rule is not the same as the introduction of evidence through interrogatories.  If an instruction is needed, a special one will have to be drafted.

                                      <u>s/ Marion F. Walker</u>
                                      Marion F. Walker
                                      Attorney for Defendant OFC Capital

OF COUNSEL:
FORD & HARRISON LLP

                                      Randall J. Weddle
                                      Alaska Bar No. 7206034
                                      Attorney for OFC Capital

OF COUNSEL:
HOLMES, WEDDLE & BARCOTT, P.C.

**CERTIFICATE OF SERVICE**

  I hereby certify that, on the 4th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Michael T. Stehle
> Law Office of Michael Stehle, PC
> 737 West 5th Ave., Suite 206
> Anchorage, Alaska 99501

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Not Applicable.

s/ Marion F. Walker
Of Counsel

Birmingham:16660.1