Michael T. Stehle
LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. Fifth Ave., Suite 206
Anchorage, Alaska 99501
Phone:  (907) 677-7877
Fax:     (907) 677-7894
Attorneys for Plaintiff AT Publishing, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC., ) ) Plaintiff, ) ) vs. ) ) A.B. DICK COMPANY and ) OFC CAPITAL, a division of ) ALFA FINANCIAL CORPORATION, ) ) Defendants. ) _____) | Case No. A04-0011 CV (JWS) |

### **PLAINTIFF'S TRIAL BRIEF**

The Court has been well educated about the pertinent issues through the parties'

prior briefing, and AT Publishing incorporates that briefing here in the interest of

efficiency.  The following descriptions of legal theories come from Plaintiff's Proposed

Jury Instructions, and the legal authority cited therein, which are in turn derived from the

Statements of Issues previously filed with this Court.

I. **Legal Theories**

AT Publishing is asserting an affirmative claim for breach of contract against OFC

Capital pursuant to the provisions of Article 2A of the Uniform Commercial Code, which

has been adopted in both Georgia and Alaska.[1] Plaintiff believes the evidence will show that AT Publishing made an effective rejection of the nonconforming equipment pursuant to U.C.C. § 2A-509.[2] Plaintiff also believes the evidence will further show that OFC Capital and A.B. Dick failed in the attempt to cure the nonconforming equipment pursuant to their rights under U.C.C. § 2A-513.[3]

With respect to OFC Capital's affirmative claim for breach of contract, plaintiff believes the evidence will show that AT Publishing did not accept the printing press pursuant to U.C.C. § 2A-515.[4] Even if OFC Capital were able to prove acceptance, plaintiff believes the evidence will show that AT Publishing revoked any such acceptance pursuant to U.C.C. § 2A-517(a)(2)&(d).[5] Plaintiff also believes that the evidence will show that OFC Capital prematurely released funds to A.B. Dick prior to delivery, installation and acceptance of the equipment, and that the risk of loss with respect to the equipment therefore remained with OFC Capital. *JAZ, Inc. Foley,* 85 P.3d 1099, 1105-07 (Hawaii App. 2004).

The legal standards associated with these legal theories are set forth in greater detail in Plaintiff's Proposed Jury Instructions, and AT Publishing incorporates those proposed jury instructions here in the interest of efficiency.

---

[1] Plaintiff's Proposed Jury Instructions provide citations to the relevant provision of Article 2A of the U.C.C., and also provide parallel citations to the Official Code of Georgia and Alaska Statutes, for the convenience of the Court and the parties.
[2] O.C.G. § 11-2A-509, AS 45.12.509.
[3] O.C.G. § 11-2A-513, AS 45.12.513.
[4] O.C.G. § 11-2A-515, AS 45.12.515.
[5] O.C.G. § 11-2A-517(a)(2)&(d), AS 45.12.517(a)(2)&(d).

**II.     Damages**

If plaintiff prevails on its affirmative contract claim by proving either rejection or revocation of acceptance, AT Publishing is entitled to compensatory damages pursuant to U.C.C. § 2A-519[1] and U.C.C. § 2A-520.[2] Although set forth in more detail in Plaintiff's Proposed Jury Instructions, these damages pursuant to the U.C.C. include the cost of cover, *i.e.*, replacing the nonconforming equipment, incidental damages, and consequential damages caused a result of OFC Capital's failure to tender conforming equipment.

If OFC Capital prevails on its affirmative contract claim by proving acceptance, issues then exist with respect to the compensatory damages to which OFC Capital might be entitled.  Plaintiff believes that the evidence will show that the liquidated damages clause relied upon by OFC Capital is in fact a penalty clause because it is not reasonable in light of the anticipated harm caused by any default of AT Publishing at the time of contracting. U.C.C. § 2A-504(a).[1] Plaintiff further believes that the evidence will show that any damages due OFC Capital should be reduced as a result of mitigation, or its failure to reasonably mitigate its damages.

If it is the prevailing party, AT Publishing also intends to seek all interest, attorney's fees, and costs allowable by law pursuant to the procedure for post-trial motion practice provided for in Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.3

**III.    Pending Matters**

The following matters are currently pending before the Court:

---

[1] O.C.G. § 11-2A-519, AS 45.12.519.
[2] O.C.G. § 11-2A-520, AS 45.12.520.

    A.    Defendant's Motion for Realignment.

    B.    Defendant's Motion for Reconsideration regarding Exhibits.

DATED this 4th day of June, 2007, at Anchorage, Alaska.

        s/ Michael T. Stehle
        Michael T. Stehle, ABA No. 9106054

**Certificate of Service**

I hereby certify that on June 4, 2007
a true and correct copy of the foregoing was
electronically mailed to the following:

Patrick Gilmore
acgef@acglaw.com, pbg@acglaw.com, dap@acglaw.com.

Marion Walker
mfwalker@fordharrison.com, mwilkens@fordharrison.com, dbivins@fordharrison.com.

Randy Weddle
rweddle@hwb-law.com,   bfontaine@hwb-law.com,   jekstrand@hwb-law.com,
kwarne@hwb-law.com.

s/ Michael T. Stehle
Michael T. Stehle

---

[1] O.C.G. § 11-2A-504(a), AS 45.12.504(a).
PLAINTIFF'S TRIAL BRIEF
Case No. A01-0011 CV (JWS)
Page 4 of 4