Michael T. Stehle
LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. Fifth Ave., Suite 206
Anchorage, Alaska 99501
Phone: (907) 677-7877
Fax:    (907) 677-7894
Attorneys for Plaintiff AT Publishing, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| AT PUBLISHING, INC.,            )<br>                                 )<br>     Plaintiff,                 )<br>                                 )<br>     vs.                         )<br>                                 )<br>A.B. DICK COMPANY and            )<br>OFC CAPITAL, a division of      )<br>ALFA FINANCIAL CORPORATION,     )<br>                                 )<br>     Defendants.                 )<br>_____) | Case No. A04-0011 CV (JWS) |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Plaintiff AT Publishing, Inc. hereby submits its proposed jury instructions and special verdict form in this action. Plaintiff reserves the right to add, delete, modify, or otherwise amend these proposed jury instructions and special verdict form. Plaintiff assumes the Court has its own set of standard "boilerplate" instructions and, on that basis, plaintiff is not submitting such instructions here.

DATED this 4th day of June, 2007, at Anchorage, Alaska.

                                s/ Michael T. Stehle
                                Michael T. Stehle, ABA No. 9106054

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

9th Circuit Model Civil Jury Instruction 4.2

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

An agent is a person or entity that performs services for another person or entity under an express or implied agreement and that is subject to the other's control or right to control the manner and means of performing the services. The other person or entity is called a principal. A person or entity may be an agent without receiving compensation for services. The agency agreement may be oral or written.

In this case, AT Publishing claims that A.B. Dick was an agent for OFC Capital, the principal. An agency relationship existed between A.B. Dick and OFC Capital if:

(1) authority to do an act is created by written or spoken words or other conduct of OFC Capital which, reasonably interpreted, causes A.B. Dick to believe that OFC Capital desires it to so act on OFC Capital's account, or

(2) apparent authority to do an act is created as to AT Publishing by written or spoken words or any other conduct of OFC Capital which, reasonably interpreted, causes AT Publishing to believe that OFC Capital consents to have the act done on its behalf by A.B. Dick purporting to act for OFC Capital.

If an agency relationship existed, the acts of A.B. Dick are attributable to OFC Capital, and OFC Capital is regarded as having knowledge or notice of the facts of which A.B. Dick has knowledge or notice.

9th Circuit Model Civil Jury Instruction 4.4; Restatement (Second) of Agency §§ 26, 27

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

AT Publishing claims that it rejected the equipment because it did not work as intended, or, in other words, the equipment was nonconforming.  AT Publishing may reject the delivered equipment if it fails in any respect to conform to the lease contract.  A rejection is effective if AT Publishing rejected the equipment within a reasonable time after its delivery and seasonably notified OFC Capital or its agents of the rejection.

U.C.C. § 2A-509, O.C.G. § 11-2A-509, AS 45.12.509.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

If the equipment delivered by OFC Capital or A.B. Dick was rejected because it was nonconforming and the time for performance had not yet expired, OFC Capital or A.B. Dick may seasonably notify AT Publishing of the intention to cure and may then make a conforming delivery within the time provided in the lease contract.

U.C.C. § 2A-513, O.C.G. § 11-2A-513, AS 45.12.513

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

OFC Capital claims that AT Publishing accepted the equipment either expressly by its words or impliedly by its conduct. AT Publishing accepted the equipment only if:

(1) AT Publishing had a reasonable opportunity to inspect the equipment, and

(2) either

   (a) AT Publishing signified or acted with respect to the equipment in a manner that signified to OFC Captial that it was conforming or that AT Publishing would retain the equipment in spite of its nonconformity, or

   (b) AT Publishing failed to make an effective rejection of the equipment.

I have already instructed you on what constitutes an effective rejection of the equipment, and you should refer back to that instruction.

I will give you further instruction in a moment on what constitutes a reasonable opportunity to inspect the equipment as is required for acceptance of the equipment.

U.C.C. § 2A-515, O.C.G. § 11-2A-515, AS 45.12.515.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6

As a matter of law, AT Publishing could not accept the equipment before its delivery because AT Publishing could not have had a reasonable opportunity to inspect the equipment prior to its delivery.  The acceptance certificates signed by AT Publishing prior to delivery of the equipment therefore cannot signify by themselves that AT Publishing accepted the equipment.

*JAZ, Inc. v. Foley,* 85 P.3d 1099, 1103-04 (Hawaii App. 2004); *Colonial Pac. Leasing Corp. v. J.W.C.J.R. Corp.* 977 P.2d 541, 543-45 (Utah App. 1999); *Tri-Continental Leasing Corp. v. Law Office of Richard W. Burns,* 710 S.W.2d 604, 608 (Tex. App. 1985)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7

A reasonable time to inspect equipment must allow AT Publishing an opportunity to put the equipment to its intended use or must allow for testing to verify its capability to perform as intended.

*Colonial Pacific Leasing Corp. v. J.W.C.J.R. Corp.,* 977 P. 2d 541, 545 (Utah App. 1999)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8

If AT Publishing's rejection of the equipment was not effective or AT Publishing initially accepted the equipment, AT Publishing may revoke any acceptance if:

(1)  the nonconformity of the equipment substantially impaired its value to AT Publishing,

(2)  AT Publishing accepted the equipment without discovery of the nonconformity,

(3)  AT Publishing's acceptance was reasonably induced by the assurances of OFC Capital or its agents, and

(4)  the revocation of acceptance occurred within a reasonable time after AT Publishing discovered or should have discovered the ground for it and before any substantial change in condition of the equipment which is not caused by the nonconformity.  Revocation is effective once AT Publishing notifies OFC Capital or its agents.

U.C.C. § 2A-517(a)(2)&(d), O.C.G. § 11-2A-517(a)(2)&(d), AS 45.12.517(a)(2)&(d)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9

OFC Capital has an obligation to AT Publishing to not prematurely release funds to A.B. Dick before delivery, installation, and acceptance of the equipment. The risk of loss with respect to the equipment remains with OFC Capital, and does not pass to AT Publishing, if OFC Capital prematurely releases funds to A.B. Dick before delivery, installation, and acceptance of the equipment.

*JAZ, Inc. Foley,* 85 P.3d 1099, 1105-07 (Hawaii App. 2004)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10

If AT Publishing rejected the equipment, or revoked acceptance of the equipment, AT Publishing may recover money damages from OFC Capital for:

(1) the amount of money it cost AT Publishing to replace the nonconforming equipment with new, conforming equipment;

(2) incidental damages caused by the nonconforming equipment, including

    (a) expenses reasonably incurred in inspection, receipt, transportation and care and custody of the nonconforming equipment,

    (b) any commercially reasonable charges, expenses, or commissions in connection with replacing the nonconforming equipment, and

    (c) any other reasonable expense incident to OFC Capital's default; and

(3) consequential damages caused to AT Publishing by the nonconforming equipment, including any loss resulting from general or particular requirements and needs of which OFC Capital or its agents at the time of contracting had reason to know and that could not reasonably be prevented by replacing the equipment or otherwise.

U.C.C. § 2A-519, O.C.G. § 11-2A-519, AS 45.12.519
U.C.C. § 2A-520, O.C.G. § 11-2A-520, AS 45.12.520

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11

If you find that AT Publishing's rejection of equipment was not effective, or its revocation of any implied acceptance of equipment was not effective, you will need to decide whether OFC Capital is entitled to the money damages it is claiming under the Master Lease Agreement.  OFC Capital is entitled to the damages it is requesting under the Master Lease Agreement only if, at the time the contract is entered into by the parties, the damages provision in the agreement provides for an amount or formula that is reasonable in light of the then-anticipated harm caused by any default of AT Publishing.

U.C.C. § 2A-504(a), O.C.G. § 11-2A-504(a), AS 45.12.504(a)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12

A party must make all reasonable efforts to mitigate or lessen its damages. A party's claimed damages must be reduced by those amounts that it recovered through mitigation, or by those amounts it could have recovered by making all reasonable efforts to mitigate or lessen its damages.

*Moreland Auto Shop v. TSC Leasing Corporation*, 441,454 S.E. 2d 626, 628 (Ga. App. 1995)

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| AT PUBLISHING, INC., )<br>)<br>    Plaintiff, )<br>)<br>    vs. )<br>)<br>A.B. DICK COMPANY and )<br>OFC CAPITAL, a division of )<br>ALFA FINANCIAL CORPORATION, )<br>)<br>    Defendants. )<br>_____) | Case No. A04-0011 CV (JWS) |

### SPECIAL VERDICT

We, the jury, hereby submit the following special verdict:

1. Did AT Publishing reject the equipment?

    Answer "yes" or "no": _____

    If you answered "yes," please skip questions 2 & 3 and proceed directly to question 4 below. If you answered "no," please answer question 2 below.

2. Did AT Publishing accept the equipment?

    Answer "yes" or "no": _____

    If you answered "yes," please answer question 3 below. If you answered "no," please skip question 3 and proceed directly to question 4 below.

3. Did AT Publishing revoke acceptance of the equipment?

    Answer "yes" or "no": _____

    If you answered "yes," please answer question 4 below. If you answered "no," please skip question 4 and proceed directly to question 5 below.

4.     What amount of money, if any, fairly compensates AT Publishing for OFC Capital's failure to deliver conforming equipment?  $_____

Answer question 5 below only if you answered "yes" to question 2 above, and "no" to questions 1 & 3 above.

5.     What amount of money, if any, fairly compensates OFC Capital for AT Publishing's conduct with respect to the equipment?  $_____

Your foreperson should sign and date this Special Verdict below.

_____                                      _____
           Date                                                                         Foreperson of the Jury

**Certificate of Service**

I hereby certify that on June 4, 2007
a true and correct copy of the foregoing was
electronically mailed to the following:

Patrick Gilmore
acgef@acglaw.com, pbg@acglaw.com, dap@acglaw.com.

Marion Walker
mfwalker@fordharrison.com, mwilkens@fordharrison.com, dbivins@fordharrison.com.

Randy Weddle
rweddle@hwb-law.com,        bfontaine@hwb-law.com,        jekstrand@hwb-law.com,
kwarne@hwb-law.com.

s/ Michael T. Stehle
Michael T. Stehle