HOLMES WEDDLE & BARCOTT, PC
701 W. 8th Avenue, Suite 700
Anchorage, Alaska 99501
Phone:      (907) 274-0666
Fax:        (907) 277-4657

Marion F. Walker
FORD & HARRISON LLP
2100 Third Avenue North, Suite 400
Birmingham, Alabama  35203
Phone:      (205) 244-5916
Fax:        (205) 244-5901

Attorney for Defendant OFC Capital, a wholly-owned subsidiary of Mid-Country Financial Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-0011-JWS |
| ) | |
| A.B. DICK COMPANY and OFC ) | |
| CAPITAL, a wholly-owned  , ) | |
| Subsidiary of Mid Country ) | |
| Financial Corporation, ) | |
| ) | |
| Defendants. ) | |

### OFC CAPITAL'S MOTION TO RECONSIDER RULING ON ISSUES TO BE PRESENTED IN THE CASE

NOW COMES OFC Capital, by and through its attorneys, and moves the court to reconsider its ruling regarding the issues to be presented at trial and, as grounds therefor, says as follows:

1.	Pursuant to orders of this court (Docs. 105, 108, 109), the parties to this case were tasked with preparing and submitting on the same day, to-wit, April 20, 2007: "a single, joint statement of issues;" "a joint statement of uncontested facts which will be offered by plaintiff as the first evidence in this case;" and a final, revised witness list." With respect to the issues, the court said: "At the final pre-trial conference, a final statement of issues to be litigated will be settled, and only those issues will be tried." OFC Capital relied upon this Order.

2.	In accordance with the orders of the court, the parties filed a statement of issues between the parties needing resolution, some of which are jury questions and others are questions for the court to be interpreted by contract. (Doc. 117).

3.	On the day the parties jointly submitted a list of issues, plaintiff submitted the separate issue, to-wit: "Was A.B. Dick acting as an agent of OFC Capital in delivering, installing, and retaking possession of the equipment?" (Doc. 119). Rather than cite to the Master Lease controlling the parties' relationship, Plaintiff cited to the Restatement (Second) of Agency Sections 26, 27, and made no reference to any law already decided in the case.

4.	The parties were to submit their exhibit lists within four (4) days of filing the joint list of issues and OFC Capital was ready to go forward, however, plaintiff's counsel declared he was not prepared to jointly meet to discuss the

exhibit lists and needed more time. The court's order did not provide for the contingency of one party not being able to perform, and in the interests of accommodating opposing counsel, OFC Capital agreed to postpone the meeting concerning the exhibits until the following week and to take the initiative in preparing a Motion to obtain approval of the court for the continuation of the meeting. No other deadlines were changed. At the meeting on the exhibits, plaintiff's attorney did not present a list of exhibits but required the parties to create one as the discussion proceeded.

5.  AT Publishing subsequently filed a supplement to the statement of issues (Doc. 121) stating that another issue is: "Did A.B. Dick and/or OFC Capital make an effective cure of the nonconforming equipment?" Again, AT Publishing did not cite to any term or provision in the Master Lease controlling the relationship between the parties but referred to UCC Section 2A-513, OCG Section 11-2A-513, regarding "cure." There was no reference whatever to the agreement as to any liability of OFC to provide a cure, delivery, warranties or other representation regarding the equipment and any duty to cure or explanation for why the Master Lease did not apply. AT Publishing was not able to identify any statutory authority for imposing a right or liability on a finance lessor to cure.

6. OFC Capital filed an objection to the supplemental statement of the issues by the plaintiff and motion to strike, moving the court to strike the separate submission of issues and supplement and, as grounds, stated that the supplement was late and in Paragraphs 4 and 5 set forth, in unequivocal terms, the position of OFC Capital that, not only are the issues of cure and agency (those statement by plaintiff separately) not competent to be presented at the trial for resolution, because OFC was a mere lessor under a finance lease, and had no obligation to AT Publishing for the physical delivery, operation or repair of the equipment, but also that the Master Lease is controlling in any question about the relative obligations and rights of the parties, and that OFC Capital will lose its Constitutional right to freely contract, and be irreparably harmed and suffer a lack of substantial justice and due process if these issues are allowed to go forward.  For these reasons, OFC Capital respectfully suggests the "thrust" of its objection was not merely the lateness in the filing of the supplement, but was and is the completely new issues of agency AT Publishing is trying to assert, along with the imposition of warranties clearly disclaimed and so acknowledged by the court in its order denying summary judgment.

7. Despite AT Publishing's claims in its response to the objection, OFC Capital has never in any "place" referred to any obligation it had to initiate a cure,

repair or otherwise deal with the equipment. AT Publishing does not cite to any such "place." OFC Capital has denied any attempt at any "cure" and any duty to do so and no reference to the Master Lease has been offered by AT Publishing at any point to justify any reference to a "cure" as an issue for trial because of some duty on the part of OFC Capital arising from the terms of the Master Lease. There are no documents and none referenced by AT Publishing, which reflect any duty by OFC Capital to "cure," or otherwise repair the equipment, nor any effort on their part to do so. AT Publishing has not cited to the record in one instance in advancing issues that have not even been pled in the case. In its answer to OFC's counterclaim, AT Publishing does not claim agency but does affirmatively claim that OFC Capital failed to cure defects – no duty to do so was ever alleged. This is another reason OFC has moved to realign the parties.

8. A.B. Dick refused to return funds to OFC Capital because AT Publishing had accepted the equipment. A.B. Dick then proceeded to provide the warranties assigned to AT Publishing, and which Frank Martone signed off on before he ever applied to OFC Capital for financing. The simple fact of contract is that there must be some duty by OFC to AT Publishing to provide delivery, or a warranty of some kind, prior to attempting to impose liability upon OFC for violation of a duty it does not have. AT Publishing, rather than point to a duty

arising from the terms of the Master Lease between the parties, or stating why it does not apply, simply makes assertions unsupported by any authority. OFC Capital never requested any cure and there is no reference to any duty, or effort by OFC Capital to effect a cure. AT Publishing elected to file a lawsuit in June, 2003 and not serve the parties for six months while it got A.B. Dick to try and settle the case. Any efforts to settle that lawsuit are simply not competent evidence in this case. OFC Capital has not designated, and certainly did not intend to designate, any exhibits whatever regarding anything that occurred about the equipment after the June 3, 2003 letter of AT Publishing's attorney, except repossession and ultimately sale and mitigation of damages. AT Publishing's attempt to demonstrate that OFC got A.B. Dick, as an agent, to pick up the equipment and resell it, somehow confers an agency relationship more than one or two years before, has no basis in law or fact. For that reason, AT Publishing seeks to make an agency relationship arise at some unspecified time before June, 2003. In its Amended Complaint, AT Publishing merely alleges that because OFC financed the purchase at AT Publishing's request, it somehow became an agent of AT Publishing. There was no appropriate allegation of the elements of agency there that arose to the level of an issue for trial. With a new lawyer, AT Publishing is now trying to establish a second basis for an agency between OFC and A.B. Dick,

which OFC Capital vehemently denies, by suggesting that OFC Capital had the duty from the beginning to make a delivery of the equipment with warranties to AT Publishing, despite the very clear terms and plain meaning of the provisions of Paragraphs 4 and 5 of the Master Lease and the order of this court on the denial of summary judgment.

9. The court's order on summary judgment made a finding as a matter of law that the Master Lease is a finance lease and OFC Capital does not incur any warranty liability to AT Publishing. Likewise, the court found that according to the Master Lease the condition of the equipment did not affect AT Publishing's obligation to pay OFC Capital.

10. AT Publishing, in its efforts to interject new issues between it and OFC Capital, has failed to cite even one term or provision in the Master Lease justifying any issue it is trying to advance, or any ruling whatever from the court's order on summary judgment, which the parties have relied upon in pursuing the discovery in this case.

11. In support of this motion for reconsideration of the court's order in allowing the issues of the alleged agency and alleged cure, as advanced by AT Publishing, to be tried as issues in this case, OFC Capital attaches a brief in support of its position that there were no warranties or duties with respect to the equipment

from OFC to AT Publishing in this transaction justifying an attempt at cure, nor agency that would have been necessary to fulfill such duties; and, there is no agency in the transaction between OFC and A.B. Dick, except to the extent of the repossession of the equipment following filing of the lawsuit, failure of the parties to settle and AT Publishing's continued refusal to pay after acceleration.

12. It is difficult at best for the parties to assign and endorse the introduction into evidence of certain exhibits and deposition testimony when it is unclear what the ultimate issues in the case are. It may be, the court has made this ruling simply to point out that it will make rulings as a matter of law, based upon the Master Lease as to whether agency and "cure" are appropriate. However, OFC Capital wants to make clear it has not waived any right or defense it has under the terms of the Master Lease or under law. Relying upon the court's earlier order regarding the resolution of issues at the pre-trial hearing, OFC Capital stated its objection to the attempt to expand issues by AT Publishing, and following the reply by AT Publishing, which cited to no provision of the Master Lease, nor to any document or testimony it claimed exists to support its argument, OFC Capital was prepared to address these issues at the pre-trial and remains so. However, a more thorough statement of OFC Capital's position on finance leases, warranties

and the concept of agency is contained in its pre-trial brief and the brief attached in support of this motion.

WHEREFORE, PREMISES CONSIDERED, OFC Capital respectfully requests the court reconsider its ruling allowing additional issues of agency and "cure" as set forth and advanced by AT Publishing to be considered for the first time within six weeks of the trial of the case and upon reconsideration to order that there is no issue of agency between OFC Capital and A.B. Dick to be tried, nor any issue of any duty OFC Capital had to "cure," nor any relevancy or materiality to any testimony or exhibit regarding "cure."

Respectfully submitted,

s/ Marion F. Walker
Marion F. Walker
Attorney for Defendant OFC Capital

OF COUNSEL:
FORD & HARRISON LLP

Randall J. Weddle
Alaska Bar No. 7206034
Attorney for Defendant OFC Capital

OF COUNSEL:
HOLMES, WEDDLE & BARCOTT, P.C.

**CERTIFICATE OF SERVICE**

  I hereby certify that, on the 6th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Michael T. Stehle
> Law Office of Michael Stehle, PC
> 737 West 5th Ave., Suite 206
> Anchorage, Alaska 99501

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Not Applicable.

> s/ Marion F. Walker
> Of Counsel

Birmingham:16705.1