Randall J. Weddle, Esq.
HOLMES WEDDLE & BARCOTT, PC
701 W. 8th Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907) 274-0666
Fax: (907) 277-4657

Marion F. Walker
FORD & HARRISON LLP
2100 Third Avenue North, Suite 400
Birmingham, Alabama 35203
Phone: (205) 244-5916
Fax: (205) 244-5901

Attorney for Defendant OFC Capital, a wholly-owned subsidiary of Mid-Country Financial Corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-0011-JWS |
| ) | |
| A.B. DICK COMPANY and OFC ) | |
| CAPITAL, a wholly-owned ) | |
| Subsidiary of MidCountry ) | |
| Financial Corp., ) | |
| ) | |
| Defendants. ) | |

### OFC CAPITAL RESPONSE TO AT PUBLISHING MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER REGARDING DEPOSITION TESTIMONY AND SUPPLEMENTAL DEPOSITION DESIGNATIONS AND EXHIBITS

1.      AT Publishing's effort to enter testimony by Ben Taylor regarding "how the parties reasonably intended the equipment to be able to perform" is incorrect.  The "parties" presumptively includes OFC Capital which had no intention, nor plan, nor reasonable expectation of any kind as to how the equipment made the basis of the Master Lease was intended to operate.  The Master Lease Agreement at paragraph 4 eliminates any and all representations of any kind from the agreement between OFC Capital and AT Publishing.  This testimony is not only hearsay, but irrelevant to the question of whether or not there was acceptance and/or a reasonable opportunity to inspect or test prior to the time of accepting or rejecting the equipment.  AT Publishing's claim that this testimony is admissible as an "admission of a former party opponent" proves OFC Capital's claim that AT Publishing is trying to find A.B. Dick guilty in this lawsuit and by developing an association with OFC Capital, convince the jury that some way of relieving AT Publishing of its contractual obligation is the proper thing to do.  As previously stated, OFC Capital is left with no defense whatever to claims AT Publishing brings against other parties, not before the court, the jurisdiction of the court, nor the jurisdiction of OFC Capital.  OFC Capital contends such testimony is irrelevant, immaterial, hearsay without an

exception, and involves representations which are strictly disclaimed in paragraph 4 of the Master Lease between the parties to this lawsuit.

2. Deposition testimony of Al Mickley AT Publishing seeks to supplement, does not relate specifically to the claims and the facts laid out in the present case, nor is he asked, nor does he confirm, that what is testified to is what in fact occurred in the present case. As a matter of fact, Ben Taylor has testified A.B. Dick only provides an application to OFC to any potential lessee who is interested, along with the names of three different leasing sources. Moreover, Frank Martone and his family are sophisticated business people who have used leasing companies for more than 40 years, so they knew how to shop leases in other places. This fact belies any coercion or heavy-handedness in the AT Publishing selection of OFC Capital for financing. This general testimony is not relevant here.

3. OFC Capital objects to Plaintiff adding Exhibit 91 both because it is untimely, and also because it is not relevant to any claim in this lawsuit. The mere fact that the document came from files of OFC Capital does not establish its relevancy, nor eliminate the prejudice it may cause in this case before a jury. The Vendor Prefund Agreement AT Publishing seeks to add is dated March 18, 2005, between A.B. Dick and OFC Capital which is at

least six months after the equipment subject to the Master Lease was repossessed. Any agreement OFC Capital may have entered into six months after the equipment was repossessed has no bearing whatever upon any issues in this lawsuit, even the issues OFC Capital contests are not issues, to-wit: Any question of agency, or "cure."

    4.    AT Publishing's submission of an additional exhibit known as a "rebuttal" having to do with the Alaska Miners Association job does not provide sufficient information, and without looking at the exhibit, OFC Capital is constrained in articulating an appropriate objection. However, OFC Capital reserves any and all objections to said exhibit once it has seen it and offers initially, that if the exhibit had any relevancy, it should have been timely presented along with AT Publishing's other exhibits.

    Respectfully submitted,

s/ Marion F. Walker
Marion F. Walker
Attorney for Defendant OFC Capital

OF COUNSEL:
FORD & HARRISON LLP

Randall J. Weddle
Alaska Bar No. 7206034
Attorney for Defendant OFC Capital

OF COUNSEL:
HOLMES, WEDDLE & BARCOTT, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that, on the 12th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Michael T. Stehle
> Law Office of Michael Stehle, PC
> 737 West 5th Ave., Suite 206
> Anchorage, Alaska 99501

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Not Applicable.

> s/ Marion F. Walker
> Of Counsel

Birmingham:16792.1