UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| AT PUBLISHING, INC., | )<br>) |
| Plaintiff, | )<br>)   3:04-cv-00011-JWS<br>) |
| vs. | )   ORDER FROM CHAMBERS<br>) |
| OFC CAPITAL, a division of<br>ALFA FINANCIAL CORPORATION, | )   [Re:   Dockets 139, 145, and 158]<br>)<br>) |
| Defendant. | )<br>) |
| | ) |
| OFC CAPITAL, a division of<br>ALFA FINANCIAL CORPORATION, | )<br>)<br>) |
| Counterclaimant, | )<br>) |
| vs. | )<br>) |
| AT PUBLISHING, INC., | )<br>) |
| Counterclaim-defendant. | )<br>) |

## I.  MATTERS PRESENTED

At docket 139, defendant and counterclaimant OFC Capital ("OFC") moves to realign the parties making it the plaintiff and designating plaintiff AT Publishing, Inc. as the defendant. AT Publishing opposes the motion at docket 144.

OFC moves at docket 145 for reconsideration of the order ruling on objections to exhibits. AT Publishing responds to the motion in at docket 162.

At docket 158, OFC asks the court to reconsider that portion of its order at docket 147 which held that AT Publishing had timely presented as issues for trial the issues of agency and cure. The motion is opposed by AT Publishing at docket 163.

All motions are fully briefed. This order sets out the court's disposition of all three motions.

## II. BACKGROUND

This is a diversity case involving the purchase of certain printing equipment by AT Publishing from defendant A.B. Dick Company which AT Publishing financed through a Master Lease contract with OFC. AT Publishing sued both A.B. Dick and OFC in state court, and the case was removed to this court. Some time thereafter, A.B. Dick filed for bankruptcy. As a result, AT Publishing's damage claims against A.B. Dick were dismissed without prejudice.[1] The remaining dispute is framed by the claims which run between AT Publishing and OFC.

The parties are familiar with the facts. Many of them have been discussed in earlier orders by the court.[2] They need not be recounted in detail here. However, some recent developments not discussed in earlier orders need to be recited here.

The court ordered the parties to prepare and file a joint statement of issues for presentation at trial.[3] The court's order contains some very explicit language: "The parties will prepare and file a single, joint statement of issues . . . . If the statement of issues is not concurred in by all counsel in all respects, a brief statement of the disagreement as to any issue or issues will be included."[4] The parties filed their joint statement of issues, and it did not include a statement as to any disagreement.[5] Thereafter, without seeking leave of court, AT Publishing filed two statements identifying

---

[1] Order at doc. 87; order at doc. 156.

[2] See, e.g., orders at docs. 44 and 59.

[3] Order at doc. 105.

[4] Id. at pp. 1-2.

[5] Joint Statement at doc. 117.

additional issues, an issue respecting whether or not A.B. Dick was an agent of OFC,[6] and an issue respecting "cure" by "A.B. Dick and/or OFC."[7]

OFC objected to the separate statements. AT Publishing responded on the grounds that the separate statements had been filed in violation of the court's earlier order and that there was no merit in the issues.[8] The court overruled the objection in an order which also addressed several other topics.[9]

### III.  DISCUSSION

**A.  Motion at docket 139**

OFC's motion at docket 139 is based on the premise that in its current posture, this lawsuit is one in which OFC fills the role of a plaintiff–a party seeking affirmative relief in the form of damages, while AT Publishing now appears in the role of a defendant–the party resisting a claim for money damages. In such a circumstance, asserts OFC, it makes sense to realign it as the plaintiff and AT Publishing as the defendant for purposes of further proceedings.

AT Publishing does not deny that OFC is seeking damages based upon an alleged breach of the Master Lease. However, AT Publishing asserts that it, too, is pursuing a claim for damages based on OFC's breach of the Master Lease. AT Publishing points to the claim pled as the Eighth Cause of Action in the First Amended Complaint. There, AT Publishing alleged that OFC breached the Master Lease by providing non-conforming equipment and that it also breached the covenant of good faith and fair dealing by requiring execution of acceptance certificates prior to delivery. AT Publishing's position does not withstand scrutiny.

As the First Amended Complaint makes clear, it was A.B. Dick which contracted to, and did, supply the equipment which allegedly was non-conforming. OFC merely financed the lease of the equipment. The First Amended Complaint pleads no claim for

---

[6]Statement of separate issues at doc. 119.

[7]Supplement to separate statement at doc. 121.

[8]OFC's objection is at doc. 126, and the response is at docket 128.

[9]Order at doc. 147.

-3-

damages against OFC for breach of the equipment contract between AT Publishing and A.B. Dick.[10] This court finds the reasoning and authority cited by OFC at pages 2-5 of its memorandum in support of the motion[11] to be entirely persuasive on the law which governs the obligations of the parties to a finance lease such as the Master Lease in this case. OFC simply had no obligation to provide conforming equipment. That obligation belonged to A.B. Dick.

With respect to any alleged breach of the covenant of good faith and fair dealing, when the court denied AT Publishing's motion to file a second amended complaint, it ruled that AT Publishing could not pursue a claim against OFC for breach of the covenant of good faith and fair dealing under applicable law.[12] Strictly speaking that order addressed only a proposed claim for breach of the covenant in the proposed Second Amended Complaint, but the rationale clearly extends to the claim in the First Amended Complaint. Thus, after the order denying the motion to file the Second Amended Complaint, the only damage claims pled by AT Publishing which remained were claims against A.B. Dick.[13] Now that A.B. Dick has been dismissed, AT Publishing's role is analogous to the role ordinarily filled by a defendant. Similarly, defendant and counterclaimant OFC occupies the role ordinarily filled by a plaintiff.

In addition to advancing the mistaken argument that it is pursuing an extant damage claim against OFC, AT Publishing contends that the motion at docket 139 is an untimely pre-trial motion. Even assuming that to be so, the court has an independent concern for managing the trial in a fashion which will enable the jury to best understand the dispute. At trial, jurors could be confused if they are confronted with a case in which

---

[10]There is some language in paragraph 9 of the First Amended Complaint alleging that A.B. Dick acted as an agent for OFC, but there is no claim pled for affirmative relief against OFC based on that theory. The failure to list the issue in the original single, joint statement of issues shows that even AT Publishing's counsel was not reading the complaint–filed by prior counsel–to set forth an agency claim for affirmative relief against OFC.

[11]Brief in Support at doc. 159.

[12]*Id.*

[13]First Amended Complaint at doc. 32.

the only damage claim presented is presented by a defendant rather than a plaintiff. The court concludes that the jury should be given a framework appropriate to the consideration of the issues which actually remain in the litigation. With A.B. Dick no longer a party, AT Publishing no longer has any claims for damages, but OFC does. It makes sense to realign the parties, and the court will do so.

**B. Motion at docket 145**

OFC asks the court to reconsider its rulings on numerous exhibits offered by AT Publishing. Specifically, exhibits 1 thru 25, 36 thru 41, 47 thru 58, and 74 thru 81. It also asks the court to reconsider its rulings on OFC's exhibits RR, SS, VV, and YY. In the alternative, with respect to certain exhibits, OFC purports to designate additional deposition testimony should the court reject its request to reconsider its ruling on admissibility of those exhibits. In its response, AT Publishing has agreed to withdraw Exhibits 3, 9, 10, 14, 16 thru 23, 25, 36 thru 39, 41, 47 thru 49, 51, 52, 56, 74, 79, and 80. The court relies on this withdrawal, and none of these exhibits will be admitted in evidence.

With respect to the remaining exhibits at issue, the court concludes that there is no error in its earlier rulings and declines to reconsider them. The court declines to permit the designation of any further deposition testimony at this late date.

**C. Motion at docket 158**

The motion at docket 158 is presented, at least in part, because OFC reads the order at docket 147 to permit AT Publishing to present damage claims against OFC based on the proposition that A.B. Dick was an agent of OFC and that OFC had an obligation to cure any inadequacy in the printing equipment supplied by A.B. Dick to AT Publishing. As explained above, the court will not allow AT Publishing to present such claims. Upon review of the order at docket 147, the court can see why OFC might assume that the order meant to allow AT Publishing to present evidence of agency and cure in support of a damages claim against OFC. However, that was not the intent of the order. The order was meant to allow the issues of agency and cure and evidence relating thereto to be presented to support AT Publishing's contentions that it rejected or did not accept the printing equipment provided by A.B. Dick. The discussion in AT

Publishing's memorandum at docket 165 ably demonstrates the relevance of cure to AT Publishing's assertion that it did not accept the goods.  Furthermore, given the broad scope of relevancy under the Federal Rules of Evidence, evidence of agency as well as cure is admissible with respect to acceptance and rejection.[14]

Of course, the motion at docket 158 asks for reconsideration of the order at docket 147 which, if granted, would lead to exclusion of the evidence of agency and cure for any purpose at all.  Upon review of the record again, the court recognizes that rejecting the separate statement of issues and the supplement thereto on grounds that they were filed in violation of the court's pre-trial order would have been a perfectly appropriate–and in hindsight arguably better–exercise of the court's discretion.  That is not enough to support changing the ruling, because motions for reconsideration should ordinarily be granted only if the court has overlooked a material fact, misconceived a principle of law directly bearing upon the litigated issue, or if the court's initial decision was clearly erroneous or presents the risk of committing a manifest injustice.[15]

In summary, the court will clarify the order at docket 147, but the court will not grant the request to reconsider the determination that the issues of and evidence regarding agency and cure may be presented in connection with AT Publishing's defense against OFC's claim for damages.

## IV.  CONCLUSION

For the reasons set forth above:

The motion at docket 139 is **GRANTED** as follows:  (1)  OFC Capital will be listed as the plaintiff on all further documents filed in this case;  (2) at trial, OFC Capital will proceed in the role of plaintiff; (3)  AT Publishing, Inc. will be listed as the defendant on

---

[14] Fed. R. Evid. 401

[15] *See, e.g., Rodick v. City of Schenectady*, 155 F.R.D. 29, 29 (N.D.N.Y. 1994) (reconsideration only justified if there has been "an intervening change" in controlling law, new evidence is discovered which was not previously available, or it is necessary "to remedy a clear error of law or to prevent obvious injustice"); *Martin v. MAPCO Ammonia Pipeline, Inc.*, 866 F. Supp. 1304, 1309 (D. Kan. 1994) (same); *see also* AK. R. CIV. P. 77(k)(1)(i)-(iv) (specifying grounds warranting reconsideration under state rules of procedure.)

all further documents filed in this case; (4) at trial, AT Publishing, Inc. will proceed in the role of defendant.

The motion at docket 145 is **DENIED**; however, the court recognizes the withdrawal of and will not permit the admission of AT Publishing's Exhibits 3, 9, 10, 14, 16 thru 23, 25, 36 thru 39, 41, 47 thru 49, 51, 52, 56, 74, 79, and 80.

The motion at docket 158 is **DENIED**. However, the order at docket 147 is **CLARIFIED** to make clear that discussion of any issue in argument and presentation of any evidence respecting cure and/or agency is strictly limited to supporting AT Publishing's defenses against OFC's claim for damages.

DATE at Anchorage, Alaska, this 13th day of June 2007.


                          /s/ JOHN W. SEDWICK
                    UNITED STATES DISTRICT JUDGE

-7-

Case 3:04-cv-00011-JWS   Document 169   Filed 06/13/07   Page 7 of 7