Randall J. Weddle, Esq.
HOLMES WEDDLE & BARCOTT, PC
701 W. 8th Avenue, Suite 700
Anchorage, AK  99501
Phone: (907)274-0666
Fax:   (907)277-4657

Marion F. Walker, Esq.
FORD HARRISON, LLP
2100 W. 3rd Avenue, North
Suite 400 Concord Center
Birmingham, AL 35203
Phone: 205-244-5916
Fax:   205-244-5901

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OFC CAPITAL, a division of MID-COUNTRY BANK, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| A. T. PUBLISHING, INC., | ) ) ) USDC No. 3:04-cv-0011 (JWS) |
| Defendant, | ) ) |

**PROFFER OF EVIDENCE BY OFC CAPITAL**

NOW COMES OFC Capital, by and through its attorneys, and for proffer of evidence excluded by the Court in pretrial rulings, offers the following proffers of evidence.

1.  OFC Capital Plaintiff **Exhibit RR** (formerly denominated "Defendants" Exhibit RR) and identified in OFC Capital's Exhibit List (doc 122) as: "April 11, 2003 email from G. Martone to AB Dick regarding operation of 4995 press."  Attachment 1 (with AT Publishing Tax Return). Objection to this exhibit by AT Publishing was merely that it

was "hearsay within hearsay, foundation." (See doc 133). This e-mail was sent by Greg Martone, a son of Frank Martone, a press operator at AB Dick, and the AT Publishing, Inc. 2000 U.S. Income Tax Return list him as an officer under compensation paid to officers. (See Plaintiff Exhibit A). Additionally, despite AT Publishing's claim that Greg Martone cannot speak for or bind the company, despite the above undisputed facts, he is listed on AT Publishing's Witness List as one for whom an attorney-client privilege is claimed by AT Publishing's attorneys. This privilege would certainly not have been claimed except for AT Publishing's acknowledgment that Greg Martone can and does bind the company. The foundation is clear – Greg Martone complained to AB Dick about the press. The email is not hearsay to AT Publishing – it's a statement by an officer and employee and an admission against interest. OFC adopts its argument set out at p. 10 of its Motion to Reconsider Rulings on Exhibit Lists and objections submitted by the parties at document 145.

    Besides the mere objection make by AT Publishing, no further argument was solicited by the court from OFC before a ruling, which OFC reasonably expected from the pretrial order

at document 105 would allow a response at the pretrial conference, or at trial after an opportunity to provide whatever non-qualifying information was necessary.

This email makes plain AT Publishing knew as of April 11, 2003, that it knew it had a lease with OFC Capital; the email should have been produced by AT Publishing as it shows Greg Martone's email address at hotmail.com. OFC is denied due process with the exclusion of this exhibit.

2. OFC Plaintiff **Exhibit SS** (formerly "Defendants" Exhibit SS) is an email dated August 21, 2003 from Ray Seaward to Glen Ashcraft containing his synopsis of events at AT Publishing on the two visits for press training. (OFC Exhibit List doc 122) Attachment 2. OFC adopts the argument in its Motion to Reconsider Rulings on Exhibits (doc 145). Ray Seaward confirmed the truthfulness of the past recollection recorded during his deposition and was subjected to cross-examination. He is not available for trial and his report of his experience goes directly to the major question of whether AT Publishing had a reasonable opportunity to inspect and took advantage of it. OFC will be denied due process if this exhibit is not admitted.

3. OFC Plaintiff **Exhibit VV** is an April 15, 2003,

email between Ken Newton [Vice-President of Marketing of AB Dick] and Brian Louge [President of AB Dick] regarding telephone conference with Frank Martone and shows the email from Greg Martone. Attachment 3. AT Publishing claimed "hearsay within hearsay, foundation, duplicative with RR" in its objection at document 133. OFC adopts its argument in the Motion at document 145, and says further, that Glenn Ashcraft testified this email was from his file (Ashcraft deposition p. 35) and kept in the ordinary course of business (Ashcraft deposition p. 42: 1-6) and so relied upon by AB Dick in conducting its business (Ex. 20 to Ashcraft deposition) deposition excerpts attached. AB Dick sold the press Greg Martone complained about and that is the subject of the conversation Ken Newton with AB Dick had with Frank Martone on April 15, 2003 – a week after which OFC contends AT Publishing had accepted the press and had begun the lease. OFC is glad to withdraw Exhibit RR so it is not duplicative of VV.

    Moreover, the allowance of AT Publishing's exhibits that are hearsay to OFC, such as waste paper, conversations between AT Publishing and AB Dick without OFC being present, suggests evidence of conversations between AT Publishing and

AB Dick should be allowed in OFC's case.  These were the first communications of dissatisfaction by AT Publishing and were not made to OFC, which is the only entity now charged with AT Publishing's dissatisfaction.

    4.   OFC Plaintiff **Exhibit YY** is an email stream of three emails from Glenn Ashcraft's file (p. 35 Ashcraft deposition) and kept in the ordinary course of business by AB Dick employees and as such is subject to the business exception to the prohibition of hearsay under FRE 803. Attachment 4.  In the email from Randy Garrett dated Tuesday, April 22, 2003, which is sent to a number of AB Dick employees, including Glenn Ashcraft, he provides specific details about his conversation with Frank Martone about arranging for more training in which Frank Martone reported that the night before (a Monday) Clint Seyer (AT Publishing employee) had dropped an allen wrench "into the impression cylinders between the first and second towers."

    AT Publishing's objection of "relevance, hearsay within hearsay, foundation" never addresses the business exception to hearsay which here certainly confers a diminished likelihood of falsity. With this exhibit out, AT Publishing has already suggested it will produce testimony that it was

not Clint Seyer, or an AT Publishing employee who dropped the wrench in the press, but an AB Dick employee – Ray Seaward the trainer who left AT Publishing the previous Sunday at 2:00 a.m. and is not available to testify. Glenn Ashcraft testified to this exhibit and was subject to cross-examination.

With the allowance of such testimony against OFC the finance lessor – who was not even told of the damage to the equipment – there will be a levy of substantial injustice and lack of due process.

5. Due to the parallel designation of deposition testimony, before it was clear what issues were to be heard, and after rulings overruling OFC objections to testimony about representations or cure, OFC on June 12, 2007, before the court's ruling, moved to supplement its deposition designations with certain testimony of Ben Taylor and Glenn Ashcraft (doc 166) that the court denied (doc 171) as untimely despite the continuing disputes as to the issues that would be allowed to be presented against the finance lessor. The following deposition designations were made:

       Glenn Ashcraft:    62:05 – 63:08
                                    67:11 – 69:13

       Ben Taylor:       80:12 – 81:11
                                92:06 – 95:15
                                96:06 – 97:20

    6.   <u>Glenn Ashcraft testimony</u> Attachment 5. The additional designations are attached.  Testimony at 62:5 – 63:8 refutes the claimed agency AT Publishing contends existed between OFC and AB Dick.  This testimony obviates such a claim which is no more than mere speculation, assumption and hollow allegation. The pretrial order (doc 105) provided that deposition designations would be determined at pretrial and the indefiniteness of issues leaves the designations reasonably requested in the circumstances with no prejudice by way of inability to prepare to AT Publishing. On the other hand, OFC will suffer grave prejudice with the issue of alleged agency allowed to be presented to the jury for any reason and OFC not allowed to fairly defend.

    The testimony at 67:11 – 69:13 relates to a conversation Ashcraft had with Frank Martone about references of customers successfully using the 4995 press for some of the same qualities AT Publishing was purchasing it.  OFC contends this testimony is relevant and allowing it will not penalize AT Publishing in it trial preparation.

    7.   <u>Ben Taylor testimony</u>.  Attachment 6. The additional testimony is attached.

    <u>80:12 – 81:11</u> – Covers testimony solicited by AT Publishing about conversations AT Publishing and Taylor had leading up to the purchase of the 4995 press and deals with the claimed representation about how much waste would be generated.  OFC did not initially designate this testimony because it could not see how anything to do with any representations which were disclaimed in its agreement could be relevant to the claims in the case.  When evidence about the representations AB Dick make to AT Publishing was allowed to remain in the case, OFC moved to add this testimony.  No prejudice in preparation will inure to AT Publishing yet OFC will be unfairly prejudiced if not allowed to provide the denial of AB Dick to AT Publishing's claims.

    <u>92:06 – 92:15</u> – This testimony specifically relates to how Taylor introduced OFC as a possible leasing option and goes directly to the claim of agency AT Publishing is advancing.  No prejudice results to AT Publishing in preparation, yet OFC will suffer substantial harm if deprived of a fair opportunity to defend actions and conversations in which it was never a participant, but that are to be allowed

against it nevertheless.

<u>96:06 – 97:20</u> – This testimony reflects AT Publishing knew when it purchased the DPM 2340 Scanmaster that it could make plates it could use on other presses it already owned, even though it worked and was sold with the 4995 press.  This is testimony about representations of which OFC was not a party, but as evidence of representations is allowed to be offered against OFC, this testimony should be allowed to give OFC a fair chance to defend the hearsay allowed against it.

8.  Frankly OFC expected, wrongly, from the pretrial order that its objections to subject matter would cover objections to evidence on those subjects.  Then the subject matters, or issues were unsettled so that objection to one exhibit, if overruled might result in another having significance. (See below).  While the pretrial procedure certainly helped the parties get together and start preparing the case, their marked views of what was relevant, nee' legal, to bring up in a case against a finance lessor, left a gap in their ability to provide counter-evidence if certain evidence was allowed.

9.   OFC proffers Defendant Exhibits 51 and 52, now withdrawn by AT Publishing as evidence that efforts by AT

Publishing and AB Dick directed toward the equipment after the lawsuit was brought were indeed efforts to settle and "cure," as AT Publishing contends.

For these reasons and in order to do justice, OFC proffers the above.

Respectfully Submitted.

DATED this 15th day of June 2007.

                                        By: s/ Marion F. Walker
                                        Marion F. Walker
                                        Attorney for Plaintiff OFC Capital

OF COUNSEL
FORD & HARRISON, LLP

                                        By: s/ Randall J. Weddle
                                        Randall J. Weddle
                                        701 West 8th Avenue, Suite 700
                                        Anchorage, Alaska 99501
                                        Phone: (907) 274-0666
                                        Fax: (907) 277-4657
                                        Rweddle@anc.hwb-law.com
                                        Alaska Bar No. 7206034

LOCAL COUNSEL
HOLMES WEDDLE & BARCOTT, P.C.

**Certificate of Service**

I hereby certify that on June 15, 2007, a true and correct copy of this Notice of Filing was served electronically on:

Michael T. Stehle, Esq.
Law Office of Michael Stehle, P.C.
737 W. 5th Avenue, Suite 206
Anchorage, AK  99501
(Counsel for AT Publishing)

By: s/ Randall J. Weddle
    Randall J. Weddle