**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | | |
|---|---|---|
| **OFC CAPITAL, a division of ALFA FINANCIAL CORPORATION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **3:04-cv-00011 JWS** |
| **v.** | ) ) | |
| **AT PUBLISHING, INC.,** | ) ) | |
| **Defendant.** | ) ) ) | |

**JURY INSTRUCTIONS**

## INSTRUCTION NO. 1

Duty of Jury

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes, dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO. 2**

Burden of Proof—Preponderance of the Evidence

In this case, plaintiff OFC Capital has the burden of proving its claim by a preponderance of the evidence, which means you must be persuaded by the evidence that the claim is more probably true than not true.

**INSTRUCTION NO. 3**

What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

## INSTRUCTION NO. 4

### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. You should base your decision on all of the evidence received, regardless of which party presented it.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 5

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 6

Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see, hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## INSTRUCTION NO. 7

Finance Leases Generally

Speaking generally, a "finance lease" involves three parties - the lessee, the finance lessor, and the equipment supplier.  The lessee selects the equipment and negotiates particularized modifications with the equipment supplier.  Instead of purchasing the equipment from the supplier, the lessee has a finance lessor purchase the selected equipment, and then leases the equipment from the finance lessor.  Here, the lessee was AT Publishing, the finance lessor was OFC Capital, and the equipment supplier was A.B. Dick.

Except as otherwise provided in these instructions, a finance lease is effective and enforceable according to its terms between the parties who entered the finance lease.

Under a finance lease, the finance lessor is not responsible for delivering or repairing equipment - only for paying for it.  This means that if the lessee accepts the equipment, no defect or unfitness of the equipment relieves the lessee of the obligation to make any lease payments under the finance lease to the finance lessor.

**INSTRUCTION NO. 8**

The pleadings filed by the parties establish that OFC Capital and AT Publishing entered into a finance lease.  You have heard testimony that OFC Capital did not provide a copy of the lease schedules bearing OFC's signature to AT Publishing.  That testimony does not establish that there was no finance lease.  However, you may consider that testimony to determine what, if any, consequences it may have on AT Publishing's obligation to begin making payments under the finance lease.

**INSTRUCTION NO. 9**

Claims by OFC Capital

Plaintiff OFC Capital claims that defendant AT Publishing breached its obligations under the finance lease with OFC Capital by failing to make the required lease payments. I will refer to the Master Lease Agreement, lease schedules, and all related communications between OFC Capital and AT Publishing as the "Finance Lease." I will refer to the equipment which was the subject of the Finance Lease as the "Leased Equipment."

In order to prevail on its claim, OFC Capital must prove by a preponderance of the evidence that AT Publishing accepted the Leased Equipment and that AT Publishing failed to make required lease payments. OFC Capital also must prove the amount of damages it incurred by a preponderance of the evidence.

Defendant AT Publishing denies that it accepted the Leased Equipment and denies that any payments became due under the Finance Lease.

**INSTRUCTION NO. 10**

What Constitutes Acceptance

In determining whether AT Publishing accepted the Leased Equipment,  the law provides that acceptance of goods occurs after the lessee has had a reasonable opportunity to inspect the goods and

(a) The lessee signifies or acts with respect to the goods in a manner that signifies to the lessor or the supplier that the goods are conforming or that the lessee will take or retain them in spite of their nonconformity; or

(b) The lessee fails to make an effective rejection of the goods.

In determining whether AT Publishing accepted the Leased Equipment, you must also consider the terms of the Finance Lease, including but not limited to, Paragraph 5 of the Master Lease Agreement, entitled "Delivery and Acceptance."

**INSTRUCTION NO. 11**

Reasonable Opportunity to Inspect Goods

A reasonable opportunity to inspect goods means that the goods have been delivered and installed, and the lessee has had the opportunity to inspect the goods to determine whether the goods are in good working condition.  A reasonable opportunity to inspect does not mean an unlimited time, but depends upon the nature of the goods and the circumstances surrounding the opportunity to inspect.

As a matter of law, AT Publishing could not accept the Leased Equipment before its delivery because AT Publishing could not have had a reasonable opportunity to inspect the Leased Equipment prior to its delivery.

## INSTRUCTION NO. 12

If you determine that OFC Capital has proved by a preponderance of the evidence that AT Publishing affirmatively accepted the Leased Equipment after it had a reasonable opportunity to inspect the Leased Equipment, then you must find that AT Publishing accepted the Leased Equipment and you need not consider whether AT Publishing rejected the Leased Equipment.

If you determine that OFC Capital has not proved by a preponderance of the evidence that AT Publishing affirmatively accepted the Leased Equipment, then you must determine whether OFC Capital has proved by a preponderance of the evidence that AT Publishing failed to make an effective rejection of the Leased Equipment.

**INSTRUCTION NO. 13**

Effective Rejection

A rejection of the Leased Equipment was effective if the Leased Equipment was nonconforming and, after a reasonable opportunity to inspect, AT Publishing gave seasonable notice of rejection to OFC Capital.

The Leased Equipment was nonconforming if it was not in good working condition and not satisfactory to AT Publishing.

Following a reasonable opportunity to inspect, if AT Publishing intends to reject the Leased Equipment, AT Publishing must give seasonable notice to OFC Capital.  An action is taken seasonably when it is taken at or within the time agreed, or if no time is agreed, at or within a reasonable time.

**INSTRUCTION NO. 14**

What Constitutes "Notice" Under the Law

A person "notifies" or "gives" notice to another by taking such steps as may be reasonably required to inform the other whether or not such other actually comes to know it.   A person "receives" notice when:

(a) It comes to the person's attention;

(b) It is duly delivered at the place of business through which the contract was made or any other place established as the place for receipt of such communication; or

(c) It is given pursuant to the agreement of the parties.

**INSTRUCTION NO. 15**

Liability of Corporations

The parties in this case are corporations.  Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**INSTRUCTION NO. 16**

An "agent" is a person or entity that performs services for another person or entity under an express or implied agreement and that is subject to the other's right to control the manner and means of performing the services. The other person or entity is called a "principal." A person or entity may be an agent without receiving compensation for services. An agency agreement may be oral or written.

An agency relation exists only if there has been a manifestation by the principal to the agent that the agent may act on its account, and consent by the agent so to act.

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

An act or omission of an agent within the scope of authority is the act or omission of the principal.

**INSTRUCTION NO. 17**

You must decide if A.B. Dick was OFC Capital's agent regarding AT Publishing's acceptance or rejection of the Leased Equipment.  If you find by a preponderance of the evidence that such an agency relationship existed, then any notice AT Publishing gave to A.B. Dick  regarding acceptance or rejection of the Leased Equipment was notice to OFC Capital.

**INSTRUCTION NO. 18**

If you find that OFC Capital has not proved by a preponderance of the evidence either that AT Publishing affirmatively accepted the Leased Equipment or that AT Publishing did not effectively reject the Leased Equipment, then you must return a verdict for AT Publishing.

## INSTRUCTION NO. 19

If you find that OFC Capital has proved by a preponderance of the evidence that AT Publishing did affirmatively accept the Leased Equipment, or that OFC Capital has proved by a preponderance of the evidence that AT Publishing did not effectively reject the Leased Equipment, then you must determine whether AT Publishing had an obligation to begin making payments under the Finance Lease.

OFC Capital has the burden of proving by a preponderance of the evidence that AT Publishing had an obligation to begin making payments under the Finance Lease. AT Publishing had a duty to begin making payments under the Finance Lease if you find that OFC Capital gave AT Publishing verbal or written notice of the date on which the first lease payment was due.  If you find that AT Publishing had no obligation to begin making payments under the Finance Lease, then you must return a verdict for AT Publishing.

It is undisputed that AT Publishing made no payments under the Finance Lease, so if you find that AT Publishing had an obligation to begin making payments under the Finance Lease, then you must conclude that AT Publishing breached the Finance Lease and you must return a verdict for OFC Capital.

## INSTRUCTION NO. 20

If you find that AT Publishing breached the Finance Lease, you must determine what amount of money will fairly compensate OFC Capital for AT Publishing's breach of the Finance Lease. To do so, you must apply Paragraph 14 (f) of the Master Lease which states as follows:

In its sole discretion [Lessor may choose to] re-lease or sell . . . the Equipment . . . on such terms and notice as Lessor shall deem reasonable, and recover from Lessee damages, not as a penalty, but herein liquidated for all purposes and in an amount equal to the sum of (I) any accrued and unpaid Lease Payments as of the later of (A) the date of default or (B) the date that Lessor has obtained possession of the Equipment or such other date as Lessee has made an effective tender of possession of the Equipment back to Lessor ("Default Date"), plus interest at the rate of eighteen percent (18%) per annum; (ii) the present value of all future Lease Payments reserved in the Lease and contracted to be paid over the unexpired term of the Lease discounted at the Agreed Discount Rate, plus interest on said sum at the rate of eighteen percent (18%) per annum until paid; (iii) all commercially reasonable costs and expenses incurred by Lessor in any repossession, recovery, storage, repair, sale, re-lease or other disposition of the Equipment including reasonable attorneys' fees and costs incurred in connection with or otherwise resulting from the Lessee's default; (iv) present value of the agreed upon or estimated residual value of the Equipment as of the expiration this Lease . . . discounted at the Agreed Discount Rate; and (v) Lessee's obligations under any indemnity issued hereunder, if then determinable, plus interest at eighteen percent (18%) per annum; LESS the amount received by Lessor upon such public or private sale or re-lease of such items of Equipment, if any.

**INSTRUCTION NO. 21**

Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 22**

Communication With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 23**

Return of Verdict

A special verdict form has been prepared for you.  After you have reached
unanimous agreement on a verdict, your presiding juror will fill in the form that has been
given to you, sign and date it, and advise the court that you are ready to return to the
courtroom.

GIVEN this 26 th day of June 2007.

SIGNATURE REDACTED

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE