Randall J. Weddle, Esq.
HOLMES WEDDLE & BARCOTT, PC
701 W. 8th Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907)274-0666
Fax: (907)277-4657

Marion F. Walker
FORD & HARRISON LLP
2100 Third Avenue North, Suite 400
Birmingham, Alabama 35203
Phone: (205) 244-5916
Fax:         (205) 244-5901

Attorney for Plaintiff OFC Capital

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **OFC CAPITAL, a division of ALFA FINANCIAL CORPORATION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**A.T. PUBLISHING, INC.**<br><br>**Defendant.** | USDC No. 3:04-cv-0011 (JWS) |

### PLAINTIFF'S MOTION FOR ATTORNEY FEES & COSTS

Now Comes Plaintiff, OFC Capital, Inc. ("OFC"), an moves the Court to enter an award of attorneys' fees and expenses, pursuant to the Master Lease, Paragraphs 14(f) and 16, FRCP 54(d)(1) & (2), FRC, R. 54.3(a) and the Joint Statement of Issues by the parties in this matter and shows the following in support thereof:

1. AT Publishing, Inc. ("ATP") filed this action in the Alaska state court in June 2003 and did not serve OFC Capital ("OFC") until December 2003. The case was timely removed to this court.

2. ATP sued OFC in Alaska to prevent collection under the equipment leases and OFC counterclaimed seeking all funds due and payable under the lease, as well as reasonable attorney fees and costs incurred in the efforts necessary to recover the equipment and all funds owed under the provisions of the Master Lease, which was undisputedly executed by ATP in November 2002.

3. In order to defend the ATP claims and pursue the counterclaim for recovery under the Master Lease, OFC hired the Birmingham, Alabama law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. where OFC's corporate attorney, Barry Marks practiced and which handled litigation for OFC. Marion F. Walker was requested to handle the litigation as lead counsel and W. Patton Hahn was assigned to work as an associate.

4. In order to proceed in Alaska, OFC hired Randy Weddle of Holmes, Weddle & Barcout, P.C. who was an experienced attorney practicing in Anchorage. The law firms, and their staffs, worked together to provide OFC with the legal representation needed to effectively defend the claims against it and pursue its counterclaim.

5. Attorney fees were incurred by OFC from the time of the service of the complaint through the present preparation of this Motion. OFC has paid all bills for attorney fees and costs, with the exception of the work performed in preparing the motion and bill for attorney fees and costs which is listed below.

6. The complex issues involved in the case arose from an identification of facts and interpretation of the provisions of the Master Lease, and other documents signed, or exchanged by the parties. ATP's claims, that arose from a disappointment with the equipment, despite acceptance of the leases, caused OFC to expend additional time and resources, and incur additional expenses, in showing these claims did not affect ATP's obligation to pay under the leases.

7. Despite ATP's position as Plaintiff in bringing the action in Alaska, OFC moved the Court to realign the parties several months before trial. The Motion was granted at the pretrial conference on June 14, 2007. OFC successfully changed its approach to the case ahead of trial.

8. Marion Walker traveled to Alaska and conducted the trial for OFC, with the assistance of Joyce Ekstrand, a paralegal with Holmes, Weddle & Barcout, P.C. Two OFC officers and witnesses also spent the full time of the trial in Anchorage. On June 27, 2007, after a trial of six (6) days before a jury, a verdict on ATP's obligations under the leases was entered in favor of OFC and against ATP in the amount of $418,237.91. Post judgment interest is accumulating at the rate of 4.95% per annum.

9. Marion Walker and Randy Weddle are experienced trial attorneys and have billed and been paid by OFC for their work monthly. Both Ms. Walker and Mr. Weddle have prepared and attach to this Motion affidavits reflecting their trial experience and confirming that the fees and costs expended in this case were both reasonable and necessary. These affidavits are supported by the bills and receipts for expenditures for which reimbursement for OFC is requested.

10. Under the Master Lease at Paragraphs 14(f) and 16, ATP agreed to pay OFC the reasonable attorney fees and costs associated with any efforts to protect the equipment under the leases, defend actions arising from the leases, or to collect payments and amounts due under the leases. Local Rule 54(d)(1) & (2) in this District provides the means of requesting the fees and costs and the parties in the Joint Statement of Issues submitted before trial agreed this Rule would be controlling for purposes of the award of attorney fees and costs.

11. **Attorney Fees and Costs – Marion Walker**

The attorneys for OFC and their related law firms during this litigation have expended a total of 1,520.10hours, plus 51.5 hours for preparing this Petition, for a total of 1,571.6 hours amounting to $ 372,031.34. Of that amount, Ms. Walker and the Baker Donelson and then Ford & Harrison law firms, have spent 1,054.4 hours for a total in attorney fees of $ 290,724.44. These amounts are further justified and explained in Ms. Walker's affidavit, attached to and incorporated in this Motion as Exhibit "A." Attached to Exhibit "A" are all attorney bills and documentation for the costs claimed. These attorney hours were reasonably and necessarily spent to represent OFC. The hourly rate charged by Ms. Walker for her services ranged between $300 and $330 per hour. This hourly rate is reasonable and within the range of rates charged for similar work by attorneys with similar skills and experience in the Birmingham, Alabama area.

The total amount of costs expended by Marion Walker and law firms within which she worked, to represent OFC is $ 11,668.46. These costs include travel to and lodging and meals in Alaska for trial, federal express charges, courier fees, expert fees for software in preparation of video presentations at trial, and other miscellaneous costs

incurred because of the litigation. A listing of these costs is attached to Ms. Walker's affidavit along with the actual bills or receipts therefore.

In support and justification of the time and money spent by Marion Walker, and the law firms she worked for in representing OFC, attached is Exhibit "B," the affidavit of Lee Benton, an attorney practicing in Birmingham, Alabama with Benton and Centeno, LLP in the area of commercial and civil law for more than 27 years.

12. **Attorney Fees and Costs – Randy Weddle**

Out of the total hours expended to represent OFC, Randy Weddle and his firm spent 465.70 for a total of $71,796.40, excluding time for preparing this Petition. An affidavit by Mr. Weddle, attached as Exhibit "C," sets forth his experience and the hours worked by Mr. Weddle and his firm. These hours were reasonable and necessary in the legal representation of OFC in this case. The hourly rate charged by Mr. Weddle is $225 per hour. This hourly rate is reasonable and within the range of rates charged for similar work by attorneys with similar skills and experience in the Anchorage, Alaska area.

Mr. Weddle's firm seeks reimbursement for costs in the amount of $ 1,161.75. These costs were reasonably and necessarily incurred to represent OFC. Documentation of the costs are attached to Mr. Weddle's affidavit.

In support and justification of Mr. Weddle's affidavit for fees and costs, attached as Exhibit "D," is an affidavit by Patrick Gilmore, an attorney with the law firm of Atkinson, Conway and Gagnon, Inc. Anchorage, Alaska.

13. **HOURS EXPENDED AND HOURLY RATE FOR OTHER ATTORNEYS AND PARAPROFESSIONALS**

Attached to the affidavits of Ms. Walker and Mr. Weddle are bills representing the attorney fees submitted and paid by OFC. In addition to the hours expended by Mr. Weddle and Ms. Walker, the time spent by other attorneys and associates is reflected there. The hourly rates charged for this work is further broken down in the respective affidavits of Ms. Walker and Mr. Weddle. The amounts charged for work performed by other attorneys and staff of the law firms providing legal representation to OFC was reasonable and necessary and performed at the direction of Ms. Walker and Mr. Weddle, respectively.

14. **TOTAL FEES INCURRED IN PREPARING MOTION FOR ATTORNEYS FEES AND EXPENSES.**

Set out below is a summary of hours incurred to prepare this attorney fee motion at the rates referred to above.

| | | | |
|---|---|---|---|
| Marion F. Walker | 12.1 | hours | $ 3,993.00 |
| Mandy Wilkins | 12.5 | hours | $ 1,625.00 |
| Randy Weddle | 8.9 | hours | $ 2,002.50 |
| Joyce Ekstrand | 18 | hours | $ 1,890.00 |
| Total: | 51.5 | hours | $ 9,510.50 |

All amounts for attorney fees and costs have been paid by OFC except the above amounts which were reasonable and necessary for the preparation of the attorney fee motion and will be submitted to and paid by Alfa Financial d/b/a OFC Capital.

WHEREFORE, in light of the aforesaid, OFC and its counsel request that the Court award and enter a judgment in favor of OFC, in the amount of $384,861.55 for attorneys' fees and costs as established herein.

                                                      s/ Marion F. Walker
                                                      Marion F. Walker
                                                      Attorney for Defendant OFC Capital

OF COUNSEL:
FORD & HARRISON LLP

## CERTIFICATE OF SERVICE

I hereby certify that, on the 13th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Michael T. Stehle
        Law Office of Michael Stehle, PC
        737 West 5th Ave., Suite 206
        Anchorage, Alaska 99501

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

        Not Applicable.

                                                      s/ Marion F. Walker
                                                      Of Counsel

Birmingham:17265.1