# EXHIBIT A

Randall J. Weddle, Esq.
HOLMES WEDDLE & BARCOTT, PC
701 W. 8th Avenue, Suite 700
Anchorage, Alaska 99501
Phone:      (907) 274-0666
Fax:         (907) 277-4657

Marion F. Walker
FORD & HARRISON LLP
2100 Third Avenue North, Suite 400
Birmingham, Alabama  35203
Phone:      (205) 244-5916
Fax:         (205) 244-5901

Attorney for Plaintiff OFC Capital, a wholly-owned subsidiary of Mid-Country Financial Corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **OFC CAPITAL, a wholly-owned subsidiary of Mid-Country Financial Corporation,**<br><br>**Plaintiff,**<br><br>v.<br><br>**AT PUBLISHING, INC.,**<br><br>**Defendant** | Case No. 3:04-cv-0011-JWS |

### AFFIDAVIT OF MARION F. WALKER

BEFORE ME, the undersigned authority, personally came and appeared Marion F. Walker and, after being duly sworn, did depose and voluntarily state as follows:

AFFIDAVIT OF MARION F. WALKER
Case No. 3:04-cv-0011-JWS
Page 1 of 10

**EXHIBIT A**

1. My name is Marion F. Walker and I am Senior Counsel at Ford & Harrison LLP, located at 2100 Third Avenue North, Suite 400, Birmingham, AL 35203. I have practiced law in Birmingham, Alabama since 1976, with the exception of 1986 – August, 1989. My legal education was at Cumberland School of Law, Samford University, where I received a J.D. in 1976 and served for three years as a member of the Law Review, including comments editor for one year, and three years on the Moot Court Board.

2. My practice has provided me with a variety of experiences arising from handling both criminal and civil cases within the first five years of practice. Thereafter, most of my practice has been in the civil area with an emphasis on employment issues and contracts. In 32 years of practice, I have tried more than 58 cases to a verdict, which includes at least 35 jury trials in both state and federal courts. On the appellate level, I have appeared, and generally written briefs, in at least ten cases, both state and federal, including a Writ of Certiorari to the United States Supreme Court in 1977.

3. In March, 2001, I became a partner at Berkowitz, Lefkovitz in Birmingham, which later became Baker Donelson in June, 2003. In

September, 2002, I began representing Alfa Financial d/b/a OFC Capital, a finance lessor based in Atlanta, Georgia.

4. OFC Capital provided the financing for AT Publishing to purchase the 4995A four color press, along with a DPM2340 plate maker. The total price of $375,000 included just over $63,000 which was rolled into the transaction to satisfy a payoff to A.B. Dick Capital on a former equipment lease. AT Publishing sued A.B. Dick and OFC Capital in June, 2003, in Alaska state court. The complaint was not served until December, 2003, and was promptly removed to federal court. Between December, 2003, and September 30, 2005, I worked on the file as a partner at Baker Donelson and supervised a number of associates who assisted me. The corporate lawyer on the file, Barry Marks, associated Randy Weddle of Holmes, Weddle & Barcott, P.C., in Anchorage, to serve as local counsel. All fees and costs incurred by Holmes, Weddle & Barcott will be part of a separate exhibit in support of the Petition for Attorney Fees and also supported by an affidavit of Randy Weddle.

5. Within two or three months of being served with the complaint, OFC Capital filed a motion for summary judgment claiming AT Publishing had accepted the lease, instructed OFC Capital to pay the vendor, A.B. Dick, and OFC Capital had performed fully and was owed the full amount

promised under the lease. AT Publishing denied these allegations, but only claimed OFC Capital was beholden unto them by virtue of being an agent of A.B. Dick, who in fact held the warranties and representation liability in the transaction. In response to the summary judgment evidence, AT Publishing submitted an affidavit from Andy Martone to the effect that a misrepresentation induced him to sign the A.B. Dick installation certificate, and an affidavit from Frank Martone insisting that he did not remember when any verbal acceptance of these leases was made by OFC Capital. The Court found there was a genuine issue of fact as to whether or not there had been acceptance and a reasonable time within which to inspect the equipment. Between August, 2004, when the court issued its order on summary judgment, and the end of March, 2006, the parties pursued paper discovery and completed depositions. Because OFC Capital was not present during any inspection period afforded AT Publishing, and could not require the presence of A.B. Dick employees outside of the state of Alaska for trial, OFC Capital was required to go to the west coast and take four video depositions to allow for presentation at trial. The video depositions were of Ray Seaward, Burt Green, Ben Taylor and Glen Ashcraft. The depositions of Ben Taylor and Glen Ashcraft were necessitated by AT Publishing's insistence that representations made about the equipment by A.B. Dick were

actionable against OFC Capital. When that claim could not be pursued at trial, those depositions did not have to be shown. Following the close of discovery in March, 2006, the remainder of the year did not involve a great deal of work, because the trial was postponed due to certain illnesses of OFC Capital's attorney, Marion Walker. The court entered a pre-trial order in December, 2006, which was amended several times in 2007 but required the parties to begin trial preparation which took place primarily between April into June, 2007. The trial was conducted from June 18 to June 26, 2007, and resulted in a verdict for OFC Capital in the amount of $418,237.91.

6.  In representing OFC in this case, a total of 1,054.4 hours were spent, for a total in fees of $ 290,724.44, excluding time spent on preparing this Motion at the rate of $330. While working on this case at Baker Donelson, I spent 104.2 hours at an hourly rate ranging between $300 and $330. The primary associate working on the case was W. Patton Hahn, who had 141.6 hours at a rate of $180 to $205. There was consultation with the corporate attorney, Barry Marks, on the discrete issues involving finance leases, resulting in his spending seven (7) hours on the matter at an hourly rate of $325. Other partners and attorneys who were briefly consulted on the case were James White – .2 hours at a rate of $200; Anne Wohlfeld – 16.9 hours at rates of $135 to $150; Jennifer Butler – 4 hours at a rate of $95;

Michael J. Powell – 2.3 hours at a rate of $275; and paralegals Lynn Evans – 23.6 hours at a rate of $105, and Karen Verin at 1 hour at a rate of $100. All of these charges for attorney fees and paralegal work were undertaken at my direction or the direction of Barry Marks, the corporate attorney on the file, and were necessary and reasonable in number and rates to provide appropriate legal representation for Alfa Financial d/b/a OFC Capital during the time period December, 2003 to September 30, 2005. A true and correct copy of the Baker Donelson bills, referred to above, were paid by Alfa Financial d/b/a OFC Capital, and are attached as Exhibit "1."

7. I took the file with me when I began as Senior Counsel at Ford & Harrison on October 1, 2005, and worked on the case from that time through the present. Since that time, I have spent 604.6 hours, excluding those hours necessary to prepare the attorney fee motion and affidavit, which is included in paragraph 9, at rates ranging from $300 to $330. I was assisted on the file primarily by paralegal, Mandy Wilkins, who has expended 89.7 hours through trial, excluding additional hours in helping to prepare the attorney fee motion and cost bill, which are listed in paragraph 9, at rates ranging from $120 to $130. Some research was performed by an associate by the name of Andrew Scharfenberg for 2.3 hours at a rate of $295 per hour. Prior to and during trial, I directed several associates who

assisted in the preparation of the Judgment as a Matter of Law under Rule 50(b), as well as providing additional jury instructions, and they are: Susan Bullock, 39 hours at $265 per hour, Chris Butler, 1.1 hour at $295 per hour, and Jennifer Olson, 16.5 hours at $255 per hour. Trial strategy was discussed with partner Steve Stastny, .4 hours at $305 per hour. All of the hours expended were at my direction and deemed to be both reasonable and necessary in terms of the hours spent and rates charged for the proper defense of OFC Capital. The rates charged were reasonable in the Birmingham, Alabama area at the time they were charged. A true and correct copy of the bills referred to above is attached as Exhibit "2" and all have been paid by Alfa Financial d/b/a OFC Capital.

8.   While Randy Weddle has submitted an affidavit, Exhibit "C," concerning the time spent by him and his staff at Holmes, Weddle & Barcott, I can attest that I was assisted before and throughout trial by Joyce Ekstrand, a paralegal for Holmes, Weddle & Barcott. Her assistance to me was invaluable and the time she spent, as well as the rate charged for her time, was reasonable and necessary to assist me in the effective representation of OFC Capital.

9. All of the above amounts discussed have been charged to Alfa Financial d/b/a OFC Capital, and have been paid, with the exception of those hours incurred to prepare this motion which are as follows:

| | | | |
|---|---|---|---|
| Marion F. Walker | 12.1 | hours | $ 3,993.00 |
| Mandy Wilkins | 12.5 | hours | $ 1,625.00 |
| Randy Weddle | 8.9 | hours | $ 2,002.50 |
| Joyce Ekstrand | 18 | hours | $ 1,890.00 |
| Total: | 51.5 | hours | $ 9,510.50 |

These amounts are reasonable and necessary for the preparation of the attorney fee Petition and will be submitted to and paid by Alfa Financial d/b/a OFC Capital.

10. The total in the amount of fees paid by OFC for the hours expended is $ 362,520.84. The above amount of $ 9,510.50 will be billed and paid by OFC by the end of the month, representing a total of fees in the amount of $ 372,031.34.

11. While the fees expended appear to be large in relation to the award obtained, the subject matter of the lawsuit, finance leases, is a very arcane area of the law that some confuse with straight leases that do not include a finance lessor. It is OFC Capital's position that a large number of hours it spent, especially in preparation for trial, were necessary to distinguish the finance lease from ordinary leases in response to claims asserted by AT Publishing, which are also covered by Article 2A of the

UCC. As mentioned, OFC also had to travel to the west coast to take depositions to prepare for trial and those necessitated a great deal of attorney and staff preparation. The pre-trial order of the court was very involved and required a significant amount of trial preparation so that the pre-trial preparation and the trial accounted for 439.2 of the 604.6 hours expended by me through trial. Throughout trial preparation and the trial of the case, AT Publishing insisted on claims that OFC Capital was an agent of A.B. Dick, and also attempted to have OFC Capital answer for warranty and representation claims AT Publishing had brought against A.B. Dick. OFC Capital was successful in defeating these claims and keeping the issues focused, but not without a great deal of effort, on whether or not there had been acceptance following a reasonable opportunity to inspect the equipment.

12. A total of $11,668.46 is requested for costs expended by Baker Donelson and Ford & Harrison that were reasonably and necessarily incurred in the course of representing Alfa Financial d/b/a OFC Capital, from December, 2003 until the present. These expenses include costs not covered on the Bill of Costs, principally travel and transit expenses for me to try the case in Alaska, expenses associated with preparing software to show video depositions, fees for a daily record and other miscellaneous and

administrative costs. However, to the extent any submitted costs are not covered by the Bill of Costs Order, OFC Capital submits they are due to be assessed against AT Publishing through this submission. These costs were incurred at my direction and were reasonable and necessary for the appropriate legal representation of Alfa Financial d/b/a OFC Capital between December, 2003 and the present. A true and correct copy of the costs referred to above is attached as Exhibit "3" and all have been paid by Alfa Financial d/b/a OFC Capital.

13. I have read the foregoing and it is true and correct.

*Marion F. Walker* (signature)
Marion F. Walker

Sworn to and subscribed before me this the 12th day of July, 2007.

*Amanda Walkins* (signature)
Notary Public
My Commission Expires: 8/25/09