Michael T. Stehle
LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. Fifth Ave., Suite 206
Anchorage, Alaska 99501
Phone:  (907) 677-7877
Fax:     (907) 677-7894
Attorneys for Plaintiff AT Publishing, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OFC CAPITAL, a division of ALFA FINANCIAL CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>AT PUBLISHING, INC.,<br><br>    Defendant.<br>_____ | Case No. A04-0011 CV (JWS) |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S BILL OF COSTS**

Defendant files the following objections to plaintiff's bill of costs.  First, the cost bill should be rejected in its entirety as being filed too late and not complying with the local rules.  Local Rule 54.1 provides that a prevailing party must file and serve its cost bill "not later than ten (10) days after the entry of judgment."  Judgment was entered on June 26, 2007 making the cost bill due not later than July 6, 2007.  Plaintiff's cost bill was filed on July 13, 2007, one week past the deadline set out in the local rules.  Moreover, the local rules provide that the cost bill must be accompanied by a notice of hearing and that the hearing "may not be more than seven (7) days from the date of the notice."  *Local Rule 54.!.*  Plaintiff did not file a notice of hearing at the time it filed its delinquent cost bill.

Moreover, when it did belatedly file a notice of hearing on July 16, 2007, it did not set the hearing within seven (7) days as required by the local rules. For all of the forgoing reasons, plaintiff's cost bill is properly rejected in its entirety.

To the extent the clerk further considers plaintiff's cost bill, defendant sets forth the following particularized objections.

**Fees of the clerk ($500 is claimed but only $350 is recoverable)**: Plaintiff has filed receipts and or checks demonstrating that it incurred $350.00 as fees to the clerk; a $150 filing fee and $100 each for the appearance of two out of state attorneys. It requests reimbursement of $500.00 erroneously relying on an internal document referencing the $150 filing fee. There is no explanation for why there was or would be two $150 filing fees and there is no receipt or check indicating that, in fact, two filing fees were paid. Because there is no support or justification for a second purported filing fee it is properly disallowed.

**Fees of the court reporter for deposition transcripts used at trial ($7,887.60 is claimed but only $3,035.20 is recoverable)**: Local Rule 54.1(e)(3) provides that the prevailing party may recover the court reporter's fees for a deposition "used" at trial. Audio-visual fees are not recoverable unless ordered by the court or stipulated to by the parties. Neither exception is applicable in the case at bar and, thus, audio-visual charges are not taxable. The deposition transcripts of G. Ashcraft, B. Taylor, C. Aquillon, C. Roberts, T. Graham, G. Martone, W. Martone, P. Martone, and M. McConkey were not used for any purpose; the witnesses did not testify and the transcripts were not offered or used in any manner whatsoever. Accordingly, the costs associated with those transcripts is

not recoverable. Only the transcripts of R. Seward ($1,275) and B. Green ($869.85) were used by plaintiff at trial. In addition, the transcript of A. Mickley ($88.00) was used by *defendant*, not plaintiff, at trial. Defendant called F. Martone and A Martone as live witnesses at trial and plaintiff arguably used their transcripts ($592.65 and $297.70, respectively) to prepare cross examination. Plaintiff called C. McClain and R. Leas as live witnesses at trial. Thus, plaintiff's recoverable deposition transcription costs is properly limited to $3,035.20.

**Costs incident to taking of depositions ( $2,609.47 is claimed but $0 is allowed):** Local Rule 54.1(f) expressly provides that counsel's expenses in arranging or taking depositions is not recoverable. Therefore none of the claimed expenses for counsel to attend depositions is taxable or recoverable.

DATED this 23rd day of July, 2007, at Anchorage, Alaska.

s/ Michael T. Stehle
Michael T. Stehle, ABA No. 9106054


**Certificate of Service**

I hereby certify that on July 23, 2007
a true and correct copy of the foregoing was
electronically mailed to the following:

Marion Walker
mfwalker@fordharrison.com, mwilkens@fordharrison.com, dbivins@fordharrison.com.

Randy Weddle
rweddle@hwb-law.com,    bfontaine@hwb-law.com,    jekstrand@hwb-law.com,
kwarne@hwb-law.com.


OBJECTION TO COST BILL
Case No. A01-0011 CV (JWS)
Page 3 of 4

s/ Michael T. Stehle
Michael T. Stehle

OBJECTION TO COST BILL
Case No. A01-0011 CV (JWS)
Page 4 of 4