Michael T. Stehle
LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. Fifth Ave., Suite 206
Anchorage, Alaska 99501
Phone: (907) 677-7877
Fax:     (907) 677-7894
Attorneys for Defendant AT Publishing, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

OFC CAPITAL, a division of            )
ALFA FINANCIAL CORPORATION,   )
                                                      )
      Plaintiff,                             )
                                                      )
      vs.                                       )
                                                      )
AT PUBLISHING, INC.,                      )
                                                      )       Case No. A04-0011 CV (JWS)
      Defendant.                          )
_____)

## OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES & COSTS

**I.    Introduction**

      Plaintiff OFC Capital has moved for $372,031.34 in attorney's fees and $12,830.21

in expenses of counsel (outside of and in addition to costs sought as taxable costs under its

cost bill) pursuant to paragraphs 14(f) and 16 of the Master Lease Agreement. The Master

Lease Agreement was drafted by OFC Capital, a Georgia finance company, and provides

that Georgia law governs the parties' rights under the agreement. This Court has ruled that

Georgia law applies pursuant to the choice of law clause in OFC Capital's Master Lease

Agreement.

Under well-established Georgia law, OFC Capital is precluded from recovering attorney's fees.[1]  First, under Georgia law, attorney's fees are part of OFC Capital's substantive claim for which it needed to present evidence at trial, but did not.  OFC Capital therefore failed to prove the attorney's fees component of its damages claim at trial, and cannot recover those fees now with after-the-fact motion practice.

Second, OFC Capital failed to comply with the controlling Georgia statute, O.C.G. § 13-1-11(a), which governs the award of attorney's fees and is, as a matter of law, a part of every contract for indebtedness.  OFC Capital has not carried its burden of both alleging and proving that it complied with the notice requirement of that statute, which is a substantive element of its claim for attorney's fees and is a condition precedent to any such award.  O.C.G. § 13-1-11(a)(3).  Furthermore, the undisputed evidence establishes that OFC Capital did not comply with the statutory notice requirement in subsection (a)(3).

Finally, even if OFC Capital could carry its burden of proving that it complied with the notice requirement, which it cannot, OFC Capital would not be entitled to full fees as it is now representing to this Court.  Instead, any fee award would be limited to slightly more than 10% of the principal and interest awarded by the jury pursuant to O.C.G. § 13-1-11(a)(2).  The attorney's fees clauses in OFC Capital's Master Lease Agreement do not

---

[1]     As stated by OFC Capital in its motion, the costs it seeks outside of its cost bill are primarily expenses of counsel incurred to try this case.  Under Georgia law, these expenses are treated synonymously with attorney's fees under the controlling Georgia statute.  See *Tobler v. Yoder & Frey Auctioneers, Inc.*, 462 F. Supp. 788, 799 (S.D. Ga. 1978)("If attorney's fees are not recoverable, neither are expenses of counsel."); *Commercial Bank & Trust Co. of Troup County v. Anderson*, 197 Ga.App. 901, 399 S.E.2d 751,753(Ga. Ct. App. 1990) (There is persuasive authority which holds that attorney's fees and costs of collection are synonymous).  Accordingly, AT Publishing will jointly refer to attorney's fees and cost as attorney's fees throughout the remainder of this brief.

contain language specifying a specific percent of principal and interest for an award.

Under such circumstances, "such provision shall be construed to mean 15 percent of the

first $500.00 of principal and interest owing on such note or other evidence of

indebtedness and 10 percent of the amount of principal and interest owing thereon in

excess of $500.00." O.C.G. § 13-1-11(a)(2).[2]

## II.    Plaintiff Is Not Entitled to Attorney's Fees Because It Is a  Substantive Damages Claim to Be Proven at Trial and Plaintiff Presented No Evidence of Attorney's Fees at Trial in this Case

In addition to paragraphs 14(f) and 16 of the Master Lease Agreement, OFC

Capital also cites to Federal Rule of Civil Procedure 54(d) as support for its instant Motion

for Attorney's Fees & Costs.  But Civil Rule 54(d)(2)(A) expressly provides that

> Claims for attorneys' fees and related nontaxable expenses shall be made
> by motion unless the substantive law governing the action provides for the
> recovery of such fees as an element of damages to be proved at trial.

(Emphasis added).  Here, pursuant to the Court's previous rulings, OFC Capital's contract,

along with its choice of law clause providing that Georgia law controls, is the "substantive

law governing the action."

The Court's jury instruction on damages – Instruction No. 20 – was taken verbatim

---

[2]      AT Publishing does not know why OFC Capital failed to reference controlling Georgia law in its motion.  As a Georgia finance company represented by counsel admitted to practice in, and with a history of practicing in Georgia, it is presumably well aware of this long established controlling law regarding attorney's fees in all contracts for indebtedness.  AT Publishing can only assume that OFC Capital failed to cite this controlling law because it knows that under this controlling statute it is not entitled to attorney's fees.  Because AT Publishing believes this Georgia statute controls and that, under the statute OFC Capital is not entitled to fees, AT Publishing does not intend to burden the Court or the parties with arguments concerning the unreasonableness of OFC Capital's attorney fee request.  To the extent the Court were to determine that the referenced Georgia statute is not controlling, AT Publishing moves for additional time to address the reasonableness issue.

OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES & COSTS
Case No. A01-0011 CV (JWS)
Page 3 of 11

from paragraph 14(f) of OFC Capital's Master Lease Agreement and was given at the request of OFC Capital and over defendant's objection. That instruction purported to define the substantive law the jury was to apply to the evidence presented at trial, if any, to award damages. Subsection (iii) of that clause specifically states as an element of damages "reasonable attorney's fees and costs incurred in connection with or otherwise resulting from the Lessee's default." OFC Capital failed to present any evidence on this element of its damages claim at trial, and is precluded from seeking such substantive damages by post-trial motion now.

Moreover, Georgia law requires a plaintiff to present evidence of all elements of its claim for attorney's fees at trial, including compliance with the notice requirement in O.C.G. § 13-1-11(a)(3), in order to avoid a directed verdict being entered against them on the issue. *See, e.g., Nationsbank, N.A. (South) v. Tucker,* 500 S.E.2d 378, 380 (Ga. App. 1998) ("Where the plaintiff attached the notice to the complaint, but never tendered such into evidence, the elements of the claim for attorney fees were not proved, and the trial court did not err in granting a directed verdict as to the attorney fees claim."); *Union Commerce Leasing Corp. v. Beef 'N Burgundy, Inc.*, 270 S.E.2d 696, 700 (Ga. App. 1980) ("'[A]ssuming arguendo that the notice . . . set out in the pleadings was proper notice . . . ,[plaintiff] made no attempt to introduce it into evidence . . . . There being no proof of notice, [plaintiff] had no valid claim for attorney fees . . . .' The trial court did not err in directing a verdict against [plaintiff] on the issue of attorney fees.").

OFC Capital failed to present evidence of attorney's fees at trial as part of its

substantive claim for damages under its liquidated damages provision.  Moreover, OFC

Capital completely failed to present any evidence that it complied with Georgia's notice

provision, which, under Georgia law, is a substantive part of its claim for attorney's fees.

OFC Capital is therefore precluded from any such award of attorney's fees as a matter of

law.

**III.    Even if Plaintiff's Claim Were Timely, Its Claim for Attorney's Fees is Precluded Because Plaintiff Did Not Comply with the Notice Requirement in the Georgia Statute that Is a Condition Precedent to Any Such Award**

   **A.    Section 13-1-11(a) of the Official Code of Georgia Governs Attorney's Fees Awards Pursuant to Clauses in Contracts for Indebtedness**

Section 13-1-11(a) of the Official Code of Georgia governs the award of attorney's

fees under contracts for indebtedness, and provides in its entirety:

> (a)  Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectible as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity, <u>subject to the following provisions</u>:

> (1)  If such note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness;

> (2)  If such note or other evidence of indebtedness provides for the payment of reasonable attorney's fees <u>without specifying any specific percent</u>, <u>such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00</u>;

> (3)  The holder of the note or other evidence of indebtedness or his

attorney at law <u>shall, after maturity of the obligation, notify in writing the</u> maker, endorser, or <u>party sought to be held on said obligation</u> that the <u>provisions relative to payment of attorney's fees in addition to the</u> <u>principal and interest shall be enforced</u> and that such maker, endorser, or <u>party sought to be held on said obligation has ten days from the receipt of</u> <u>such notice to pay the principal and interest without the attorney's fees</u>. If the maker, endorser, or party sought to be held on any such obligation shall pay the principal and interest in full before the expiration of such time, then the obligation to pay the attorney's fees shall be void and no court shall enforce the agreement. The refusal of a debtor to accept delivery of the notice specified in this paragraph shall be the equivalent of such notice.

O.C.G. § 13-1-11(a) (emphasis added).

By operation of law, this Code section constitutes a part of all contracts for indebtedness, and all such instruments must be construed in light of this particular section. *Anderson v. Hendrix,* 334 S.E.2d 697, 699 (Ga. App. 1985). This Georgia statute "'is not the origin of all right to recover attorney's fees in [Georgia]; that is to say, it does not give a right where none existed at common law; on the other hand, <u>it merely restricted a right</u> <u>which the common law recognized</u>.'" *Global Indus., Inc. v. Harris,* 376 F.Supp. 1379, 1385 (N.D. Ga. 1974) (quoting *Keating v. Woods-Young Co.,* 155 S.E. 206, 210 (Ga. App. 1930)) (emphasis added).

Lease agreements generally, and lease agreements for equipment more specifically, are contracts of indebtedness whose attorney's fees clauses are governed and restricted by this Georgia statute. *Holmes v. Bogino,* 467 S.E.2d 197, 198-99 (Ga. App. 1996) (leases are "evidence of indebtedness" within the meaning of O.C.G. § 13-1-11); *Union Commerce Leasing Corp.,* 270 S.E.2d at 700 (applying statute to attorney's fees clause in

OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES & COSTS
Case No. A01-0011 CV (JWS)
Page 6 of 11

lease agreement for equipment, and directing verdict against plaintiff on attorney's fees issue).

    **B.    Plaintiff's Attorney's Fees Claim is Precluded Because It Cannot Carry Its Burden of Showing Compliance with the Notice Requirement in O.C.G. § 13-1-11(a)(3) that is a Condition Precedent to Recovery of Such Fees**

Section 13-1-11(a)(3) contains a requirement that, after maturity or acceleration of a debt, the plaintiff must give the defendant notice that it "has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees." Georgia courts strictly enforce this notice requirement against plaintiffs seeking attorney's fees. The notice required by this section cannot be waived. *Miller v. Jackson,* 175 S.E. 409, 411 (Ga. App. 1934); *Miller v. Roberts,* 71 S.E. 927, 929 (Ga. App. 1911). And where the plaintiff fails to give proper notice, recovery of attorney's fees is unauthorized. *Walton v. Johnson,* 97 S.E.2d 310, 313 (Ga. 1957). The burden is on the plaintiff seeking attorney's fees to prove notice as an element of its claim for attorney's fees. *Walton,* 97 S.E.2d at 312; *Tucker,* 500 S.E.2d at 380.

The burden on the plaintiff with respect to the notice requirement is substantial; it must both allege compliance with the notice provision in its complaint and, if receipt of proper notice is denied, it must prove proper notice to the fact-finder at trial. Attorney's fees "are not collectible unless it be <u>alleged and proved</u> that after maturity the holder of the note <u>notified the person sought to be bound thereon that he had ten days from the receipt of such notice to pay the principal and interest without attorney's fees.</u>" *Walton,* 97 S.E.2d at 313 (emphasis added). "Before attorney's fees can be recovered on a [contract of

indebtedness], it must be <u>alleged</u> in the [complaint] that the statutory notice to claim attorney's fees has been given to the maker. . . , <u>and such allegation, if denied, must be proved on the trial.</u>" *Jones v. Lawman,* 194 S.E. 416, 422 (Ga. App. 1937) (emphasis added).  As discussed in Section II above, Georgia courts grant judgment as a matter of law in favor of defendants on attorney's fee claims when plaintiffs fail to present evidence that notice of the ten-day period was given to debtors.  *See, e.g., Nationsbank, N.A. (South) v. Tucker,* 500 S.E.2d 378, 380 (Ga. App. 1998) (granting directed verdict on attorney's fees because plaintiff did not present evidence of required notice of ten-day period at trial); *Union Commerce Leasing Corp. v. Beef 'N Burgundy, Inc.*, 270 S.E.2d 696, 700 (Ga. App. 1980) (same).

In the instant case, OFC Capital did not make any allegations in its pleadings that it provided notice to AT Publishing upon acceleration of the debt that AT Publishing had ten-days from the receipt of the notice to pay the principal and interest so as to avoid liability for attorney's fees.  For that reason alone, its request for attorney's fees is properly denied.  Nor did OFC Capital present any evidence at trial that it provided this required notice to AT Publishing.  Under Georgia law cited above, plaintiff therefore loses on this issue because it failed to allege in its complaint and prove at trial that the required notice was given as part of its attorney's fees claim.[3]

---

[3] Georgia courts strictly construe the notice requirement; failure to comply exactly with the notice provisions of the statute requires disallowance of attorney's fees. *Tobler v. Yoder & Frey Auctioneers, Inc*., 462 F. Supp. 788, 792 (S.D. Ga. 1978)("The failure to comply 'exactly' with the notice provisions of the statute requires disallowance of recovery of attorney's fees.").  For instance, notice that in order to avoid attorney's fees, principal and interest must be paid within ten days from date of letter rather than within ten days of *receipt* thereof, is a material variance from the statutory requirement requiring disallowance of fees.

OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES & COSTS
Case No. A01-0011 CV (JWS)
Page 8 of 11

Even if a post-trial motion were an acceptable means for seeking fees and costs, which it is not under Georgia law, OFC Capital further failed to present any evidence in its Motion for Attorney's Fees & Costs that it provided the requisite notice. OFC Capital did not carry this burden of proving this element of its attorney's fees claim because there is no evidence showing it provided the required notice. OFC is therefore precluded from any attorney's fees award.

**IV.    Even if Plaintiff's Claim for Attorney's Fees Were Not Wholly Precluded by Georgia Statute, the Claim for Attorney's Fees Would be Limited by Georgia Statute to Roughly 10% of the Amount Awarded for Principal and Interest**

Even if OFC Capital could prove that it provided the required statutory notice, any award would be governed by O.C.G. § 13-1-11(a)(2) and limited to roughly ten percent of the principal and interest awarded by the jury. Paragraph 14(f) of OFC's Master Lease Agreement does not specify any specific percent of attorney's fees awardable, and provides only for "reasonable attorney's fees and costs incurred in connection with or otherwise resulting from the Lessee's default." Paragraph 16 of OFC's Master Lease Agreement similarly does not specify any percent of attorney's fees recoverable, and provides broadly that "Lessee shall reimburse Lessor for all charges, costs, expenses and attorney's fees incurred by Lessor . . . ."

O.C.G. § 13-1-11(a)(2) would therefore apply because the contract "of

---

*Gorlin v. First Nat'l Bank*, 150 Ga. App. 637, 258 S.E.2d 290 (1979). Similarly, notice requesting immediate payment stating that additional action will be taken if payment is not received, is insufficient. *General Elec. Credit Corp. v. Brooks*, 242 Ga. 109, 249 S.E.2d 596 (1978)(Where debtor is not advised that he may avoid attorneys fees by paying principal and interest within ten days of receipt of notice, and is merely advised of creditor's intention to file suit and demand attorney's fees, notice under section is insufficient).

indebtedness provides for the payment of reasonable attorney's fees without specifying any specific percent." And, under subsection (a)(2), "such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00." So, even if OFC Capital were entitled to attorney's fees, which it is not under Georgia law, any award would be limited to $41,848.79 based upon the principal and interest of $418,237.91 awarded by the jury.[4]

## V.    Conclusion

Defendant AT Publishing respectfully requests that OFC Capital's Motion for Attorneys' Fees be denied in its entirety for the foregoing reasons. Even if OFC Capital's claim were timely and it could carry its burden of proving the required notice, OFC Capital's attorney's fees claim would be limited to only $41,848.79 under Georgia law.

DATED this 27th day of July, 2007, at Anchorage, Alaska.

s/ Michael T. Stehle
Michael T. Stehle, ABA No. 9106054

## Certificate of Service

I hereby certify that on July 27, 2007
a true and correct copy of the foregoing was
electronically mailed to the following:

Marion Walker
mfwalker@fordharrison.com, mwilkens@fordharrison.com, dbivins@fordharrison.com.

---

[4] $(.15 \times 500) + .10 \times (418,237.91 - 500) = 41,848.79$.

OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES & COSTS
Case No. A01-0011 CV (JWS)
Page 10 of 11

Randy Weddle
rweddle@hwb-law.com,        bfontaine@hwb-law.com,        jekstrand@hwb-law.com,
kwarne@hwb-law.com.

s/ Michael T. Stehle
Michael T. Stehle