Randall J. Weddle, Esq.
HOLMES WEDDLE & BARCOTT, PC
701 W. 8th Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907)274-0666
Fax: (907)277-4657

Marion F. Walker
FORD & HARRISON LLP
2100 Third Avenue North, Suite 400
Birmingham, Alabama  35203
Phone: (205) 244-5916
Fax:           (205) 244-5901

Attorney for Plaintiff OFC Capital, a division of Mid-Country Bank

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| **OFC CAPITAL, a division of**<br>**MID-COUNTRY BANK** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **USDC No. 3:04-cv-0011-JWS** |
| | ) | |
| **A.T. PUBLISHING, INC.** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

---

### I.     INTRODUCTION

Defendant mistakenly relies almost exclusively on O.C.G.A. § 13-1-11 to avoid

its obligation to fully pay Plaintiff's reasonable attorney's fees and costs as required by

law.  As set forth herein, this reliance is misplaced.  Moreover, in making its arguments

in opposition to the motion, Defendant blatantly ignores the Parties' agreement and

consent stipulation in the Joint Statement of Issues to be Tried that Local Rule 54.3 would control the prevailing party's means of requesting fees and costs, and that the issue of attorney's fees **would not be submitted to the jury but instead be taken up by the Court.**

Defendant makes three arguments in opposition to Plaintiff's motion for attorney's fees and costs, at least two of which are predicated on the application of O.C.G.A. § 13-1-11 to the instant matter. However, O.C.G.A. § 13-1-11 does not apply to the instant action. As set forth herein, Georgia law clearly mandates that O.C.G.A. § 13-1-11 applies only in default situations where "an indebtedness is collected by or through an attorney after maturity." O.C.G.A. § 13-1-11(a) (2007); Boddy Enters., Inc. v. Atlanta, 320 S.E.2d 374, 375-76 (Ga. Ct. App. 1984). That scenario is not present in the instant matter. Rather, Defendant (Plaintiff at the time of filing) initiated this action to avoid its obligations under the Master Lease that it executed with Plaintiff, alleging, among other claims, breach of contract, lack of acceptance on the part of Defendant under the U.C.C., misrepresentation, and revocation of the Master Lease by Defendant under the U.C.C. and thereafter OFC filed the counterclaim. Because the instant action is not a default situation where an indebtedness is being collected by or through an attorney after its maturity, O.C.G.A. § 13-1-11 is inapplicable.

Specifically, because the statute is not applicable to this case, Plaintiff was not required to comply with the notice requirements of O.C.G.A. § 13-1-11 and, as such, was under no duty to present evidence regarding such compliance. Similarly, because O.C.G.A. § 13-1-11 is inapplicable, Defendant's attorney's fees are not subject to the caps imposed by that statute.

Finally, Plaintiff was not required to present evidence regarding its fees at trial as part of a substantive claim for damages for three reasons: (1) **the Parties specifically agreed that the prevailing party's attorney's fees would be assessed and calculated in accordance with Local Rule 54.3**; (2) O.C.G.A. § 13-1-11 is not controlling; and (3) Georgia law does not require that evidence regarding attorney's fees be submitted to **the jury at trial**.

**A.     Plaintiff's claim for attorney's fees and costs is not governed by the notice and evidentiary requirements of O.C.G.A. § 13-1-11.**

The underlying dispute in this matter involves a finance lease for equipment and O.C.G.A. § 13-1-11 is not applicable here.  Defendants exaggerate treatment of leases by the Georgia courts in relation to this statute.  Under Georgia law, a lease "**can be evidence of indebtedness within the meaning of O.C.G.A. § 13-1-11.**" Insurance Indus. Consultants v. Essex Invs., 549 S.E.2d 788, 794 (Ga. Ct. App. 2001)(emphasis added)(citing Holmes v. Bogino, 219 467 S.E.2d 197, 198 (1996)).  Thus, although O.C.G.A. § 13-1-11 is applicable to some actions involving leases, it is not applicable to all claims for attorney's fees based on a lease provision. Insurance Indus. Consultants, 249 Ga. App. at 844.

Rather, § 13-1-11 "appl[ies] **only** in default situations where an indebtedness is collected by or through an attorney after maturity…." Boddy Enters., Inc., 320 S.E.2d at 375-76 (emphasis added).  Where the underlying lawsuit involves other claims related to the contract at issue, claims for fees are not automatically governed by the statute and, as such, it is not necessary for the prevailing party to have complied with the statute's notice requirement. See, e.g., Cascade Crossing II, LLC v. Radioshack Corp., 446 F. Supp. 2d 1348, 1349-1350 (N.D. Ga. 2006)(holding that the terms of the lease, not O.C.G.A. § 13-

1-11 and its notice requirement, governed a claim for attorney's fees where the plaintiff sought both the recovery of past due payments and a declaration as to the enforceability of certain provisions of the lease)(*certifying questions to Supreme Court of Georgia,* 2007 U.S. App. LEXIS 5754 (11th Cir. Mar. 13, 2007)); Insurance Indus. Consultants, 549 S.E.2d at 794 (holding that the terms of the lease, not O.C.G.A. § 13-1-11 and its notice requirement, governed a claim for attorney's fees where the Plaintiff sued for the enforcement of the terms of the lease); see also Boddy Enters., Inc., 320 S.E.2d at 375-76 (holding that O.C.G.A. § 13-1-11 and its notice requirement were not necessarily applicable where the award of attorney's fees could have been based on claims other than a claim for defaulted payments).

Here, Defendant instituted the underlying lawsuit seeking declaratory relief, injunctive relief, rescission of the Master Lease, damages resulting from alleged misrepresentations regarding the Master Lease, and damages resulting from alleged breaches of warranty. (See Complaint). Plaintiff then countersued for relief including, but not limited to, payment of past due lease payments. As in Insurance Industries Consultants, Boddy Enterprises, Inc., and Cascade Crossing II, LLC, because the underlying action was not merely a default situation, where an indebtedness is being collected by or through an attorney after its maturity, O.C.G.A. § 13-1-11 is inapplicable here. Plaintiff therefore was not required to provide Defendant with any notice or present evidence of such notice at trial and the cap on fees does not control. See Boddy Enters., Inc., 320 S.E.2d at 376; Cascade Crossing II, LLC v. Radioshack Corp., 446 F. Supp. 2d 1348, 1350 (N.D. Ga. 2006).

Moreover, enforcement of the statutory notice requirement in this particular case does not serve the interest for which the statute was designed. The notice requirement of O.C.G.A. § 13-1-11(a)(3) was designed to apprise a debtor in default of the creditor's intention to bring suit for the full amount due under the instrument, as well as the attorney fees specified therein. Boddy Enters., Inc., 320 S.E.2d at 376. The Boddy Enterprises court noted that the clear legislative intent of the statute, as analyzed by the Supreme Court of Georgia, was "to require the creditor to give the debtor an opportunity to meet his obligation without incurring additional expenses of litigation in the nature of attorney fees." Id. (quoting General Electric Credit Corp. v. Brooks, 249 S.E.2d 596 (Ga. 1978)).

AT Publishing instituted the legal proceedings preemptorily seeking to avoid its obligations under the Master Lease, as well as seeking a full gamut of judicial relief against Plaintiff including claims brought against A.B. Dick it sought to hang on OFC. It is clear the Defendant's intent was to "win the race to the courthouse" fully aware of its obligations under the Master Lease, including the payment of a reasonable attorney's fees and costs. Defendant obviously had no intention of paying the debt and initiated costly legal proceedings to avoid doing so. As such, Defendant was not seeking, nor would it have taken advantage of, "an opportunity to meet [its] obligation without incurring additional expenses of litigation in the nature of attorney fees."

The reason then, Defendant wondered in its brief, that Plaintiff did not address this statute in its Motion for Attorney Fees is that it does not apply to reform the contract, in the form of the Master Lease AT Publishing insisted did not legally exist, but that the jury determined applied to control the obligations of the parties.

**B.**    **Plaintiff was not required to present evidence at trial regarding its fees as a substantive claim for damages.**

Plaintiff did not present evidence of its fees at trial because of the Parties' explicit agreement that fees would be submitted to the Court, not the jury. Additionally, the substantive law of Georgia does not require that evidence of fees be submitted to the jury. Finally, Plaintiff once again mistakenly relies on O.C.G.A. § 13-1-11 in support of its position.

1.    The Parties stipulated that the issue of attorney's fees would not be submitted to the jury but to the court.

The pretrial order (doc 105) requires the parties to agree upon the issues for trial. A number of issues were identified and the parties specifically discussed the matter of introducing bills for attorney fees and costs at trial and agreed to Paragraph 8 of the Joint Statement of the Issues to be Tried which provides:

> The parties accept that local rule 54(3) controls the application for and the award of attorney fees in this case. **For this reason the parties assume that the issue of attorney fees will not be presented to the jury, but taken up by the court.**

(emphasis supplied). Rule 54(d)(2)(D), FRCP, allows the court, by local rule, to "establish special procedures by which issues relating to such fees may be resolved without extensive evidentiary hearings." Local Rule 54.3(a) provides such a procedure where it requires a motion for fees to set forth the amount requested, the authority for the award, and be accompanied by an affidavit supporting the amount requested. See L. Rule 54.3(a)(1)-(3). OFC's motion for attorney's fees and costs complies with each requirement of this Local Rule. Federal Rules of Civil Procedure, Rule 54(d)(2)(A) provides: "Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such

6

fees as an element of damages to be proved at trial." As noted below, the obligation of AT Publishing to pay OFC's attorneys' fees and costs does not only appear in Paragraph 14 regarding default, but is specifically addressed in Paragraph 16.

AT Publishing's attorney likely had a strategy to postpone the presentation of fees and costs until after trial. Having done so and obtained OFC's reliance, AT Publishing is not now allowed to play "gotcha" with the Motion for Fees and Costs submitted pursuant to the Joint Issues for Trial.

Besides the signed Joint Issues to be Tried, AT Publishing's attorney confirmed in open court, during jury deliberations and discussions between the Judge and counsel for the parties regarding a jury question about attorney fees, that the parties had agreed, and expected that no evidence of fees, would be introduced during the trial before the jury, but would be submitted by motion following the entry of a verdict. OFC specifically relied upon this agreement by AT Publishing to proceed as set out in Local Rule 54.3(a).

This discussion arose when the jury presented a specific question to the Court as to if and how to calculate attorney fees and costs. The court was prepared to provide some general instruction, but OFC's attorney objected, stating OFC did not present fees and cost evidence in reliance on the parties' agreement to submit fees and costs by motion to the court pursuant to the Local Rule. AT Publishing's counsel was asked to and did confirm the Parties' agreement at that time. If AT Publishing now wants an evidentiary hearing before the Court, OFC has no objection.

2.    Georgia's substantive law does not require that evidence concerning fees be submitted to the jury.

The court has previously ruled, and it is not disputed Georgia law applies in this diversity case, Georgia law does not require that OFC submit its claim for attorney fees

and costs to the jury for determination.  First, under Georgia law, attorney's fees are

recoverable when authorized by a statute or *by contract*, as in the instant case.  Georgia

Subsequent Injury Trust Fund v. Muscogee Iron Works, 265 Ga. 790, 791 (Ga.

1995)(emphasis added).  Paragraph 16 of the Master Lease reads as follows:

> **Lessor's Expenses.**  Lessee shall reimburse Lessor for all charges, costs,
> expenses and attorneys' fees, incurred by Lessor:  (a) in defending or
> protecting its interests in the Equipment; (b) in the execution, delivery,
> administration, amendment and enforcement of this Lease or the collection
> of any Lease Payment under this Lease; and (c) in any lawsuit or other
> legal proceeding to which this Lease gives rise, including, but not limited
> to, actions in tort.

OFC acknowledges the provision for attorney fees and costs requires same to be

reasonable in the circumstances.

As with most jurisdictions, Georgia courts require that parties prove the value of

their claimed attorney's fees.  But there is no general Georgia substantive requirement

that requires that this evidence be presented at trial to the jury, rather than through post-

judgment applications to the judge.  In fact, Georgia courts regularly hold separate

proceedings on the issue of attorneys' fees after a jury verdict on the merits of the claim

has been returned.  See Discovery Point Franchising v. Miller, 505 S.E.2d 822, 826 (Ga.

Ct. App. 1998).

Here, the jury has awarded damages to Plaintiff based on the contractual

provisions contained in the Master Lease and this award entitles OFC to an award by the

court of its reasonable fees and costs.  In accordance with the expressed agreement of the

parties, Rule 54(d) of the Federal Rules of Civil Procedure, Local Rule 54.3(a) of this

Court, and Georgia law, Plaintiff has submitted bills and receipts for fees and costs and

affidavit testimony from its counsel setting forth the evidence from which its claim for

costs and attorney's fees has been derived and the charges shown to be consistent with

market rates for similar work.  In doing so, Plaintiff has satisfied its requirements for

receiving its award of fees and costs.  AT Publishing did not cite to any substantive law

of Georgia, other than § 13-1-11, which is not applicable, that required OFC to introduce

evidence of its attorney fees and costs for jury determination, in light of the pretrial

agreement and in court affirmation by AT Publishing that attorney fees and costs would

be determined by the Judge.  AT Publishing did not contest the fees and costs submitted

       3.      Defendant again mistakenly relies on O.C.G.A. § 13-1-11.

The cases cited by Defendant in its opposition to the motion do not support the

proposition that all elements of a claim for attorney's fees must be proven at trial.

Instead, both cases cited by Defendant involve situations where the court did not award

attorney's fees based on the prevailing party's failure to present evidence regarding its

compliance with the **notice requirements of O.C.G.A. § 13-1-11**. Nationsbank, N.A.

(South) v. Tucker, 500 S.E.2d 378, 380 (Ga. Ct. App. 1998); Union Commerce Leasing

Corp. v. Beef'N Burgundy, 270 S.E.2d, 700 (Ga. Ct. App. 1980).  Those cases are

distinguishable from the case at hand because they involve merely the note or lease

holder's attempts to collect on the defaulted instrument after maturity.  As Plaintiff has

previously demonstrated, that statute is not applicable in the instant matter because this

case does not involve such a scenario.  As such, Defendant's argument fails to legally

disqualify, challenge, or dispute the Motion for Attorney's Fees and Costs filed by OFC.

**II.**    **CONLCUSION**

Based on the foregoing, Defendant respectfully requests that its motion for

attorney's fees and costs be granted.  More specifically, the motion must be granted

because the Parties explicitly agreed that the attorney's fees issue would be submitted to

the Court. Additionally, because of the nature of the underlying action, O.C.G.A. § 13-1-11 is not applicable to this matter, and the motion for attorney's fees and costs is due to be granted. In the event the Court is not inclined to summarily grant Plaintiff's motion, or wants to allow AT Publishing an evidentiary hearing, Plaintiff respectfully requests that the Court set a hearing in September to permit cross-examination, or enter a final judgment of the jury verdict and attorney fees and costs as submitted.

<div style="margin-left:50%">

s/ Marion F. Walker

Marion F. Walker
Attorney for OFC Capital

</div>

OF COUNSEL:
FORD & HARRISON LLP

<div style="margin-left:50%">

Randall J. Weddle
Alaska Bar No. 7206034
Attorney for OFC Capital

</div>

OF COUNSEL:
HOLMES, WEDDLE & BARCOTT, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that, on the 8th day ofAugust, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael T. Stehle
Law Office of Michael Stehle, PC
737 West 5th Ave., Suite 206
Anchorage, Alaska 99501

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Not Applicable.


s/ Marion F. Walker
Of Counsel

Birmingham:17636.2