Randall J. Weddle, Esq.
HOLMES WEDDLE & BARCOTT, PC
701 W. 8th Avenue, Suite 700
Anchorage, Alaska 99501
Phone:    (907) 274-0666
Fax:      (907) 277-4657

Marion F. Walker
FORD & HARRISON LLP
2100 Third Avenue North, Suite 400
Birmingham, Alabama  35203
Phone:    (205) 244-5916
Fax:      (205) 244-5901

*Attorney for Plaintiff OFC Capital, a subsidiary of Mid-Country Bank, formerly a division of ALFA Financial Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| **OFC CAPITAL, a division of ALFA FINANCIAL CORPORATION,**  )<br>)<br>)<br>    **Plaintiff,**  )<br>)<br>**v.**  )<br>)<br>**A.T. PUBLISHING, INC.**  )<br>)<br>    **Defendant.**  ) | **USDC No. 3:04-cv-0011 (JWS)** |

**OFC CAPTIAL'S RESPONSE TO MOTION AND MEMORANDUM TO STAY EXECUTION PENDING APPEAL, TO ACCEPT CASH IN LIEU OF SUPERSEDEAS BOND, AND TO HEAR THIS MATTER ON AN EXPEDITED BASIS**

NOW COMES OFC CAPITAL, by and through its attorneys of record and

respond to the Motion and Memorandum of AT Publishing as follows:

1.   OFC Capital obtained a judgment from this court, after three years of litigation and more than a week of trial, on June 27, 2007.

2.   AT Publishing timely filed an appeal, but did not seek a stay, nor discuss a stay with counsel for OFC Capital, nor offer OFC Capital any consideration for forestalling execution, nor ask for any "understanding" that execution would not be sought. This court has jurisdiction of this Motion under Federal Rules of Civil Procedure, R. 62(c) subject to the court's discretion. *See Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct 2113 (1987) providing that a district court's discretion under this Rule is broad.

3.   A mediator for the Ninth Circuit Court of Appeals initiated conversations with the parties as a matter of course, but these did not include Ms. Walker, because she was involved in another trial and all discussions have been continued. In any case, mediation is not likely to resolve what has already been resolved at the trial level.

4.   AT Publishing filed the appeal primarily to contest this court's ruling that a right of revocation is not available under a finance lease, which is the well-established law. AT Publishing has not alleged that it is likely to prevail upon the appeal, or that it will suffer irreparable harm if a stay is not granted. *See Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 1991 U.S. App. LEXIS 22318 *6 (6th Cir. 1991); *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct 2113 (1987).

5.   AT Publishing has not posted a bond, but merely alleged that it could put up sufficient cash, so a stay cannot be granted prospectively.

6. The dollar is eroding daily and OFC Capital deals in advancing cash for its livelihood, so that in this case a stay should not be granted after it has been deprived of its funds for more than 4 years, the dollar currency continues to erode and the posting of a bond or cash will not fully compensate for that fall. If the appeal is improbably successful, AT Publishing will have a claim over against OFC Capital and can pursue a return of the money in this court. OFC Capital, by the very nature of its business, has and will continue to suffer the loss of business and capitalization as a result of allowing a stay of the judgment rightly entered.

7. In considering the entitlement to a stay, upon posting bond in this case, OFC Capital urges the court to consider The Rules Enabling Act at 28 U.S.C. 2072 that brought the federal rules of civil procedure into existence with the specific requirement that the rules not abridge, enlarge, or modify any substantive right. *Burlington N. R. Co. v. Woods,* 480 U.S. 1 (1987). OFC Capital contends that the cash represented by the judgment here represents its stock in trade and continual deprivation of same is a daily loss, not just a failure to recover for the money advanced.

8. Assuming *arguendo*, the court determines a stay will be considered upon the posting of a sufficient bond, OFC Capital urges the court to require 125% of the amount of the judgment in order to cover any attorney fees that may be awarded in the district court, or on appeal, the loss of the use of the funds represented by the judgment, and as a surety of recovery after a lengthy delay. Some clerks do not like to hold cash for performance, so if a bond is required, it is due to be underwritten by an insurance

company with a Best® A rating, especially because of the deteriorating condition of the credit markets in the United States.

WHEREFORE, PREMISES CONSIDERED, OFC Capital urges the court to deny a stay under any condition; alternatively, grant a stay only upon the posting of cash in an amount that equals 125% of the judgment, or a bond underwritten by a Best A-rated insurance company.

s/ Marion F. Walker
Marion F. Walker
Attorney for Defendant OFC Capital

OF COUNSEL:
FORD & HARRISON LLP

Randall J. Weddle
Alaska Bar No. 7206034
Attorney for OFC Capital

OF COUNSEL:
HOLMES, WEDDLE & BARCOTT, P.C.

# CERTIFICATE OF SERVICE

I hereby certify that, on the 21st day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Michael T. Stehle
> Law Office of Michael Stehle, PC
> 737 West 5th Ave., Suite 206
> Anchorage, Alaska 99501

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Not Applicable.

s/ Marion F. Walker<br>
Of Counsel

Birmingham:18956.2