Michael T. Stehle
LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. Fifth Ave., Suite 206
Anchorage, Alaska 99501
Phone:  (907) 677-7877
Fax:     (907) 677-7894
Attorneys for Defendant AT Publishing, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| OFC CAPITAL, a division of ALFA FINANCIAL CORPORATION,<br><br>       Plaintiff,<br><br>vs.<br><br>AT PUBLISHING, INC.,<br><br>       Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. A04-0011 CV (JWS)<br>)<br>) |

**AT PUBLISHING, INC.'S REPLY TO OFC CAPITAL'S OPPOSITION TO MOTION TO STAY**

AT Publishing, Inc. moved the Court to stay execution upon the posting of an appropriate cash bond as allowed under Fed R. Civ. P 62(c).  The local rules provide for the deposit of a cash bond into the Court Registry account for the purposes of securing judgments upon the direction of the Court.

OFC Capital opposes AT Publishing's request for a stay arguing that AT Publishing has not shown that it is likely to prevail on appeal, and that the dollar is falling in value with regard to some undisclosed benchmark.  While AT Publishing does not believe it is required to show likelihood of success on appeal where it offers to post an adequate cash bond to secure the judgment pending appeal, it is certainly capable of doing

so. And nothing in the Federal Rules of Procedure or any reported case law provides for the rights of judgment debtors or judgment creditors to be effected by the widely fluctuating currency markets.

OFC Capital correctly asserts that a significant point on appeal is review of the Court's ruling, made at OFC Capital's urging, that a right of revocation is not available under a finance lease. AT Publishing contends that OFC Capital wrongly steered the Court into ruling that a finance lessee has no right of revocation. Section 2A-517(1)(b)&(4)[1] of the UCC grants a finance lessee the substantive statutory right to revocation of acceptance ("A lessee may revoke acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to the lessee if the lessee has accepted it . . . without discovery of the nonconformity [and] the lessee's acceptance was reasonably induced [ ] by the lessor's assurances . . . ."). A finance lessee's excusal from having to pay for nonconforming goods for which acceptance was justifiably revoked, is expressly recognized in section 2A-516 which sets forth the effect of acceptance. Section 2A-516 provides in pertinent part:

> (1) A lessee must pay rent for any goods accepted in accordance with the lease contract, with due allowance for goods rightfully rejected or not delivered.
> (2) A lessee's acceptance of goods precludes rejection of the goods accepted. In the case of a finance lease, *if made with knowledge of a nonconformity*, acceptance may not be revoked because of it.

The comments to section 2A-516 make explicit that revocation of a *finance lease* is permitted if acceptance was made without knowledge of the nonconformity and acceptance was reasonably induced by the lessor's assurances. UCC § 2A-516

---

[1] O.C.G. § 11-2A-517(1)(b)&(4).
**AT PUBLISHING, INC.'S REPLY TO OFC CAPITAL'S OPPOSITION TO MOTION TO STAY**
Case No. A01-0011 CV (JWS)
Page 2 of 4

cmt. 1.

Moreover, the finance lessee's right to reject a finance lease is expressly recognized in the comments to section 2A-407 dealing with the irrevocable nature of finance leases in general. Comment 1 provides: "This section extends the benefits of the classic 'hell or high water' clause to a finance lease that is not a consumer lease. . . . The provisions of this section remain subject to the obligation of good faith (sections 2A-103(4) and 1-203), *and the lessee's revocation of acceptance* (Section 2A-517)." Thus, there should be no question that a lessee has a right to revoke acceptance of a finance lease under certain circumstances and it is highly likely that the Ninth Circuit will agree. Moreover, it is highly likely that the result on retrial will favor AT Publishing if the jury is permitted to consider this important statutory right of revocation.

OFC Capital cites no authority for its novel proposition that fluctuations in the currency market should effect either AT Publishing's right to post a bond, or the amount of that bond. Indeed, OFC Capital does not even reference a benchmark from which to judge our currency's value. If it's the rate of inflation, then the current market is no less favorable than the average over the last 15 or more years. If it's to be measured by some foreign currency, then should it be the Yen, the Canadian Loonie or, perhaps, the Nicaraguan Cordoba? And if the currency market flip flops the other direction, will all judgment debtors receive a credit against their judgments for this difference in value?

AT Publishing requests an order directing the Clerk of Court to accept a cash bond in an amount sufficient to cover the entire principle judgment, all court awarded costs and

past and future post judgment interest for twelve months. AT Publishing recognizes that if the judgment is amended then the amount of the cash bond may need to be revisited. Until that happens, however, AT Publishing should not be required to post a bond to secure some unknown contingent, future event. For all the foregoing reasons AT Publishing respectfully requests the Court grant its motion.

DATED this 23rd day of November, 2007, at Anchorage, Alaska.

s/ Michael T. Stehle
Michael T. Stehle, ABA No. 9106054

**Certificate of Service**

I hereby certify that on November 23, 2007
a true and correct copy of the foregoing was
electronically mailed to the following:

Marion Walker
mfwalker@fordharrison.com, mwilkens@fordharrison.com, dbivins@fordharrison.com.

Randy Weddle
rweddle@hwb-law.com,      bfontaine@hwb-law.com,      jekstrand@hwb-law.com,
kwarne@hwb-law.com.

s/ Michael T. Stehle
Michael T. Stehle