UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA


| | |
|---|---|
| OFC CAPITAL, a division of ) <br> ALFA FINANCIAL CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AT PUBLISING, INC., ) <br> ) <br> Defendant. ) <br> ) | 3:04-cv-0011 JWS <br><br> ORDER FROM CHAMBERS <br><br> [Re:  Motion to Stay Execution at Docket 224] |

After several days of trial, the jury returned a verdict for plaintiff OFC Capital, and judgment was entered thereon in favor of plaintiff against defendant AT Publishing, Inc. in the amount of $418,237.91.  Judgment was entered on June 27, 2007.  Defendant appealed.  The principal issue on appeal is whether this court erred in concluding that under Georgia law (the applicable law in this case) defendant did not have a right of revocation under a finance lease.

Defendant did not file a motion pursuant to Rule 8 of the Fed. R. App. P.  On November 8, 2007, plaintiff applied for a writ of execution.  The writ was issued on November 16, 2007.  On November 19, 2007, defendant filed a motion at docket 224 asking the court to stay execution and seeking a decision on an expedited basis.  The court entered an order requiring an expedited response from plaintiff and providing that the writ should not be executed prior to the court's ruling on the motion.  Recognizing the need to expedite the decision, the order did not request a reply memorandum.

In the motion at docket 224, plaintiff offers to deposit in the court registry cash in the amount of $444,521.19, a sum calculated by adding the taxed costs of $5,317.30 and interest at the rate of 4.95% for 12 months to the principal amount of the judgment. Plaintiff explains that depositing the money will prevent "disrupting of defendant's business transactions by [execution of the writ]." In its response, plaintiff points out that it is in the finance leasing business and having money to lend is essential to its business. Plaintiff also points to the significant and continuing fall in the value of the dollar as a reason why it needs money now. In other words, payment of what is due under the judgment will avoid disrupting plaintiff's business transactions. The court notes that in the application for a writ of execution, plaintiff calculated the amount currently due to be $431.437.61, with interest continuing at the rate of 4.95%. Thus, the amount offered by plaintiff for deposit is reasonable.

The court has considered the parties' briefing. Payment in the amount offered by plaintiff is reasonable and sufficient and will avoid disruption of defendant's business. However, payment into the court registry does not avoid disruption of plaintiff's business. Payment directly to plaintiff will accomplish that objective. In the event (which this court considers unlikely) defendant succeeds on appeal, then it would be entitled to recover the money back from plaintiff.

Based on this court's evaluation of the current circumstances, the motion at docket 224 is **GRANTED in part and DENIED in part** as follows: If defendant pays the sum of $444,521.19 to defendant on or before December 7, 2007, defendant shall be restrained from any execution of the writ previously issued by this court. If defendant fails to pay the sum of $442,521.19 to defendant on or before December 7, 2007, then plaintiff may execute the writ at any time after December 7, 2007.

There remains pending an amended motion by plaintiff seeking to recover $372,031.34 in attorney's fees, plus non-taxable costs of $18,886.90. The court recently asked for additional briefing addressing a new Supreme Court of Georgia decision which may have a significant impact on the motion. The court writes further in anticipation of issues which could arise in the event that the court rules in favor of plaintiff on the motion for attorney's fees and non-taxable costs. If the court rules for

plaintiff, the judgment will be modified by the Clerk to include the amount awarded. Defendant shall have 15 days from the date the modified judgment is entered to file a motion pursuant to Rule 8 of the Fed. R. App. P. for a stay of execution on that part of the judgment comprised of attorney's fees and non-taxable costs.  Plaintiff shall not apply for a writ of execution on this portion of the judgment prior to 15 days from the entry of the amended judgment, and if a Rule 8 motion has been filed, then not prior to this court's ruling on the Rule 8 motion.

DATED at Anchorage, Alaska, this 26th day of November 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE