# Exhibit 1

Michael T. Stehle, Esq.
Jeffrey J. Jarvi, Esq.
LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. Fifth Ave., Suite 206
Anchorage, AK 99501
Phone: (907) 677-7877
Fax:   (907) 677-7894
Attorneys for Defendant-Appellant

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OFC CAPITAL, a division of ALFA Financial Corporation,<br><br>Plaintiff - Appellee,<br><br>vs.<br><br>AT PUBLISHING, INC.,<br><br>Defendant - Appellant. | No. 07-35644<br><br>D.C. No. CV-04-00011-JWS |

**EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 SEEKING A STAY OF EXECUTION UNDER FED. R. APP. P. 8**

DATED this 29 day of November, 2007.

LAW OFFICE OF MICHAEL STEHLE, P.C.
Attorneys for Defendant-Appellant

By: _____
Michael T. Stehle
Alaska Bar No. 9106054

EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 SEEKING A STAY OF EXECUTION UNDER FED. R. APP. P. 8
*OFC Capital v. AT Publishing, Inc.*, Case No. 07-35644
Page 1 of 1

Michael T. Stehle, Esq.
Jeffrey J. Jarvi, Esq.
LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. Fifth Ave., Suite 206
Anchorage, AK 99501
Phone: (907) 677-7877
Fax:   (907) 677-7894
Attorneys for Defendant-Appellant

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OFC CAPITAL, a division of ALFA Financial Corporation,<br><br>Plaintiff - Appellee,<br><br>vs.<br><br>AT PUBLISHING, INC.,<br><br>Defendant - Appellant. | No. 07-35644<br><br>D.C. No. CV-04-00011-JWS |

### CIRCUIT RULE 27-3 CERTIFICATE

The telephone numbers and office addresses of the attorneys for the parties are as follows:

Attorneys for plaintiff/Appellee OFC Capital:

>Jennifer A. Olson
>Ford & Harrison LLP
>350 South Grand Ave., Suite 2300
>Los Angeles, CA 90071
>Telephone: (213) 237 2400
>Facsimile: (213) 237-2401

>Marion F. Walker
>Ford & Harrison LLP
>2100 Third Ave. North, Suite 400

CIRCUIT RULE 27-3 CERTIFICATE
*OFC Capital v. AT Publishing, Inc.*, Case No. 07-35644
Page 1 of 3

LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. 5th Ave., Suite 206
Anchorage, Alaska 99501
Tel: (907) 677-7877 Fax: (907) 677-7894

Birmingham, AL 35203
Telephone: (205) 244-5900
Facsimile: (205) 244-5901

Attorneys for Defendant/Appellant/Movant AT Publishing

Michael Stehle
Jeffrey Jarvi
Law Office of Michael Stehle P.C.
737 West 5th Avenue, Suite 206
Anchorage, Alaska 99501
Telephone: (907) 677-7877
Facsimile: (907) 677-7894

It is necessary to hear this motion as an emergency motion under Circuit Rule 27-3 because the District Court's temporary stay of execution will expire on December 10, 2007 which is less than 21 days from the filing of the motion.

Counsel for the Plaintiff/Appellee have been served with the motion and all accompanying papers by facsimile this same day.

DATED this 29 day of November, 2007.

LAW OFFICE OF MICHAEL STEHLE, P.C.
Attorneys for Defendant-Appellant

By: /s/ Michael T. Stehle
Michael T. Stehle
Alaska Bar No. 9106054

CERTIFICATE OF SERVICE

I hereby certify that on 11/29, 2007 a true and correct copy of the foregoing was served by facsimile on the following:

Jennifer A. Olson
Ford & Harrison LLP
350 South Grand Ave., Suite 2300

CIRCUIT RULE 27-3 CERTIFICATE
*OFC Capital v. AT Publishing, Inc.*, Case No. 07-35644
Page 2 of 3

Los Angeles, CA 90071

Marion F. Walker
Ford & Harrison LLP
2100 Third Ave. North, Suite 400
Birmingham, AL 35203

_____
Certification Signature

CIRCUIT RULE 27-3 CERTIFICATE
*OFC Capital v. AT Publishing, Inc.*, Case No. 07-35644
Page 3 of 3

Michael T. Stehle, Esq.
Jeffrey J. Jarvi, Esq.
LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. Fifth Ave., Suite 206
Anchorage, AK 99501
Phone: (907) 677-7877
Fax:    (907) 677-7894
Attorneys for Defendant-Appellant

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OFC CAPITAL, a division of ALFA Financial Corporation,<br><br>Plaintiff - Appellee,<br><br>vs.<br><br>AT PUBLISHING, INC.,<br><br>Defendant - Appellant. | No. 07-35644<br><br>D.C. No. CV-04-00011-JWS |

### MOTION FOR STAY OF EXECUTION UNDER FED. R. APP. P. 8

Defendant/Appellant AT Publishing moves the court for a stay of execution pending appeal under Fed. R. App. P. 8(a)(2). AT Publishing is prepared to post appropriate security to secure the judgment pending appeal. AT Publishing first moved in the District Court for a stay of execution but the District Court failed to grant the relief requested. A copy of the District Court's Order is attached as Exhibit A. In effect the District Court ordered AT Publishing to pay the judgment in full and, inexplicably, ordered AT Publishing to pay a bonus or windfall to plaintiff/appellee OFC Capital in the form of future, not yet accrued post judgment interest. Obviously if the judgment is paid in full, future post judgment interest would not accrue; the judgment would be satisfied.

MOTION FOR STAY OF EXECUTION UNDER FED. R. APP. P. 8
*OFC Capital v. AT Publishing, Inc.*, Case No. 07-35644
Page 1 of 7

NOV-29-2007 THU 03:11 PM    STEHLE LAW OFFICE    9076777894    P. 07

And yet the District Court has ordered AT Publishing to pay the judgment in full, plus post judgment interest through June 2008. Ironically it characterized its order as having granted AT Publishing's motion in part. Presumably it characterized its order as having granted AT Publishing's motion because it offers to stay execution if AT Publishing pays the full judgment plus the bonus. Of course if the judgment was paid in full (even if the bonus was not paid) there would be nothing to execute upon because the judgment would be satisfied and, thus, a stay would be moot. In other words, the District Court granted none of the relief requested by AT Publishing. Accordingly, AT Publishing moves for a stay of execution in the Circuit Court pursuant to Fed. R. App. P. 8(a)(2).

The underlying action in this matter concerns a lease finance transaction. AT Publishing ordered a sophisticated digitally controlled printing press from A.B. Dick Company. AT Publishing had previously purchased printing presses from A.B. Dick and had financed those transactions through A.B. Dick. In this case, when AT Publishing requested financing, A.B. Dick provided an application to finance through OFC Capital.

Unknown to AT Publishing, A.B. Dick was in financial trouble and had entered into a unique financial arrangement with OFC Capital. A.B. Dick granted OFC Capital a right of first refusal on all of A.B. Dick's lease finance transactions in exchange for which OFC Capital agreed to pre-fund those transactions, providing needed working capital to A.B. Dick. Accordingly, 75% of the purchase price was paid by OFC Capital to A.B. Dick when AT Publishing ordered the press, many months before it was delivered.

When the press was later delivered and installed, one of the first of these presses to be installed in the United States, it never worked properly. A.B. Dick made several more

LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. 5th Ave., Suite 206
Anchorage, Alaska 99501
Tel: (907) 677-7877  Fax: (907) 677-7894

MOTION FOR STAY OF EXECUTION UNDER FED. R. APP. P. 8
*OFC Capital v. AT Publishing, Inc.*, Case No. 07-35644
Page 2 of 7

trips to Alaska in unsuccessful attempts to get the press to work properly. During this time OFC was demanding that AT Publishing begin making lease payments, which it refused to do. The underlying lawsuit ensued. A.B. Dick was a party to the suit. The parties reached a tentative settlement wherein A.B. Dick would take the press back and refund OFC Capital's money, and AT Publishing would reimburse A.B. Dick a *de minimis* amount for shipping. A.B. Dick repossessed the press, but before the settlement was finalized A.B. Dick filed for bankruptcy protection.[1]

The suit between OFC Capital and AT Publishing went forward with OFC Capital alleging that AT Publishing had accepted the press, and that, under the hell or high water clause of the UCC, AT Publishing was irrevocably bound to pay the accelerated lease payments. AT Publishing claimed that it had never accepted the press or alternatively that it properly revoked acceptance. While settling jury instructions the District Court ruled that there is no right of revocation under a finance lease and refused to instruct the jury on that affirmative defense.

The jury returned a verdict in favor of OFC Capital in the amount of $418,237.91. Judgment was entered on June 27, 2007. The clerk later entered taxable costs of $5,317.30. The judgment provides for post judgment interest at the rate of 4.95%. OFC Capital has moved for an award of attorneys fees and non-taxable costs, but the District Court has not yet ruled on that motion.

On November 8, 2007 OFC Capital applied for a writ of execution and, accordingly, AT Publishing moved for a stay of execution pending appeal. As previously

---

[1] A.B. Dick later emerged from bankruptcy free of the claims of AT Publishing, and A.B. Dick and OFC Capital continue to enjoy a close working relationship to this day.

LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. 5th Ave., Suite 206
Anchorage, Alaska 99501
Tel: (907) 677-7877  Fax: (907) 677-7894

stated, the District Court refused to grant the stay despite the fact that AT Publishing had offered to post appropriate security.

One of several issues on appeal is whether the District Court erred by concluding that a finance lessee could not revoke acceptance of nonconforming goods under any circumstances. This issue is one of first impression in Georgia, Alaska and the Ninth Circuit, and appears to be a question of first impression to any court applying Article 2A of the UCC.

While the issue may well be one of first impression in the courts, the language of the statute and the comments thereto state that a finance lessee does have a right of revocation. Section 2A-517(1)(b)&(4) [2] of the UCC grants a finance lessee the substantive statutory right to revocation of acceptance. ("A lessee may revoke acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to the lessee if the lessee has accepted it . . . without discovery of the nonconformity [and] the lessee's acceptance was reasonably induced [ ] by the lessor's assurances . . . .") A finance lessee's excusal from having to pay for nonconforming goods for which acceptance was justifiably revoked is expressly recognized in section 2A-516 which sets forth the effect of acceptance. Section 2A-516 provides in pertinent part:

> (1) A lessee must pay rent for any goods accepted in accordance with the lease contract, with due allowance for goods rightfully rejected or not delivered.
> (2) A lessee's acceptance of goods precludes rejection of the goods accepted. In the case of a finance lease, if made *with knowledge* of a nonconformity, acceptance may not be revoked because of it.

The comments to section 2A-516 make explicit that revocation of a finance lease

is permitted if acceptance was made *without knowledge* of the nonconformity and acceptance was reasonably induced by the lessor's assurances. UCC § 2A-516 cmt. 1.

Moreover, the finance lessee's right to revoke acceptance under a finance lease is expressly recognized in the comments to section 2A-407 dealing with the irrevocable nature of finance leases in general. Comment 1 provides: "This section extends the benefits of the classic 'hell or high water' clause to a finance lease that is not a consumer lease. . . . The provisions of this section remain subject to the obligation of good faith (sections 2A-103(4) and 1-203), and the lessee's revocation of acceptance (Section 2A-517)." Thus, while the courts have yet to rule on the issue, under the language of the statute there should be no question that a lessee has a right to revoke acceptance of a finance lease under certain circumstances. Moreover, it is highly likely that the result on retrial will favor AT Publishing if the jury is permitted to consider this important statutory right of revocation.

The purpose of a stay pending appeal is to preserve the status quo during the appeal. *Vacation Village, Inc. v. Clark County, Nev.*, 497 F.3d 902, 914 (9th Cir. 2007); *N.L.R.B. v. Sav-on Drugs, Inc.*, 704 F.2d 1147, 1149 (9th Cir. 1983). Fed. R. App. P. 8 provides that a stay generally requires the movant to post a *supersedeas* bond or other adequate security. This security assures the judgment creditor that funds sufficient to collect the judgment are readily available if the judgment is affirmed on appeal. Federally imposed post judgment interest compensates the judgment creditor for loss of use of the money.

---

[2] O.C.G. § 11-2A-517(1)(b)&(4).

MOTION FOR STAY OF EXECUTION UNDER FED. R. APP. P. 8
*OFC Capital v. AT Publishing, Inc.*, Case No. 07-35644
Page 5 of 7

The stay also preserves the status quo for the judgment debtor. It ensures that it can easily obtain its money back if the judgment is reversed on appeal. To say that AT Publishing could get the money back from OFC Capital if the judgment is reversed on appeal is meaningless if OFC files for bankruptcy, a harsh fact that AT Publishing learned only all too clearly with A.B. Dick.

AT Publishing is prepared to post an adequate *supersedeas* bond to secure the judgment and post judgment interest pending appeal. Alternatively, it is prepared to post cash sufficient to cover the judgment and post judgment interest. And it recognizes that if the judgment is amended that the amount of the bond may also need to be amended. Granting a stay with the posting of appropriate security preserves the status quo and is fair to both parties. For all the foregoing reasons, AT Publishing respectfully requests the Court grant its motion to stay execution pending appeal.

DATED this 29 day of November, 2007.

LAW OFFICE OF MICHAEL STEHLE, P.C.
Attorneys for Defendant-Appellant

By: _____
Michael T. Stehle
Alaska Bar No. 9106054

CERTIFICATE OF SERVICE

I hereby certify that on 11/29, 2007 a true and correct copy of the foregoing was served by facsimile on the following:

**MOTION FOR STAY OF EXECUTION UNDER FED. R. APP. P. 8**
*OFC Capital v. AT Publishing, Inc.*, Case No. 07-35644
Page 6 of 7

Jennifer A. Olson
Ford & Harrison LLP
350 South Grand Ave., Suite 2300
Los Angeles, CA 90071

Marion F. Walker
Ford & Harrison LLP
2100 Third Ave. North, Suite 400
Birmingham, AL 35203

_____
Certification Signature

LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. 5th Ave., Suite 206
Anchorage, Alaska 99501
Tel: (907) 677-7977  Fax: (907) 677-7894

MOTION FOR STAY OF EXECUTION UNDER FED. R. APP. P. 8
*OFC Capital v. AT Publishing, Inc.*, Case No. 07-35644
Page 7 of 7

Case 3:04-cv-00011-JWS   Document 232-2   Filed 11/30/2007   Page 13 of 15
NOV-29-2007 THU 03:15 PM   STEHLE LAW OFFICE   9076777894   P. 13

Case 3:04-cv-00011-JWS   Document 231   Filed 11/27/2007   Page 1 of 3

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| OFC CAPITAL, a division of ALFA FINANCIAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>AT PUBLISHING, INC.,<br><br>Defendant. | 3:04-cv-00011 JWS<br><br>ORDER FROM CHAMBERS<br><br>[Re: Motion to Stay Execution at Docket 224] |

**The order at docket 229 is VACATED due to inadvertent errors. This corrected order replaces it.**

After several days of trial, the jury returned a verdict for plaintiff OFC Capital, and judgment was entered thereon in favor of plaintiff against defendant AT Publishing, Inc. in the amount of $418,237.91. Judgment was entered on June 27, 2007. Defendant appealed. The principal issue on appeal is whether this court erred in concluding that under Georgia law (the applicable law in this case) defendant did not have a right of revocation under a finance lease.

Defendant did not file a motion pursuant to Rule 8 of the Fed. R. App. P. On November 8, 2007, plaintiff applied for a writ of execution. The writ was issued on November 16, 2007. On November 19, 2007, defendant filed a motion at docket 224 asking the court to stay execution pending appeal and seeking a decision on an expedited basis. The court entered an order requiring an expedited response from

EXHIBIT A
PAGE 1 OF 3

plaintiff and providing that the writ should not be executed prior to the court's ruling on the motion. A response was filed at docket 227, and a reply was filed at docket 228.

In the motion at docket 224, defendant offers to deposit in the court registry cash in the amount of $444,521.19, a sum calculated by adding the taxed costs of $5,317.30 and interest at the rate of 4.95% for 12 months to the principal amount of the judgment. Defendant explains that depositing the money will prevent plaintiff from "disrupting defendant's business transactions by [execution of the writ]." In its response, plaintiff points out that it is in the finance leasing business and having money to lend is essential to its business. Plaintiff also points to the significant and continuing fall in the value of the dollar as a reason why it needs money now. In other words, payment of what is due under the judgment will avoid disrupting plaintiff's business transactions. The court notes that in the application for a writ of execution, plaintiff calculated the amount currently due to be $431,437.61, with interest continuing at the rate of 4.95%. Thus, the amount offered by defendant for deposit is reasonable.

The court has considered the parties' briefing. Payment in the amount offered by defendant is reasonable and sufficient and will avoid disruption of defendant's business. However, payment into the court registry does not avoid disruption of plaintiff's business. Payment directly to plaintiff will accomplish that objective. In the event (which this court considers unlikely) defendant succeeds on appeal, then it would be entitled to recover the money back from plaintiff.

Based on this court's evaluation of the current circumstances, the motion at docket 224 is **GRANTED in part and DENIED in part** as follows: If defendant pays the sum of $444,521.19 to plaintiff on or before December 10, 2007, plaintiff shall be restrained from any execution of the writ previously issued by this court. If defendant fails to pay the sum of $444,521.19 to plaintiff on or before December 10, 2007, then plaintiff may execute the writ at any time after December 10, 2007.

There remains pending an amended motion by plaintiff seeking to recover $372,031.34 in attorney's fees, plus non-taxable costs of $18,886.90. The court recently asked for additional briefing addressing a new Supreme Court of Georgia decision which may have a significant impact on the motion. The court writes further in

Case 3:04-cv-00011-JWS   Document 232-2   Filed 11/30/2007   Page 15 of 15
NOV-29-2007 THU 03:16 PM   STEHLE LAW OFFICE   9076777894   P. 15

Case 3:04-cv-00011-JWS   Document 231   Filed 11/27/2007   Page 3 of 3

anticipation of issues which could arise in the event that the court rules in favor of plaintiff on the motion for attorney's fees and non-taxable costs. If the court rules for plaintiff on its motion for attorney's fees, the judgment will be modified by the Clerk to include the amount awarded. Defendant shall have 15 days from the date the modified judgment is entered to file a motion pursuant to Rule 8 of the Fed. R. App. P. for a stay of execution on that part of the judgment comprised of attorney's fees and non-taxable costs. Plaintiff shall not apply for a writ of execution on this portion of the judgment prior to 15 days from the entry of the amended judgment, and if a Rule 8 motion has been filed, then not prior to this court's ruling on the Rule 8 motion.

DATED at Anchorage, Alaska, this 27th day of November 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

-3-