Michael T. Stehle
LAW OFFICE OF MICHAEL STEHLE, P.C.
737 W. Fifth Ave., Suite 206
Anchorage, Alaska 99501
Phone:  (907) 677-7877
Fax:      (907) 677-7894
Attorneys for Defendant AT Publishing, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| OFC CAPITAL, a division of ALFA FINANCIAL CORPORATION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AT PUBLISHING, INC.,<br><br>　　　　Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A04-0011 CV (JWS) |

**RESPONSE TO COURT ORDER AT DOCKET 226 REGARDING
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Defendant files this response to the Court's Order of November 21, 2007 at docket 226.  That Order requests the parties to address the impact of the Georgia Supreme Court's decision in *Radioshack Corp. v. Cascade Crossing II, LLC*, 2007 WL 3129954 (Ga. Oct. 29, 2007), on the issue of attorney's fees.  Because that decision makes clear that OCGA § 13-1-11 applies in this case, and OFC Capital admittedly did not comply with that statute, OFC Capital is not entitled to any award of attorney's fees or non-taxable costs.

In *Radioshack*, the Georgia Supreme Court held that the term "evidence of indebtedness," as used in OCGA § 13-1-11, refers to "any printed or written instrument,

signed or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money." 2007 WL 3129954, at *5. The Georgia high court held that the statute must be broadly construed, and that commercial lease agreements come within this broad standard. *Id.* at *4-*5. And this broad standard encompasses the finance lease at issue in this case. Indeed, Georgia courts have previously held that OCGA § 13-1-11 applies to finance leases. *Union Commerce Leasing Corp. v. Beef 'N Burgundy, Inc.*, 270 S.E.2d 696, 700 (Ga. App. 1980) (applying statute to attorney's fees clause in lease agreement for equipment, and directing verdict against plaintiff on attorney's fees).

The Georgia Supreme Court also clarified that OCGA § 13-1-11 applies even if other issues are being litigated in the case, such as a party seeking a "declaration of contractual rights," and the case is not strictly limited to the collection of a debt. *Radioshack,* 2007 WL 3129954, at *5. The statute applies where a party collects on a debt. *Id*. And in the case at bar, the plaintiff here – OFC Capital – sought nothing other than to collect alleged debts under its lease. While AT Publishing may have been litigating other issues with A.B. Dick, the issues were mooted by A.B. Dick's bankruptcy.

Moreover, the sole basis upon which OFC Capital requested fees was its lease. OFC Capital has not identified any other statute, law, or basis for an award of attorney fees other than its lease. Because the lease falls within the purview of OCGA § 13-1-11, any award of attorney fees is governed and constrained by that statute.

"[T]he purpose of OCGA § 13-1-11 is to prevent a contractual provision for attorney's fees from constituting a penalty for failure to pay an indebtedness."

*Radioshack,* 2007 WL 3129954, at *4. It does so by limiting or circumscribing altogether

a plaintiff's right to recover attorney's fees. If a plaintiff limits its contractual provision for attorney's fees to a specified percentage of the debt recovered, it is entitled to recover up to 15% of the debt as fees. OCGA § 13-1-11(a)(1). On the other hand, if it attempts to insert a broader provision to recover full reasonable fees, it is further circumscribed and is limited to recovering only 15% of the first $500.00 and only 10% of the remaining debt. OCGA § 13-1-11(a)(2). Finally, if the plaintiff fails to plead and prove that it complied with a strict notice provision, it is not entitled to recover any fees. OCGA § 13-1-11(a)(3).

Section 13-1-11(a)(3) provides that, after maturity or acceleration of a debt, the plaintiff must give the defendant notice that it "has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees." Georgia courts strictly enforce this notice requirement against plaintiffs seeking attorney's fees. The notice required by this section cannot be waived. *Miller v. Jackson,* 175 S.E. 409, 411 (Ga. App. 1934); *Miller v. Roberts,* 71 S.E. 927, 929 (Ga. App. 1911). And where the plaintiff fails to give proper notice, recovery of attorney's fees is unauthorized. *Walton v. Johnson,* 97 S.E.2d 310, 313 (Ga. 1957). The burden is on the plaintiff seeking attorney's fees to prove notice as an element of its claim for attorney's fees. *Walton,* 97 S.E.2d at 312; *Tucker,* 500 S.E.2d at 380.

The burden on the plaintiff with respect to the notice requirement is substantial. It must both allege compliance with the notice provision in its complaint and, if receipt of proper notice is denied, it must prove proper notice to the fact-finder at trial. Attorney's fees "are not collectible unless it be <u>alleged and proved</u> that after maturity the holder of the note <u>notified the person sought to be bound thereon that he had ten days from the receipt of</u>

such notice to pay the principal and interest without attorney's fees." *Walton*, 97 S.E.2d at 313 (emphasis added). "Before attorney's fees can be recovered on a [contract of indebtedness], it must be alleged in the [complaint] that the statutory notice to claim attorney's fees has been given to the maker. . . , and such allegation, if denied, must be proved on the trial." *Jones v. Lawman*, 194 S.E. 416, 422 (Ga. App. 1937) (emphasis added). As previously discussed in Defendant's Opposition to Plaintiff's Motion For Attorney's fees, Georgia courts grant judgment as a matter of law in favor of defendants on attorney's fee claims when plaintiffs fail to present evidence that notice of the ten-day period was given to debtors. *See, e.g., Nationsbank, N.A. (South) v. Tucker*, 500 S.E.2d 378, 380 (Ga. App. 1998) (granting directed verdict on attorney's fees because plaintiff did not present evidence of required notice of ten-day period at trial); *Union Commerce Leasing Corp. v. Beef 'N Burgundy, Inc.*, 270 S.E.2d 696, 700 (Ga. App. 1980) (same).

In the case at bar, OFC Capital admits that it did not comply with the notice provision. Perhaps it made that strategic decision because it did not think its lease was an evidence of indebtedness as that term is used in OCGA § 13-1-11. It was wrong as a matter of law, however. It is accordingly not entitled to any award of fees.

Finally, even if OFC Capital could somehow argue that OCGA § 13-1-11 does not govern, its request for fees still fails because it presented no evidence of fees at trial. If OFC Capital's request for fees were not governed by Georgia statute, it would be governed by substantive contract law. Federal Civil Rule 54(d)(2)(A) expressly provides that:

> Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

Because OFC Capital submitted no evidence of fees as a part of its substantive contract claim, it is not entitled to fees. *See, e.g., Boddy Enterprises, Inc. v. City of Atlanta*, 171 320 S.E.2d 374, 376 (Ga. Ct. App. 1984) (Because no evidence was introduced as to what a reasonable fee might be, no recovery could be awarded).[1]

For all of the foregoing reasons, AT Publishing respectfully requests the Court deny OFC Capital's request for attorney's fees and non-taxable costs.

DATED this 11th day of December, 2007, at Anchorage, Alaska.

s/ Michael T. Stehle
Michael T. Stehle, ABA No. 9106054

**Certificate of Service**

I hereby certify that on December 11, 2007
a true and correct copy of the foregoing was
electronically mailed to the following:

Marion Walker
mfwalker@fordharrison.com, mwilkens@fordharrison.com, dbivins@fordharrison.com.

Randy Weddle
rweddle@hwb-law.com,    bfontaine@hwb-law.com,    jekstrand@hwb-law.com,
kwarne@hwb-law.com.

s/ Michael T. Stehle
Michael T. Stehle

---

[1] In its original motion seeking fees, OFC argued that AT Publishing had agreed to somehow alter the procedure for an award of fees. This is not true. AT Publishing rightfully believed that any award for fees would be governed by statute. In particular, by OCGA § 13-1-11. In fact, counsel for AT Publishing expressly mentioned that a Georgia statute governed any award of fees when the question was raised by the jury. And AT Publishing expressly stated that it was not waiving any rights it has under that statute.