UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

OFC CAPITAL, a division of          )
ALFA FINANCIAL CORPORATION,         )          Case No. 3:04-cv-00011-JWS
                                    )
            Plaintiff,              )
                                    )          ORDER AND OPINION
      vs.                           )
                                    )          [Re:   Motion at docket 198 and
AT PUBLISHING, INC.,                )                 220]
                                    )
            Defendant.              )
_____)

## I.  MOTION PRESENTED

At dockets 198 and 220, plaintiff OFC Capital ("OFC") moves for an award of

attorneys' fees.  Defendant AT Publishing, Inc. ("ATP") opposes the motion.  The motion

has been fully briefed.  But, after submitting their original arguments on the matter, the

Georgia Supreme Court issued an order which addressed the issue of the applicability of

Georgia law to attorneys' fees in situations involving leases,[1] appearing to reach a different

---

[1] *See Radioshack, Corp. v. Cascade Crossing II, LLC*, __ S.E.2d __ 2007 WL 3129954
(Ga. Oct. 29, 2007)  (The Eleventh Circuit Court of Appeals certified the question of "[w]hether
OCGA § 13-1-11 applies to and limits the award of attorneys' fees and costs in this particular
case – where the landlord under a commercial lease agreement filed suit against a tenant
seeking the collection of past due rent as well as a declaration of other contractual rights of the
parties – and, therefore, precludes an award of full attorneys' fees and costs as provided in the
lease agreement," to the Georgia Supreme Court.); *Cascade Crossing II v. RadioShack Corp.*,
480 F.3d 1228, 1232 (11th Cir. 2007).

result than did the United States District Court, in a case cited by OFC.[2]  The parties were, therefore, requested to address that case, and they have done so.

Oral argument was not requested and would not assist the court.

## II.  DISCUSSION

This case was tried to a jury which returned a verdict for plaintiff.  Judgment has been entered awarding plaintiff damages in the amount of $418,273.91.  The parties' dispute is subject to a leasing contract, the "Master Lease," which includes provisions purporting to require the equipment lessee, ATP, to pay the finance lessor, OFC, reasonable attorneys' fees and costs connected with litigation arising under the lease.[3] Plaintiff seeks to recover a total of $372,031.34 in attorneys' fees and $18,886.90 in costs.[4] Costs taxable by statute have already been awarded to plaintiff in the amount of $5,317.30.[5]

ATP claims that Georgia law governs the award of attorneys' fees, and that under Georgia law, OFC cannot recover attorneys' fees at all, because it failed to prove the attorneys' fees component of its damages claim at trial.  Furthermore, ATC claims that if

---

[2]  *See* Docket No. 215 at 3, citing *Cascade Crossing II, LLC v. Radioshack Corp.*, 446 F.Supp.2d 1348, 1349-50 (N.D. Ga. 2006).

[3]  Paragraph 16 of the Master Lease provides: "Lessee shall reimburse Lessor for all charges, costs, expenses and attorneys' fees, incurred by Lessor: (a) in defending or protecting its interests in the Equipment; (b) in the execution, delivery, administration, amendment and enforcement of this Lease or the collection of any Lease Payment under this Lease; and © in any lawsuit or other legal proceeding to which this Lease gives rise, including, but not limited to, actions in tort."  Docket No. 18, Exhibit B, page 7.

[4]  *See* Docket No. 220.

[5]  *See* Docket No. 213.

attorneys' fees are allowed at all under Georgia law, they are limited to 10% of the amount of the judgment.[6]

The parties' joint statement of issues, however, provides that "the parties accept that local rule 54(3) controls the application for and award of attorney fees in this case [and that f]or this reason the parties assume that the issue of attorney fees will not be presented to the jury, but taken up by the court."[7]  Local Rule 54(3) provides as follows:

> (a) A motion for attorney's fees under Rule 54(d)(2) of the Federal Rules of Civil Procedure, must
>
> (1) state the amount requested;
> (2) set forth the authority for the award, whether Rule 82, Alaska Rules of Civil Procedure, a federal statute, contractual provision, or other grounds entitling the moving party to the award; and
> (3) be accompanied by an affidavit that provides--
> [A] total number of hours worked and billing rate for each lawyer and paraprofessional,
> [B] the amount charged to the client, if any, and
> [C] has attached as exhibits bills sent or other detailed itemization as may be appropriate.

The joint statement of issues shows the parties' intent that attorneys' fees would be determined by the Court after trial as provided in the Local and Federal Rules.  Georgia law is nowhere mentioned in that joint statement.

Moreover, the Court agrees with the plaintiff that, even in light of the *Radioshack* case, Georgia Code § 13-1-11 does not apply to this case. That section was designed to put a debtor on notice, when the indebtedness "is collected by or through an attorney <u>after maturity</u>,"[8] that the creditor intends to collect on the full amount, plus attorneys' fees.  The

---

[6]  *See* Docket No. 210; *see also* Georgia Statutes § 13-1-11(a)(2) & (3); *Radioshack*, 2007 WL 3129954, supra.

[7]  Docket No. 117 at 3.

[8]  OCGA § 13-1-11(a)(3) (emphasis added).

statute, "as analyzed by the Supreme Court, 'is clearly intended to require the creditor to give the debtor an opportunity to meet his obligation without incurring additional expenses of litigation in the nature of attorney fees.'"[9]  This is clearly not the case here, where the now-defendant, A.T. Publishing, initially brought the action, creating the need for attorneys' fees to begin with, and the now-plaintiff counterclaimed.  This statute was intended to apply only in default situations where "an indebtedness is collected by or through an attorney after maturity."[10]  And in Georgia, "[o]f course the parties may always contractually agree to terms which are not illegal, immoral, or against public policy,"[11] as was done in this case.

The defendant's reading of the *Radioshack* case is simplistic, and does not take into consideration the facts of the present case.  As pointed out by OFC, the Court in *Radioshack* cited in support of its decision, *Demere v. Germania Bank*, 42 S.E. 488 (Ga. 1902).  In *Demere*, the Court explains that the purpose of the law (enacted in 1891), was "to relieve the debtor from the payment of attorneys fees except when he litigated with the creditor and resisted the suit on grounds which were not in any part upheld, – except where a 'plea [was] filed by the defendant and not sustained.'"[12]

Primarily, the Georgia Supreme Court's holding in *Radioshack* "encompasses commercial leases as well as residential and other non-commercial leases.  Nothing in the

---

[9]  *Boddy Enterprises, Inc. v. City of Atlanta*, 320 S.E.2d 374, 375 (Ga.App. 1984) (citations omitted).

[10]  *Id.*

[11]  *Id.* at 376.

[12]  *Demere*, 42 S.E. at 489.

language of OCGA 13-1-1 limits its benefits to non-commercial debtors."[13]  However, this is not the case of an "ordinary business debtor" having "unequal bargaining power and a need for the protections of OCGA § 13-1-11."[14]  Instead, OFC simply requests that it receive the "benefit of its bargain" with the defendant.[15]

Further, the Georgia Court of Appeals held, in *Insurance Industry Consultants, Inc. v. Essex Inv., Inc.*, 549 S.E.2d 788 (Ga.App. 2001),[16] that "although OCGA § 13-1-11 is applicable to some actions involving leases, it is not applicable to all claims for attorney fees based on a lease provision."[17]  In this case, the Court instead followed the "plain terms of the lease [which] authorizes the award of attorneys fees, expenses, and costs."[18]  Likewise, this Court will follow the plain terms of the parties' agreements.[19]

Last, the issue of notice is a red herring, since  A.T. Publishing initiated this lawsuit, and has been aware, since the filing of the counterclaim, that OFC sought attorneys' fees under the lease agreement.

---

[13]  *Radioshack* at *5.

[14]  *Id.*

[15]  Docket No. 239 at 8.  Unlike the parties in *Radioshack*, where the lessee acknowledged the validity of the lease, and continued to make payments, here, "A.T. Publishing sued OFC Capital to declare there was no enforceable lease, and OFC Capital counterclaimed that there was indeed an enforceable lease and demanded the benefit of its bargain.  *Id.*

[16]  Cited with approval by the Court in *Radioshack*.

[17]  *Insurance Industry Consultants*, 549 S.E.2d at 794, citing *Boddy*, *supra*.

[18]  *Id.*

[19]  The Court looks to both the Master Lease Agreement, and the Joint Statement of Issues, at which point the defendant could have expressed its current position, but instead agreed that "local rule 54(3) controls the application for an award of attorney fees in this case [and that f]or this reason the parties assume that the issue of attorney fees will not be presented to the jury, but taken up by the court."  Docket No. 117 at 3 (joint statement of issues).

### III. CONCLUSION

Because the Court agrees with the plaintiff that reasonable attorneys' fees are due, and the defendant does not dispute the accuracy or reasonableness of the amount of attorneys' fees incurred, but argues only that such fees are not allowed at all, or are limited to 10% of the judgment,[20] the Court finds that the plaintiff's well-documented motion for attorneys' fees is reasonable.

Therefore, the plaintiff's motion for attorneys' fees, at docket numbers 198 and 220, is hereby GRANTED.

DATED this 20th day of December, 2007,  at Anchorage, Alaska.

/s/JOHN W. SEDWICK
United States District Judge

---

[20] *See* Docket No. 210.